**THE AGUILERA LAW GROUP**
A. Eric Aguilera (SBN 192390)
Kari M. Myron (SBN 158592)
650 Town Center Drive
Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
kmyron@aguileragroup.com

Attorneys for Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation;<br><br>Plaintiff,<br><br>v.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; FINANCIAL PACIFIC INSURANCE COMPANY, a California corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UNION FIRE INSRUANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation; FIRST SPECIALTY INSURANCE CORPORATION, a Missouri corporation; IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona | Case No.<br><br>**COMPLAINT OF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA FOR:**<br><br>**(1)   DECLARATORY RELIEF;**<br><br>**(2)   EQUITABLE CONTRIBUTION; AND**<br><br>**JURY DEMAND** |

1  corporation; AMERICAN SAFETY
INDEMNITY COMPANY, an Oklahoma
2  corporation; LEXINGTON INSURANCE
COMPANY, a Delaware corporation;
3  PROBUILDERS SPECIALTY INSURANCE
COMPANY, RRG, a Washington, D.C.
4  corporation; SECURITY AMERICA RISK
RETENTION GROUP, a Vermont corporation;
5  ILLINOIS UNION INSURANCE COMPANY,
an Illinois corporation; ZURICH NORTH
6  AMERICAN INSURANCE COMPANY, a
New York corporation; LIBERTY MUTUAL
7  INSURANCE COMPANY, a Massachusetts
corporation; NORTHERN INSURANCE
8  COMPANY OF NEW YORK, a New York
corporation; CHARTIS SPECIALTY
9  INSURANCE COMPANY fka AMERICAN
INTERNATIONAL SPECIALITY LINES
10  INSURANCE COMPANY, an Illinois
corporation; NAVIGATORS INSURANCE
11  COMPANY, a New York corporation; TRUCK
INSURANCE EXCHANGE, a California
12  corporation; CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, a Kentucky corporation;
13  PRAETORIAN INSURANCE COMPANY, a
Pennsylvania; and DOES 1 through 10
14  inclusive.

15                  Defendants.

16

17     Comes now Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

18  ("Plaintiff" or "Travelers") and pleads the following allegations on information and belief in support

19  of its Complaint herein:

20         1.     The present action seeks a judicial declaration and equitable contribution concerning

21  the rights and obligations as amongst insurance carriers and their insureds with regard to defense

22  fees and costs incurred and being incurred in the action currently pending in the Superior Court of

23  the State of California in and for the County of Madera entitled Ray, et al. v. Beazer Homes, et al.,

24  case number MCV057176 (the "Underlying Action").

25                           **JURISDICTION**

26         2.     Travelers is now, and at all relevant times was, a corporation, existing under the laws

27  of the State of Connecticut, with its principal place of business in Hartford, Connecticut.  Travelers

28  is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State

                                         2

1    of California.

2        3.      Plaintiff is informed and believes and thereon alleges that Defendant EVEREST

3    INDEMNITY INSURANCE COMPANY ("Everest") is a corporation organized and existing under

4    the laws of the State of Delaware with its principal place of business in New Jersey.  Plaintiff is

5    further informed and believes and thereon alleges that Everest is, and at all times relevant was, an

6    insurance carrier eligible to do business as an insurer in the State of California.

7        4.      Plaintiff is informed and believes and thereon alleges that Defendant SECURITY

8    AMERICA RISK RETENTION GROUP ("Security America") is a corporation organized and

9    existing under the laws of the State of Vermont with its principal place of business in Vermont.

10   Plaintiff is further informed and believes and thereon alleges that Security America is, and at all

11   times relevant was, an insurance carrier eligible to do business as an insurer in the State of

12   California.

13       5.      Plaintiff   is   informed   and   believes   and   thereon   alleges   that   Defendant

14   PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG ("Probuilders") is a corporation

15   organized and existing under the laws of the District of Columbia with its principal place of

16   business in Georgia.  Plaintiff is further informed and believes and thereon alleges that Probuilders

17   is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State

18   of California.

19       6.      Plaintiff is informed and believes and thereon alleges that Defendant AMERICAN

20   SAFETY INDEMNITY COMPANY ("American Safety") is a corporation organized and existing

21   under the laws of the State of Oklahoma with its principal place of business in Georgia.  Plaintiff is

22   further informed and believes and thereon alleges that American Safety is, and at all times relevant

23   was, an insurance carrier eligible to do business as an insurer in the State of California.

24       7.      Plaintiff is informed and believes and thereon alleges that Defendant CHARTIS

25   SPECIALTY INSURANCE COMPANY fka AMERICAN INTERNATIONAL SPECIALTY

26   LINES INSURANCE COMPANY ("AISLIC") is a corporation organized and existing under the

27   laws of the State of Illinois with its principal place of business in New York.  Plaintiff is further

28   informed and believes and thereon alleges that AISLIC is, and at all times relevant was, an

3

1  insurance carrier eligible to do business as an insurer in the State of California.

2      8.      Plaintiff is informed and believes and thereon alleges that Defendant OLD

3  REPUBLIC INSURANCE COMPANY ("Old Republic") is a corporation organized and existing

4  under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

5  Plaintiff is further informed and believes and thereon alleges that Old Republic is, and at all times

6  relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

7      9.      Plaintiff is informed and believes and thereon alleges that Defendant INTERSTATE

8  FIRE & CASUALTY COMPANY ("Interstate") is a corporation organized and existing under the

9  laws of the State of Illinois with its principal place of business in Illinois.   Plaintiff is further

10  informed and believes and thereon alleges that Interstate is, and at all times relevant was, an

11  insurance carrier eligible to do business as an insurer in the State of California.

12      10.      Plaintiff is informed and believes and thereon alleges that Defendant FINANCIAL

13  PACIFIC INSURANCE COMPANY ("Financial Pacific") is a corporation organized and existing

14  under the laws of the State of California with its principal place of business in California.  Plaintiff

15  is further informed and believes and thereon alleges that Financial Pacific is, and at all times

16  relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

17      11.      Plaintiff is informed and believes and thereon alleges that Defendant ARCH

18  SPECIALTY INSURANCE COMPANY ("Arch") is a corporation organized and existing under the

19  laws of the State of Nebraska with its principal place of business in New York.  Plaintiff is further

20  informed and believes and thereon alleges that Arch is, and at all times relevant was, an insurance

21  carrier eligible to do business as an insurer in the State of California.

22      12.      Plaintiff is informed and believes and thereon alleges that Defendant NAVIGATORS

23  SPECIALITY INSURANCE COMPANY ("Navigators") is a corporation organized and existing

24  under the laws of the State of New York with its principal place of business in New York.  Plaintiff

25  is further informed and believes and thereon alleges that Navigators is, and at all times relevant was,

26  an insurance carrier eligible to do business as an insurer in the State of California.

27      13.      Plaintiff is informed and believes and thereon alleges that Defendant CLARENDON

28  NATIONAL INSURANCE COMPANY ("Clarendon") is a corporation organized and existing

4

1   under the laws of the State of New Jersey with its principal place of business in New York. Plaintiff

2   is further informed and believes and thereon alleges that Clarendon is, and at all times relevant was,

3   an insurance carrier eligible to do business as an insurer in the State of California.

4       14.    Plaintiff is informed and believes and thereon alleges that Defendant ACE

5   AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY ("Ace

6   American") is a corporation organized and existing under the laws of the State of Pennsylvania with

7   its principal place of business in Pennsylvania. Plaintiff is further informed and believes and

8   thereon alleges that Ace American is, and at all times relevant was, an insurance carrier eligible to

9   do business as an insurer in the State of California.

10       15.    Plaintiff is informed and believes and thereon alleges that Defendant ALLIED

11   INSRUANCE COMPANY ("Allied") (now known as ACE AMERICAN INSURANCE

12   COMPANY) was a corporation organized and existing under the laws of the State of Pennsylvania

13   with its principal place of business n Pennsylvania. Plaintiff is further informed and believes and

14   thereon alleges that Allied was, and at all relevant times was, an insurance carrier eligible to do

15   business as an insurer to do business as an insurer in the State of California.

16       16.    Plaintiff is informed and believes and thereon alleges that Defendant NATIONAL

17   UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") is a

18   corporation organized and existing under the laws of the State of Pennsylvania with its principal

19   place of business in New York. Plaintiff is further informed and believes and thereon alleges that

20   National Union is, and at all times relevant was, an insurance carrier eligible to do business as an

21   insurer in the State of California.

22       17.    Plaintiff is informed and believes and thereon alleges that Defendant ASPEN

23   SPECIALITY INSURANCE COMPANY ("Aspen") is a corporation organized and existing under

24   the laws of the State of North Dakota with its principal place of business in Oklahoma. Plaintiff is

25   further informed and believes and thereon alleges that Aspen is, and at all times relevant was, an

26   insurance carrier eligible to do business as an insurer in the State of California.

27       18.    Plaintiff is informed and believes and thereon alleges that Defendant FIRST

28   SPECIALTY INSURANCE COMPANY ("First Specialty") is a corporation organized and existing

1  under the laws of the State of Missouri with its principal place of business in Kansas. Plaintiff is

2  further informed and believes and thereon alleges that First Specialty is, and at all times relevant

3  was, an insurance carrier eligible to do business as an insurer in the State of California.

4        19.    Plaintiff is informed and believes and thereon alleges that Defendant IRONSHORE

5  SPECIALTY INSURANCE COMPANY ("Ironshore") is a corporation organized and existing

6  under the laws of the State of Arizona with its principal place of business in Massachusetts.

7  Plaintiff is further informed and believes and thereon alleges that Ironshore is, and at all times

8  relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

9        20.    Plaintiff is informed and believes and thereon alleges that Defendant LEXINGTON

10  INSURANCE COMPANY ("Lexington") is a corporation organized and existing under the laws of

11  the State of Delaware with its principal place of business in Massachusetts. Plaintiff is further

12  informed and believes and thereon alleges that Lexington is, and at all times relevant was, an

13  insurance carrier eligible to do business as an insurer in the State of California.

14        21.    Plaintiff is informed and believes and thereon alleges that Defendant SPECIALTY

15  AMERICA RISK RETENTION GROUP ("Specialty America") is a corporation organized and

16  existing under the laws of the State of Vermont with its principal place of business in Vermont.

17  Plaintiff is further informed and believes and thereon alleges that Specialty America is, and at all

18  times relevant was, an insurance carrier eligible to do business as an insurer in the State of

19  California.

20        22.    Plaintiff is informed and believes and thereon alleges that Defendant ILLINOIS

21  UNION INSURANCE COMPANY ("Illinois Union") is a corporation organized and existing under

22  the laws of the State of Illinois with its principal place of business in Illinois. Plaintiff is further

23  informed and believes and thereon alleges that Illinois Union is, and at all times relevant was, an

24  insurance carrier eligible to do business as an insurer in the State of California.

25        23.    Plaintiff is informed and believes and thereon alleges that Defendant ZURICH

26  NORTH AMERICAN INSURANCE COMPANY ("Zurich") is a corporation organized and

27  existing under the laws of the State of New York with its principal place of business in Illinois.

28  Plaintiff is further informed and believes and thereon alleges that Zurich is, and at all times relevant

6

1   was, an insurance carrier eligible to do business as an insurer in the State of California.

2      24.   Plaintiff is informed and believes and thereon alleges that Defendant LIBERTY

3   MUTUAL INSURANCE COMPANY ("Liberty Mutual") is a corporation organized and existing

4   under the laws of the State of Massachusetts with its principal place of business in Massachusetts.

5   Plaintiff is further informed and believes and thereon alleges that Liberty Mutual is, and at all times

6   relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

7      25.   Plaintiff is informed and believes and thereon alleges that Defendant NORTHERN

8   INSURANCE COMPANY OF NEW YORK ("Northern Insurance") is a corporation organized and

9   existing under the laws of the State of New York with its principal place of business in Illinois.

10   Plaintiff is further informed and believes and thereon alleges that Northern Insurance is, and at all

11   times relevant was, an insurance carrier eligible to do business as an insurer in the State of

12   California.

13      26.   Plaintiff is informed and believes and thereon alleges that Defendant NAVIGATORS

14   INSURANCE COMPANY ("NIC") is a corporation organized and existing under the laws of the

15   State of New York with its principal place of business in New York.  Plaintiff is further informed

16   and believes and thereon alleges that NIC is, and at all times relevant was, an insurance carrier

17   eligible to do business as an insurer in the State of California.

18      27.   Plaintiff is informed and believes and thereon alleges that Defendant TRUCK

19   INSURANCE EXCHANGE ("Truck") is a corporation organized and existing under the laws of the

20   State of California with its principal place of business in California.  Plaintiff is further informed

21   and believes and thereon alleges that Truck is, and at all times relevant was, an insurance carrier

22   eligible to do business as an insurer in the State of California.

23      28.   Plaintiff is informed and believes and thereon alleges that Defendant CERTAIN

24   UNDERWRITERS AT LLOYD'S, LONDON ("Certain Underwriters") is a corporation organized

25   and existing under the laws of the State of Kentucky with its principal place of business in New

26   Jersey.  Plaintiff is further informed and believes and thereon alleges that Certain Underwriters is,

27   and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of

28   California.

29.     Plaintiff is informed and believes and thereon alleges that Defendant PRAETORIAN SPECIALTY INSURANCE COMPANY ("Praetorian") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in New York. Plaintiff is further informed and believes and thereon alleges that Praetorian is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

30.     Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE defendants.    Plaintiff will amend this Complaint to reflect the true names when the same are ascertained.   Plaintiff is informed and believes and thereon alleges that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

31.     The amount in controversy exceeds $75,000, and represents fees and costs sought in connection with the defense and indemnification of the parties' mutual insured with regard to the Underlying Action.

32.     This Court has diversity jurisdiction as Plaintiff is domiciled in Connecticut and the Defendants are domiciled in Delaware, New Jersey, Pennsylvania, Illinois, California, Nebraska, New York, North Dakota, Oklahoma, Missouri, Kansas, Arizona, Massachusetts, Georgia, Washington, D.C., Vermont and Kentucky.

## VENUE

33.     Plaintiff is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California.   The Underlying Action is pending in this judicial district.  Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

### A.     The Insurance Policies

34.     Plaintiff issued commercial general liability insurance policies numbered I-680-2136C886-TIL (effective 11/20/06 to 11/20/07, 11/20/07 to 11/20/08, 11/20/08 to 11/20/09 and

8

11/20/09 to 11/20/10) (the "Travelers Policies") under which Marble Palace, Inc. ("Marble Palace") was the named insured.

35.   Plaintiff is informed and believes and thereon alleges that Everest issued the following commercial general liability insurance policies under which Advanced Insulation, Inc. was a named insured:  policy number 5800000205-051, effective 4/15/05 to 4/15/06; and, policy number 5800000205-071, effective 4/15/07 to 4/15/08 (collectively referred to as the "Everest Advanced Insulation Policies").  Plaintiff is informed and believes that Beazer Homes Holdings Corp. ("Beazer Homes") is named as an additional insured on the Everest Advanced Insulation Policies.

36.   Plaintiff is informed and believes and thereon alleges that Old Republic issued commercial general liability insurance policy number MWZY55525, effective 6/30/06 to 6/30/07, under which Advanced Insulation, Inc. was a named insured (referred to as the "Old Republic Advanced Insulation Policy").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Old Republic Advanced Insulation Policy.

37.   Plaintiff is informed and believes and thereon alleges that Interstate issued commercial general liability insurance policy number CLP6266935, effective 3/21/05 to 3/21/06, under which Baku Corporation dba Alder Creek Millwork was a named insured (referred to as the "Interstate Baku Policy").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Interstate Baku Policy.

38.   Plaintiff is informed and believes and thereon alleges that Financial Pacific issued the following commercial general liability insurance policies under which All Metal Fence was a named insured:  policy number 165996C, effective 7/21/04 to 7/21/05; policy number 165996D, effective 7/21/05 to 7/21/06; and, policy number 165996E, effective 7/21/06 to 7/21/07 (collectively referred to as the "Financial Pacific All Metal Fence Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Financial Pacific All Metal Fence Policies.

39.   Plaintiff is informed and believes and thereon alleges that Arch issued the following commercial general liability insurance policies under which B.F. Glass, Inc. dba Fresno Shower Door & Mirror was a named insured:  policy number GAP0002431-00, effective 10/22/03 to

1   10/22/04; policy number GAP0002431-01, effective 10/22/04 to 10/22/05; and, policy number

2   72DPC1441200, effective 10/22/05 to 10/22/06 (collectively referred to as the "Arch B.F. Glass

3   Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured

4   on the Arch Fresno B.F. Glass Policies.

5        40.    Plaintiff is informed and believes and thereon alleges that Financial Pacific issued

6   commercial general liability insurance policy number 178312A-D, effective 10/22/08 to 10/22/12,

7   under which B.F. Glass, Inc. dba Fresno Shower Door & Mirror was a named insured (referred to as

8   the "Financial Pacific B.F. Glass Policy").  Plaintiff is informed and believes that Beazer Homes is

9   named as an additional insured on the Financial Pacific B.F. Glass Policy.

10        41.    Plaintiff is informed and believes and thereon alleges that Navigators issued the

11   following commercial general liability insurance policies under which B.F. Glass, Inc. dba Fresno

12   Shower Door & Mirror was a named insured:  policy number SF06CGL0054700, effective 10/22/06

13   to 10/22/07; and, SF06CGL0054700-01, effective 10/22/07 to 10/22/08 (collectively referred to as

14   the "Navigators B.F. Glass Policies").   Plaintiff is informed and believes that Beazer Homes is

15   named as an additional insured on the Navigators B.F. Glass Policies.

16        42.    Plaintiff is informed and believes and thereon alleges that Arch issued the following

17   commercial general liability insurance policies under which Beutler Corporation was a named

18   insured:  policy number RGP000542500, effective 4/01/05 to 4/01/06; policy number

19   RGP000542501, effective 4/01/06 to 4/01/07; and, policy number RGP000542502, effective

20   4/01/07 to 4/01/08 (collectively referred to as the "Arch Beutler Policies").  Plaintiff is informed and

21   believes that Beazer Homes is named as an additional insured on the Arch Beutler Policies.

22        43.    Plaintiff is informed and believes and thereon alleges that Clarendon issued

23   commercial general liability insurance policy number CA A00100538, effective 5/17/06 to 5/17/07,

24   under which Beutler Corporation was a named insured (referred to as the "Clarendon Beutler

25   Policy").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on

26   the Clarendon Beutler Policy.

27        44.    Plaintiff is informed and believes and thereon alleges that ACE American issued the

28   following commercial general liability insurance policies under which Building Materials Holding

10

1   Corporation was a named insured: policy number HDOG18072889, 11/11/05 to 11/11/06; policy

2   number XSL621702250A, effective 11/11/06 to 11/11/07; and, policy number XSL62373560A,

3   effective 11/11/07 to 11/11/08 (collectively referred to as the "ACE American Building Materials

4   Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured

5   on the ACE American Building Materials Policies.

6       45.    Plaintiff is informed and believes and thereon alleges that Allied (now known at

7   ACE) issued commercial general liability insurance policy number ACP7812500173, effective

8   1/09/08 to 1/09/09, under which MCML Enterprises, Inc. dba D&W Installations was a named

9   insured (referred to as the "Allied MCML Enterprises Policy").  Plaintiff is informed and believes

10  that Beazer Homes is named as an additional insured on the Allied MCML Enterprises Policy.

11      46.    Plaintiff is informed and believes and thereon alleges that National Union issued

12  commercial general liability insurance policy number GL5548769, effective 11/11/04 to 11/11/05,

13  under which Building Materials Holding Corporation was a named insured (referred to as the

14  "National Union Building Materials Policy").  Plaintiff is informed and believes that Beazer Homes

15  is named as an additional insured on the National Union Building Materials Policy.

16      47.    Plaintiff is informed and believes and thereon alleges that Everest issued the

17  following commercial general liability insurance policies under which California Mantel, Inc. was a

18  named insured: policy number 5800000195-051, effective 4/01/05 to 4/01/06; and, policy number

19  5800000195-061, effective 4/01/06 to 4/01/07 (collectively referred to as the "Everest California

20  Mantel Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional

21  insured on the Everest California Mantel Policies.

22      48.    Plaintiff is informed and believes and thereon alleges that Aspen issued commercial

23  general liability insurance policy number CRA6K2V10, effective 3/07/10 to 3/07/11 under which

24  Capital City Drywall, Inc. was a named insured (referred to as the "Aspen Capital City Policy").

25  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Aspen

26  Capital City Policy.

27      49.    Plaintiff is informed and believes and thereon alleges that Financial Pacific issued the

28  following commercial general liability insurance policies under which Capital City Drywall, Inc.

1  was a named insured: policy number IRG53205, effective 3/07/05 to 03/07/06; policy number

2  FGL400006334700, effective 3/07/06 to 03/07/07; policy number IRG53205-02, effective 3/07/07

3  to 03/07/08; and, policy number IRG53205-03, effective 3/07/08 to 03/07/09 (collectively referred

4  to as the "Financial Pacific Capital City Policies"). Plaintiff is informed and believes that Beazer

5  Homes is named as an additional insured on the Financial Pacific Capital City Policies.

6     50.   Plaintiff is informed and believes and thereon alleges that Ironshore issued

7  commercial general liability insurance policy number 012LA0902001, effective 3/07/09 to 3/07/10,

8  under which Capital City Drywall, Inc. was a named insured (referred to as the "Ironshore Capital

9  City Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional

10  insured on the Ironshore Capital City Policy.

11     51.   Plaintiff is informed and believes and thereon alleges that American Safety issued the

12  following commercial general liability insurance policies under which Cedar Valley Concrete was a

13  named insured: policy number ESL0012600504, effective 5/06/05 to 7/31/06; policy number

14  ESL0012600605, effective 7/31/06 to 7/31/07; and, policy number ESL0012600706, effective

15  5/06/07 to 7/31/08 (collectively referred to as the "American Safety Cedar Valley Policies").

16  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the

17  American Safety Cedar Valley Policies.

18     52.   Plaintiff is informed and believes and thereon alleges that Interstate issued

19  commercial general liability insurance policy number CLP6266944, effective 2/24/05 to 2/01/06,

20  under which Ed's Fence, Inc. was a named insured (referred to as the "Interstate Ed's Fence

21  Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on

22  the Interstate Ed's Fence Policy.

23     53.   Plaintiff is informed and believes and thereon alleges that Clarendon issued

24  commercial general liability insurance policy number A001000753, effective 2/01/06 to 2/01/07,

25  under which Ed's Fence, Inc. was a named insured (referred to as the "Clarendon Ed's Fence

26  Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on

27  the Clarendon Ed's Fence Policy.

28

Case No.:
COMPLAINT

54.    Plaintiff is informed and believes and thereon alleges that Lexington issued commercial general liability insurance policy number 7352863, effective 2/01/07 to 2/01/08, under which Ed's Fence, Inc. was a named insured (referred to as the "Lexington Ed's Fence Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Lexington Ed's Fence Policy.

55.    Plaintiff is informed and believes and thereon alleges that Probuilders issued commercial general liability insurance policy number COM5006104, effective 9/09/05 to 9/09/06, under which Expert Masonry was a named insured (referred to as the "Probuilders Expert Masonry Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Probuilders Expert Masonry Policy.

56.    Plaintiff is informed and believes and thereon alleges that Security America issued commercial general liability insurance policy number 003430506, effective 8/13/05 to 8/13/06, under which Fresno Alarm was a named insured (referred to as the "Security America Fresno Alarm Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Security American Fresno Alarm Policy.

57.    Plaintiff is informed and believes and thereon alleges that Lexington issued commercial general liability insurance policy number 1144537, effective 5/27/05 to 5/27/06, under which Friant Masonry was a named insured (referred to as the "Lexington Friant Masonry Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Lexington Friant Masonry Policy.

58.    Plaintiff is informed and believes and thereon alleges that Everest issued commercial general liability insurance policy number 5800000390-61, effective 5/27/06 to 5/27/07, under which Friant Masonry was a named insured (referred to as the "Everest Friant Masonry Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Everest Friant Masonry Policy.

59.    Plaintiff is informed and believes and thereon alleges that Financial Pacific issued the following commercial general liability insurance policies under which Friant Masonry was a named insured: policy number 158360A, B, C and D, effective 5/27/99 to 5/27/04; and policy number

1   175405A, B, C, D and E, effective 5/27/07 to the present (collectively referred to as the "Financial

2   Pacific Friant Masonry Policies"). Plaintiff is informed and believes that Beazer Homes is named as

3   an additional insured on the Financial Pacific Friant Masonry Policies.

4       60.    Plaintiff is informed and believes and thereon alleges that Arch issued commercial

5   general liability insurance policy number 39CGL02562-00, effective 11/09/05 to 11/09/06, under

6   which General Construction Works, Inc. was a named insured (referred to as the "Arch General

7   Construction Policy"). Plaintiff is informed and believes that Beazer Homes is named as an

8   additional insured on the Arch General Construction Policy.

9       61.    Plaintiff is informed and believes and thereon alleges that National Union issued the

10   following commercial general liability insurance policies under which Giacalone Electrical

11   Services, Inc. was a named insured: policy number 1140017, effective 11/21/00 to 3/16/01; policy

12   number 7065847, effective 5/01/05 to 5/01/06; and, policy number 1778921, effective 5/01/06 to

13   5/01/07 (collectively referred to as the "National Union Giacalone Policies"). Plaintiff is informed

14   and believes that Beazer Homes is named as an additional insured on the National Union Policies.

15       62.    Plaintiff is informed and believes and thereon alleges that First Specialty issued

16   commercial general liability insurance policy number IRG620491, effective 4/07/05 to 4/07/06,

17   under which Halabi, Inc. dba Duracite et al. was a named insured (referred to as the "First Specialty

18   Duracite Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional

19   insured on the First Specialty Duracite Policy.

20       63.    Plaintiff is informed and believes and thereon alleges that Illinois Union issued

21   commercial general liability insurance policy number PMDG2385675A, effective 4/07/07 to

22   4/07/08, under which Halabi, Inc. dba Duracite et al. was a named insured (referred to as the

23   "Illinois Union Duracite Policy"). Plaintiff is informed and believes that Beazer Homes is named as

24   an additional insured on the Illinois Union Duracite Policy.

25       64.    Plaintiff is informed and believes and thereon alleges that Lexington issued the

26   following commercial general liability insurance policies under which J.R. Pierce Plumbing Co.,

27   Inc. of Sacramento was a named insured: policy number 0453367, effective 6/25/04 to 6/25/05;

28   policy number 1417760, effective 6/24/05 to 6/24/06; policy number 1069226, effective 6/24/06 to

1  6/24/07; and, policy number 7354302, effective 6/24/07 to 6/25/08 (collectively referred to as the

2  "Lexington J.R. Pierce Policies").  Plaintiff is informed and believes that Beazer Homes is named as

3  an additional insured on the Lexington J.R. Pierce Policies.

4        65.    Plaintiff is informed and believes and thereon alleges that Lexington issued

5  commercial general liability insurance policy number 3628015, effective 5/14/09 to 5/14/10, under

6  which Carriveau-Spencer Family Trust dba James & Company Lighting was a named insured

7  (referred to as the "Lexington Carriveau-Spencer Policy").  Plaintiff is informed and believes that

8  Beazer Homes is named as an additional insured on the Lexington Carrieveau-Spencer Policy.

9        66.    Plaintiff is informed and believes and thereon alleges that Probuilders issued the

10  following commercial general liability insurance policies under which J.W. Diversified dba John

11  White Services was a named insured: policy number PRSIC83741304, effective 3/19/06 to 3/19/07;

12  and, policy number WHI5008980, effective 3/19/07 to 3/19/08 (collectively referred to as the

13  "Probuilders J.W. Diversified Policies").  Plaintiff is informed and believes that Beazer Homes is

14  named as an additional insured on the Probuilders J.W. Diversified Policies.

15        67.    Plaintiff is informed and believes and thereon alleges that Probuilders issued

16  commercial general liability insurance policy number COM5006621, effective 10/09/05 to

17  10/09/06, under which Lone Star Painting dba Jose Figueroa was a named insured (referred to as the

18  "Probuilders Lone Star Policy").  Plaintiff is informed and believes that Beazer Homes is named as

19  an additional insured on the Probuilders Lone Star Policy.

20        68.    Plaintiff is informed and believes and thereon alleges that Zurich issued commercial

21  general liability insurance policy number WUG005952, effective 4/26/04 to 10/14/05, under which

22  Lone Star Painting dba Jose Figueroa was a named insured (referred to as the "Zurich Lone Star

23  Policy").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on

24  the Zurich Lone Star Policy.

25        69.    Plaintiff is informed and believes and thereon alleges that Lexington issued the

26  following commercial general liability insurance policies under which Madera Custom Tile &

27  Granite, Inc. was a named insured: policy number 1144041, effective 12/18/04 to 12/18/05; policy

28  number 8761600, effective 12/18/05 to 12/18/06; and, policy number 7507396, effective 12/18/07

to 12/18/08 (collectively referred to as the "Lexington Madera Custom Tile Policies"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Lexington Madera Custom Tile Policies.

70.     Plaintiff is informed and believes and thereon alleges that Ironshore issued commercial general liability insurance policy number 00VNE0805001, effective 12/08/08 to 12/18/09, under which Madera Custom Tile & Granite, Inc. was a named insured (referred to as the "Ironshore Madera Custom Tile Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Ironshore Madera Custom Tile Policy.

71.     Plaintiff is informed and believes and thereon alleges that Lexington issued commercial general liability insurance policy number 4142745, effective 12/21/05 to 12/21/06, under which Madera Roofing, Inc. was a named insured (referred to as the "Lexington Madera Roofing Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Lexington Madera Roofing Policy.

72.     Plaintiff is informed and believes and thereon alleges that Everest issued the following commercial general liability insurance policies under which MCML Enterprises, Inc. dba D&W Installations was a named insured: policy number 5800000337061, effective 1/09/06 to 1/09/07; policy number 5800000337071, effective 1/09/07 to 1/09/08; and, policy number 5800000337081, effective 1/09/08 to 1/09/09 (collectively referred to as the "Everest MCML Enterprises Policies"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the MCML Enterprises Policies.

73.     Plaintiff is informed and believes and thereon alleges that Arch issued commercial general liability insurance policy number 39CGL02571-00, effective 11/18/05 to 11/18/06, under which Metropolitan Interior Designs, Inc. was a named insured (referred to as the "Arch Metropolitan Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Arch Metropolitan Policy.

74.     Plaintiff is informed and believes and thereon alleges that Everest issued commercial general liability insurance policy number 500000434-061, effective 11/18/06 to 11/18/07, under which Metropolitan Interior Designs, Inc. was a named insured (referred to as the "Everest

16

1   Metropolitan Policy").   Plaintiff is informed and believes that Beazer Homes is named as an
2   additional insured on the Everest Metropolitan Policy.

3          75.     Plaintiff is informed and believes and thereon alleges that Lexington issued the
4   following commercial general liability insurance policies under which McClure Door, Inc. dba
5   Central Valley Overhead Door was a named insured: policy number 114447, effective 5/01/05 to
6   5/01/06; policy number 876202, effective 5/01/06 to 5/01/07; and, policy number 4967446,
7   effective 5/01/06 to 5/01/07 (collectively referred to as the "Lexington McClure Door Policies").
8   Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the
9   Lexington McClure Door Policies.

10         76.     Plaintiff is informed and believes and thereon alleges that Probuilders issued the
11  following commercial general liability insurance policies under which Mountain Connection was a
12  named insured: policy number CON5004771, effective 6/16/05 to 12/13/05; and, policy number
13  CON5007491, effective 12/13/05 to 12/13/06 (collectively referred to as the "Probuilders Mountain
14  Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured
15  on the Probuilders Mountain Policies.

16         77      Plaintiff is informed and believes and thereon alleges that Liberty Mutual issued the
17  following commercial general liability insurance policies under which Pacific Coast Supply, LLC
18  dba Anderson Truss was a named insured: policy number EB1661064561044, effective 9/29/04 to
19  9/29/05; policy number EB1661064561045, effective 9/29/05 to 9/29/06; and, policy number
20  EB1661064561046, effective 9/29/06 to 9/29/07  (collectively referred to as the "Liberty Mutual
21  Pacific Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional
22  insured on the Liberty Mutual Pacific Policies.

23         78.     Plaintiff is informed and believes and thereon alleges that Northern Insurance issued
24  commercial general liability insurance policy number SCP000534794, effective 2/01/05 to 2/01/06,
25  under which Pavletich Electric, Inc. (referred to as the "Northern Insurance Pavletich Policy").
26  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the
27  Northern Insurance Pavletich Policy.

28

79. Plaintiff is informed and believes and thereon alleges that Arch issued the following commercial general liability insurance policies under which Pavletich Electric, Inc. was a named insured: policy number GAP001296300, effective 2/01/06 to 2/01/07; policy number GAP001296301, effective 2/01/07 to 2/01/08 (collectively referred to as the "Arch Pavletich Policies"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Arch Pavletich Policies.

80. Plaintiff is informed and believes and thereon alleges that Aspen issued the following commercial general liability insurance policies under which Pavletich Electric, Inc. was a named insured: policy number CRA6J1810, effective 2/01/10 to 10/01/10; and, policy number CRA6J1811, effective 10/01/10 to 10/01/11 (collectively referred to as the "Aspen Pavletich Policies"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Aspen Pavletich Policies.

81. Plaintiff is informed and believes and thereon alleges that AISLIC issued commercial general liability insurance policy number 1558156, effective 10/01/05 to 10/01/06 under which Peninsula Floors, Inc. dba JPS Surface Solutions, Inc. (referred to as the "AISLIC Peninsula Floors Policy"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the AISLIC Peninsula Floor Policy.

82. Plaintiff is informed and believes and thereon alleges that National Union issued the following commercial general liability insurance policies under which Peninsula Floors, Inc. dba JPS Surface Solutions, Inc. was a named insured: policy numbers GL161-71-76, GL161-71-77, GL179-15-68 and GL179-15-68, effective 10/01/06 to 10/01/07 and 10/01/07 to 10/01/08 (collectively referred to as the "National Union Peninsula Floors Policies"). Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the National Union Peninsula Floor Policies.

83. Plaintiff is informed and believes and thereon alleges that Zurich issued the following commercial general liability insurance policies under which Petersen-Dean, Inc. was a named insured: policy numbers GLO925954300, GLO399213702, GLO399213703 and GLO399213704, effective 5/01/05 to 5/01/06, 5/01/06 to 5/01/07 and 5/01/07 to 5/01/08

1   (collectively referred to as the "Zurich Petersen-Dean Policies").  Plaintiff is informed and believes

2   that Beazer Homes is named as an additional insured on the Zurich Petersen-Dean Policies.

3       84.    Plaintiff is informed and believes and thereon alleges that Old Republic issued the

4   following commercial general liability insurance policies under which Sacramento Building Projects

5   was a named insured: policy number MWZY55525; and, policy number MWZY5552507, effective

6   6/30/07 to 6/3/08 (collectively referred to as the "Old Republic Sacramento Policies").  Plaintiff is

7   informed and believes that Beazer Homes is named as an additional insured on the Old Republic

8   Sacramento Policies.

9       85.    Plaintiff is informed and believes and thereon alleges that Lexington issued

10  commercial general liability insurance policy number 8761515, effective 11/21/05 to 11/21/06,

11  under which San Joaquin Stairs, Inc. is a named insured (referred to as the "Lexington San Joaquin

12  Policy").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on

13  the Lexington San Joaquin Policy.

14      86.    Plaintiff is informed and believes and thereon alleges that NIC Insurance issued the

15  following commercial general liability insurance policies under which San Joaquin Stairs, Inc. was a

16  named insured: policy number OC06CGL00599700, effective 11/21/06 to 11/21/07; policy number

17  OC06CGL00599701, effective 11/21/07 to 11/21/08; policy number OC06CGL00599702, effective

18  11/21/08 to 11/21/09; and, policy number OC06CGL00599703, effective 11/21/09 to 11/21/10

19  (collectively referred to as the "NIC Insurance San Joaquin Policies").  Plaintiff is informed and

20  believes that Beazer Homes is named as an additional insured on the NIC Insurance San Joaquin

21  Policies.

22      87.    Plaintiff is informed and believes and thereon alleges that ACE American issued the

23  following commercial general liability insurance policies under which SelectBuild Construction,

24  Inc. dba SelectBuild was a named insured: policy number HDOG18072889, effective 11/11/05 to

25  11/11/06; policy number XSLG2170250A, effective 11/11/06 to 11/11/07; and, policy number

26  XSLG2373560A, effective 11/11/07 to 11/11/08 (collectively referred to as the "ACE American

27  SelectBuild Policies").  Plaintiff is informed and believes that Beazer Homes is named as an

28  additional insured on the SelectBuild Policies.

88.     Plaintiff is informed and believes and thereon alleges that Underwriters issued the following commercial general liability insurance policies under which Stucco Works, Inc. was a named insured: policy number LSO0171-02, effective 6/27/05 to 6/27/06; policy number LSO0171-03, effective 6/27/06 to 6/27/07; and, policy number LSO0171-04, effective 6/27/07 to 6/27/08 (collectively referred to as the "Underwriters Stucco Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Underwriters Stucco Policies.

89.     Plaintiff is informed and believes and thereon alleges that Everest issued the following commercial general liability insurance policies under which Talons Landscape Development, Inc. was a named insured: policy numbers 1700004004-031, 1700004004-041, 1700004004-051, 1700004004-061 and 1700004004-071, effective 6/12/03 to 6/12/04, 6/12/04 to 6/12/05 and 6/12/05 to 6/12/06 (collectively referred to as the "Everest Talons Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Everest Talon Policies.

90.     Plaintiff is informed and believes and thereon alleges that Northern Insurance issued the following commercial general liability insurance policies under which Teeters Electric, Inc. was a named insured: policy number CFP88271664, effective 5/17/96 to 5/17/05; and, policy number SCP000534794, effective 2/01/05 to 2/01/05 (collectively referred to as the "Northern Insurance Teeters Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Northern Insurance Teeters Policies.

91.     Plaintiff is informed and believes and thereon alleges that Clarendon issued commercial general liability insurance policy number CA A00100538, effective 5/17/05 to 5/17/06 and 5/17/06 to 5/17/07 under which Teeters Electric, Inc. is a named insured (referred to as the "Clarendon Teeters Policy").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Clarendon Teeters Policy.

92.     Plaintiff is informed and believes and thereon alleges that Praetorian issued commercial general liability insurance policy number S200000050, effective 5/17/07 to 5/17/08, under which Teeters Electric, Inc. is a named insured (referred to as the "Praetorian Teeters

20

Policy").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the Praetorian Teeters Policy.

93.     Plaintiff is informed and believes and thereon alleges that AISLIC issued the following commercial general liability insurance policies under which Western Shower Door, Inc. dba Peninsula Shower Door was a named insured: policy numbers EG7567775, 9332869, 9333457, 1558157, 1791568, 1791569 and 2013991, effective 10/01/03 to 10/01/04, 10/01/04 to 10/01/05, 10/01/05 to 10/01/06, 10/01/06 to 10/01/07, 10/01/05 to 6/30/07 and 6/30/07 to 6/30/09 (collectively referred to as the "AISLIC Western Shower Policies").  Plaintiff is informed and believes that Beazer Homes is named as an additional insured on the AISLIC Western Shower Policies.

94.     Plaintiff is informed and believes and thereon alleges that each of the policies issued by the Defendants identified herein fictitiously as DOES 1 to 10 names or designates Beazer as an insured thereon, whether as a named insured or an additional insured.

95.     Defendants are each in possession of their respective policies of insurance and know the terms and contents thereof, to an equal or greater extent than Plaintiff.  However, on information and belief, Plaintiff alleges that each of the Defendants' policies provide an insuring agreement and that each of the Defendants' policies are written on standard forms which provide, in part, an agreement to defend any insured from and against suits seeking damages covered under the insurance policy.

96.     Plaintiff is informed and believes that by reason of the Defendants' declarations and/or additional insured endorsements, Beazer is an insured on Defendants' policies for purposes of the insuring agreement(s) therein.

**B.     The Underlying Action**

97.     On or about November 11, 2011, 65 homeowners residing in the Montevino and Mirabella communities located in Madera, California filed a first amended complaint against Beazer Homes and Beazer Homes Holding Corp. entitled Ray, et al. v. Beazer Homes, et al., Madera County Superior Court case number MCV057176 (the "Underlying Action").  Beazer Homes and Beazer Homes Holding Corp. were the developers of the Montevino and Mirabella projects.

98.     The 65 plaintiff homeowners are alleging various construction defects related to their homes, including the work performed by Travelers' named insured, Marble Palace.  Marble Palace supplied and installed marble and Corian® countertops.  Marble Palace, Inc. only worked, however, on the Montevino project and not on the Mirabella Project.  Of the 65 homes, 35 are in the Montevino project.

99.     On January 3, 2012, Beazer Homes and Beazer Homes Holding Corp. ("Beazer Homes") tendered their defense of the Underlying Action to Travelers as an additional insured under the Travelers Policies.  On May 15, 2012, Travelers accepted Beazer Homes' tender for a defense of the Underlying Action under a full reservation of rights under the Travelers Policies in effect from 11/20/05 to 11/20/06 and 11/20/07 to 11/20/08 only.

100.    Plaintiff is informed and believes and thereon alleges that Beazer Homes also tendered their defense and indemnity with regard to the Underlying Action to Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, Aspen, First Specialty, Ironshore, American Safety, Lexington, Probuilders, Security America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters and Praetorian and Does 1 through 10 as additional insureds under their respective policies of insurance.  Plaintiff is informed and believes and thereon alleges that Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, Aspen, First Specialty, Ironshore, American Safety, Lexington, Probuilders, Security America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters and Praetorian and Does 1 through 10 have either denied or refused to respond to Defendants' tenders.

101.    Plaintiff is informed and believes that Beazer Homes have tendered their defense and indemnity to a number of other insurance carriers, including Does 1 through 10, either as a named insured or an additional insured.  Plaintiff is informed and believes and thereon alleges that none of these other insurance carriers have agreed to defend or indemnity Beazer Homes, however, Plaintiff contends that these other carriers are under an obligation to do so.

102.   Plaintiff is informed and believes and thereon alleges that the Beazer Homes' insurers are under an obligation to defend and/or indemnify Beazer Homes with regard to the Underlying Action and have failed to pay their equitable share towards the defense fees and costs incurred by Beazer Homes in defense of the Underlying Action.

103.   Plaintiff has paid its equitable share of Beazer Homes' defense fees and costs in the Underlying Action and has incurred substantial costs in connection with Beazer Homes' defense.

104.   Because the Defendants have failed and refused to participate in the defense of Beazer Homes, in breach of their obligations under their respective policies of insurance, Plaintiff has paid, is paying, and will pay more costs than it would pay if Defendants participated in Beazer Homes' defense of the Underlying Action.  Plaintiff is therefore paying an excessive and inequitable share of the costs of defending Beazer Homes in the Underlying Action.

105.   To date, Plaintiff has paid a total of $245,585.67 for Beazer Homes' defense of the Underlying Action.  Plaintiff anticipates based on the number of parties and complexity of the issues involved in the Underlying Action that by the conclusion of the Underlying Action over $750,000.00 will have been incurred in Beazer Homes' defense.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### (By Plaintiff Against All Defendants and Does 1 through 10)

106.   Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

107.   An actual, present and justiciable controversy has arisen and now exists between Plaintiff on the one hand and Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, Aspen, First Specialty, Ironshore, American Safety, Lexington, Probuilders, Security America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters, Praetorian, and DOES 1 through 10, on the other, concerning their respective rights, duties and obligations under the insurance policies issued by each of them.

108.   In particular, Plaintiff contends, and Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, Aspen, First

1  Specialty, Ironshore, American Safety, Lexington, Probuilders, Security America, Illinois Union,

2  Zurich, Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck Insurance,

3  Certain Underwriters, Praetorian, and DOES 1 through 10 deny the following:

4      a.    Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators,

5          Clarendon, ACE American, National Union, Aspen, First Specialty, Ironshore,

6          American Safety, Lexington, Probuilders, Security America, Illinois Union, Zurich,

7          Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck

8          Insurance, Certain Underwriters, Praetorian, and DOES 1 through 10 had and have a

9          duty to defend Beazer Homes against the claims, demands, actions and causes of

10          action asserted against Beazer Homes in the Underlying Action;

11      b.    Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators,

12          Clarendon, ACE American, National Union, Aspen, First Specialty, Ironshore,

13          American Safety, Lexington, Probuilders, Security America, Illinois Union, Zurich,

14          Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck

15          Insurance, Certain Underwriters, Praetorian, and DOES 1 through 10 had and have

16          an equitable duty and responsibility to pay a fair and proportionate share of the costs

17          of defense incurred on behalf of Beazer Homes;

18      c.    The costs of defending Beazer Homes have been and are being borne

19          disproportionately by Plaintiff; and

20      d.    The costs associated with the defense of Beazer Homes should be equitably

21          apportioned between and among Plaintiff and Defendants Everest, Old Republic,

22          Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National

23          Union, Aspen, First Specialty, Ironshore, American Safety, Lexington, Probuilders,

24          Security America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern

25          Insurance, AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters,

26          Praetorian, and DOES 1 through 10 under applicable law and equitable principles.

27      109.    Plaintiff asserts and contends that declaratory judgment is both necessary and proper

28  at this time for the court to determine the respective rights and liabilities of the parties regarding

1    their obligations to pay for Beazer Homes' defense of the allegations being made against them in the

2    Underlying Action.

3              **SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION**

4                    **(By Plaintiff Against All Defendants and Does 1 through 10)**

5              110.   Plaintiff hereby re-alleges and incorporates by reference each allegation contained in

6    all preceding paragraphs of this Complaint as though fully set forth herein.

7              111.   In the Underlying Action, the homeowner plaintiffs seek monetary damages from

8    Beazer Homes for, among other things, defective construction for which Beazer Homes is or was

9    allegedly responsible.

10             112.   Plaintiff is defending Beazer Homes against claims asserted against Beazer Homes in

11   the Underlying Action, pursuant to the terms and conditions of its liability insurance policies, and

12   subject to a full reservation of its rights.

13             113.   Plaintiff  is informed and believes and thereon alleges that policies issued by

14   Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE

15   American, National Union, Aspen, First Specialty, Ironshore, American Safety, Lexington,

16   Probuilders, Security America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern Insurance,

17   AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters, Praetorian, and DOES 1 through

18   10 to provide liability insurance to Beazer Homes, designating Beazer Homes as a named insured or

19   additional insured thereon. Plaintiff is further informed and believes and thereon alleges that the

20   allegations made, pleaded or otherwise asserted against Beazer Homes in the Underlying Action, if

21   true, set forth claims for damages potentially covered under the various policies issued by Everest,

22   Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National

23   Union, Aspen, First Specialty, Ironshore, American Safety, Lexington, Probuilders, Security

24   America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC

25   Insurance, Truck Insurance, Certain Underwriters, Praetorian, and DOES 1 through 10 policies.

26             114.   As such, Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch,

27   Navigators, Clarendon, ACE American, National Union, Aspen, First Specialty, Ironshore,

28   American Safety, Lexington, Probuilders, Security America, Illinois Union, Zurich, Allied, Liberty

1   Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters,

2   Praetorian, and DOES 1 through 10, and each of them, are obligated to participate in the defense of

3   Beazer Homes of the Underlying Action by reason of their respectively underwritten policies of

4   insurance, which provide an agreement to undertake the duty to defend suits seeking damages for

5   bodily injury or property damage potentially covered under their respective policies.

6       115.   All conditions precedent to Defendants Everest's, Old Republic's, Interstate's,

7   Financial Pacific's, Arch's, Navigators', Clarendon's, ACE American's, National Union's, Aspen's,

8   First Specialty's, Ironshore's, American Safety's, Lexington's, Probuilders', Security America's,

9   Illinois Union's, Zurich's, Allied's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC

10  Insurance's, Truck Insurance's, Certain Underwriters', Praetorian's, and DOES 1 through 10's

11  obligations under their respective policies of insurance have been satisfied, waived, and/or excused.

12  Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's, Arch's, Navigators',

13  Clarendon's, ACE American's, National Union's, Aspen's, First Specialty's, Ironshore's, American

14  Safety's, Lexington's, Probuilders', Security America's, Illinois Union's, Zurich's, Allied's, Liberty

15  Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Truck Insurance's, Certain

16  Underwriters', Praetorian's, and DOES 1 through 10's obligations to defend Beazer Homes are

17  currently due and owing.

18      116.   Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators,

19  Clarendon, ACE American, National Union, Aspen, First Specialty, Ironshore, American Safety,

20  Lexington, Probuilders, Security America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern

21  Insurance, AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters, Praetorian, and DOES 1

22  through 10 have to date failed to participate in the defense of Beazer Homes, and failed to contribute

23  a full and equitable share toward Plaintiff's costs of defending Beazer Homes which have been

24  incurred and which are being incurred in connection with the Underlying Action.

25      117.   By reason of Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's,

26  Arch's, Navigators', Clarendon's, ACE American's, National Union's, Aspen's, First Specialty's,

27  Ironshore's, American Safety's, Lexington's, Probuilders', Security America's, Illinois Union's,

28  Zurich's, Allied's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Truck

1    Insurance's, Certain Underwriters', Praetorian's, and DOES 1 through 10's failure to discharge their

2    obligations and participate in the defense of Beazer Homes, Plaintiff has incurred and/or paid, and

3    will incur and/or pay, more costs than it would have, had Defendants Everest, Old Republic,

4    Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, Aspen,

5    First Specialty, Ironshore, American Safety, Lexington, Probuilders, Security America, Illinois

6    Union, Zurich, Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck

7    Insurance, Certain Underwriters, Praetorian, and DOES 1 through 10 agreed to defend Beazer

8    Homes in performance of their due and owing obligations under their respective insurance policies.

9        118.    Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's, Arch's,

10   Navigators', Clarendon's, ACE American's, National Union's, Aspen's, First Specialty's,

11   Ironshore's, American Safety's, Lexington's, Probuilders', Security America's, Illinois Union's,

12   Zurich's, Allied's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Truck

13   Insurance's, Certain Underwriters', Praetorian's, and DOES 1 through 10's failure to discharge their

14   obligations under their respective policies of insurance is wrongful and thus causing an inequitable

15   result, in that Plaintiff is paying and has paid more than its equitable share of the costs of defending

16   Beazer Homes in the Underlying Action without the participation of Defendants in paying for such

17   costs.

18       119.    Because of Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's,

19   Arch's, Navigators', Clarendon's, ACE American's, National Union's, Aspen's, First Specialty's,

20   Ironshore's, American Safety's, Lexington's, Probuilders', Security America's, Illinois Union's,

21   Zurich's, Allied's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Truck

22   Insurance's, Certain Underwriters', Praetorian's, and DOES 1 through 10's wrongful failure to

23   discharge their obligations under their respective policies of insurance, Plaintiff is entitled to an

24   award of equitable contribution, to reimburse it for costs equivalent to each Defendants Everest's,

25   Old Republic's, Interstate's, Financial Pacific's, Arch's, Navigators', Clarendon's, ACE

26   American's, National Union's, Aspen's, First Specialty's, Ironshore's, American Safety's,

27   Lexington's, Probuilders', Security America's, Illinois Union's, Zurich's, Allied's, Liberty

28   Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Truck Insurance's, Certain

1    Underwriters', Praetorian's, and DOES 1 through 10's fair and equitable proportionate share of the

2    total costs of defense incurred in connection with the claim against Beazer Homes, with interest

3    thereon at the prescribed legal rate.

4                                    **PRAYER FOR RELIEF**

5        WHEREFORE Plaintiff prays for judgment, as follows:

6        1.    Under the First Cause of Action, a judicial declaration that:

7              a.    Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch,

8                    Navigators, Clarendon, ACE American, National Union, Aspen, First

9                    Specialty, Ironshore, American Safety, Lexington, Probuilders, Security

10                   America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern Insurance,

11                   AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters, Praetorian,

12                   and DOES 1 through 10 had and have a duty to defend Beazer Homes against

13                   the claims, demands, actions and causes of action asserted against Beazer

14                   Homes in the Underlying Action;

15             b.    Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch,

16                   Navigators, Clarendon, ACE American, National Union, Aspen, First

17                   Specialty, Ironshore, American Safety, Lexington, Probuilders, Security

18                   America, Illinois Union, Zurich, Allied, Liberty Mutual, Northern Insurance,

19                   AISLIC, NIC Insurance, Truck Insurance, Certain Underwriters, Praetorian,

20                   and DOES 1 through 10 had and have an equitable duty and responsibility to

21                   pay a fair and proportionate share of the costs of defense incurred on behalf

22                   of Beazer Homes;

23             c.    The costs of defending Beazer Homes have been and are being borne

24                   disproportionately by Plaintiff; and

25             d.    The costs associated with the defense of Beazer Homes should be equitably

26                   apportioned between and among Plaintiff and Defendants Everest, Old

27                   Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE

28                   American, National Union, Aspen, First Specialty, Ironshore, American

Case No.:
COMPLAINT

1  Safety, Lexington, Probuilders, Security America, Illinois Union, Zurich,
2  Allied, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Truck
3  Insurance, Certain Underwriters, Praetorian, and DOES 1 through 10 under
4  applicable law and equitable principles.

5  2.  Under the Second Cause of Action, an award of monetary damages to Plaintiff from
6  Defendants, and each of them, to reimburse Plaintiff for some or all of the defense
7  costs that Plaintiff has incurred, as well as those defense costs that Plaintiff
8  anticipates will be incurred up to the time of the conclusion of the Underlying
9  Action, in an amount that is determined to be fair and equitable, but in no event less
10  than $750,000, with interest thereon at the proscribed legal rate;

11  3.  For prejudgment interest;

12  4.  For costs of suit herein; and

13  5.  For such other and further relief as this Court deems just and proper.

14  **JURY DEMAND**

15  Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

16

17  Dated: April 19, 2013                    **THE AGUILERA LAW GROUP, APLC**

18

19

20  A.  Eric Aguilera
    Kari M. Myron
21  Attorneys for Plaintiff TRAVELERS
    PROPERTY CASUALTY COMPANY OF
22  AMERICA