ALAN E. SWERDLOW, ESQ. (130341)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
Oakland, CA 94607
Telephone: (510) 834-4350
Facsimile: (510) 839-1897
aswerdlow@bjg.com

Attorneys for Defendant
AMERICAN SAFETY INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation, et al.,<br><br>Defendants. | Case No. 1:13-cv-00576-LJO-BAM<br><br>**AMERICAN SAFETY INDEMNITY COMPANY'S ANSWER TO COMPLAINT**<br><br>**JURY DEMAND**<br><br>Complaint Filed: 4/19/13 |

Comes now defendant American Safety Indemnity Company ("American Safety") and admits and/or denies each of the material allegations in the complaint of Travelers Property Casualty Company of America ("Travelers") as follows:

1. American Safety denies the allegations of paragraph 1 of the complaint on insufficient information and belief.

**JURISDICTION**

2. American Safety admits the allegations of paragraph 2 of the complaint.

3. American Safety denies the allegations of paragraph 3 of the complaint on insufficient information and belief.

4. American Safety denies the allegations of paragraph 4 of the complaint on insufficient information and belief.

5. American Safety denies the allegations of paragraph 5 of the complaint on insufficient information and belief.

6. American Safety admits the allegations of paragraph 6 of the complaint.

7. American Safety denies the allegations of paragraph 7 of the complaint on insufficient information and belief.

8. American Safety denies the allegations of paragraph 8 of the complaint on insufficient information and belief.

9. American Safety denies the allegations of paragraph 9 of the complaint on insufficient information and belief.

10. American Safety denies the allegations of paragraph 9 of the complaint on insufficient information and belief.

11. American Safety denies the allegations of paragraph 11 of the complaint on insufficient information and belief.

12. American Safety denies the allegations of paragraph 12 of the complaint on insufficient information and belief.

13. American Safety denies the allegations of paragraph 13 of the complaint on insufficient information and belief.

14. American Safety denies the allegations of paragraph 14 of the complaint on insufficient information and belief.

15. American Safety denies the allegations of paragraph 15 of the complaint on insufficient information and belief.

16. American Safety denies the allegations of paragraph 16 of the complaint on insufficient information and belief.

17. American Safety denies the allegations of paragraph 17 of the complaint on insufficient information and belief.

18. American Safety denies the allegations of paragraph 18 of the complaint on insufficient information and belief.

19. American Safety denies the allegations of paragraph 19 of the complaint on

insufficient information and belief.

20. American Safety denies the allegations of paragraph 20 of the complaint on insufficient information and belief.

21. American Safety denies the allegations of paragraph 21 of the complaint on insufficient information and belief.

22. American Safety denies the allegations of paragraph 22 of the complaint on insufficient information and belief.

23. American Safety denies the allegations of paragraph 23 of the complaint on insufficient information and belief.

24. American Safety denies the allegations of paragraph 24 of the complaint on insufficient information and belief.

25. American Safety denies the allegations of paragraph 25 of the complaint on insufficient information and belief.

26. American Safety denies the allegations of paragraph 26 of the complaint on insufficient information and belief.

27. American Safety denies the allegations of paragraph 27 of the complaint on insufficient information and belief.

28. American Safety denies the allegations of paragraph 28 of the complaint on insufficient information and belief.

29. American Safety denies the allegations of paragraph 29 of the complaint on insufficient information and belief.

30. American Safety denies the allegations of paragraph 30 of the complaint on insufficient information and belief.

31. American Safety denies the allegations of paragraph 31 of the complaint on insufficient information and belief.

32. American Safety denies the allegations of paragraph 32 of the complaint on insufficient information and belief.

///

## VENUE

33. American Safety denies the allegations of paragraph 33 of the complaint on insufficient information and belief.

## GENERAL ALLEGATIONS

**A.    The Insurance Policies**

34. American Safety denies the allegations of paragraph 34 of the complaint on insufficient information and belief.

35. American Safety denies the allegations of paragraph 35 of the complaint on insufficient information and belief.

36. American Safety denies the allegations of paragraph 36 of the complaint on insufficient information and belief.

37. American Safety denies the allegations of paragraph 37 of the complaint on insufficient information and belief.

38. American Safety denies the allegations of paragraph 38 of the complaint on insufficient information and belief.

39. American Safety denies the allegations of paragraph 39 of the complaint on insufficient information and belief.

40. American Safety denies the allegations of paragraph 40 of the complaint on insufficient information and belief.

41. American Safety denies the allegations of paragraph 41 of the complaint on insufficient information and belief.

42. American Safety denies the allegations of paragraph 42 of the complaint on insufficient information and belief.

43. American Safety denies the allegations of paragraph 50 of the complaint on insufficient information and belief.

44. American Safety denies the allegations of paragraph 44 of the complaint on insufficient information and belief.

45. American Safety denies the allegations of paragraph 45 of the complaint on

insufficient information and belief.

46. American Safety denies the allegations of paragraph 46 of the complaint on insufficient information and belief.

47. American Safety denies the allegations of paragraph 47 of the complaint on insufficient information and belief.

48. American Safety denies the allegations of paragraph 48 of the complaint on insufficient information and belief.

49. American Safety denies the allegations of paragraph 49 of the complaint on insufficient information and belief.

50. American Safety denies the allegations of paragraph 50 of the complaint on insufficient information and belief.

51. American Safety admits it issued policy ESL001260-05-04, effective 5/6/05 to 5/6/06, policy ESL001260-06-05, effective 7/31/06 to 7/31/07 and policy ESL001260-07-06, effective 7/31/07 to 7/31/08 to Cedar Valley Concrete and American Safety denies the remaining allegations of paragraph 51 of the complaint.

52. American Safety denies the allegations of paragraph 52 of the complaint on insufficient information and belief.

53. American Safety denies the allegations of paragraph 53 of the complaint on insufficient information and belief.

54. American Safety denies the allegations of paragraph 54 of the complaint on insufficient information and belief.

55. American Safety denies the allegations of paragraph 55 of the complaint on insufficient information and belief.

56. American Safety denies the allegations of paragraph 56 of the complaint on insufficient information and belief.

57. American Safety denies the allegations of paragraph 57 of the complaint on insufficient information and belief.

58. American Safety denies the allegations of paragraph 58 of the complaint on

insufficient information and belief.

59. American Safety denies the allegations of paragraph 59 of the complaint on insufficient information and belief.

60. American Safety denies the allegations of paragraph 60 of the complaint on insufficient information and belief.

61. American Safety denies the allegations of paragraph 61 of the complaint on insufficient information and belief.

62. American Safety denies the allegations of paragraph 62 of the complaint on insufficient information and belief.

63. American Safety denies the allegations of paragraph 63 of the complaint on insufficient information and belief.

64. American Safety denies the allegations of paragraph 64 of the complaint on insufficient information and belief.

65. American Safety denies the allegations of paragraph 65 of the complaint on insufficient information and belief.

66. American Safety denies the allegations of paragraph 66 of the complaint on insufficient information and belief.

67. American denies the allegations of paragraph 65 of the complaint on insufficient information and belief.

68. American Safety denies the allegations of paragraph 68 of the complaint on insufficient information and belief.

69. American Safety denies the allegations of paragraph 69 of the complaint on insufficient information and belief.

70. American Safety denies the allegations of paragraph 70 of the complaint on insufficient information and belief.

71. American Safety denies the allegations of paragraph 71 of the complaint on insufficient information and belief.

72. American Safety denies the allegations of paragraph 72 of the complaint on

insufficient information and belief.

73. American Safety denies the allegations of paragraph 73 of the complaint on insufficient information and belief.

74. American Safety denies the allegations of paragraph 74 of the complaint on insufficient information and belief.

75. American Safety denies the allegations of paragraph 75 of the complaint on insufficient information and belief.

76. American Safety denies the allegations of paragraph 76 of the complaint on insufficient information and belief.

77. American Safety denies the allegations of paragraph 77 of the complaint on insufficient information and belief.

78. American Safety denies the allegations of paragraph 78 of the complaint on insufficient information and belief.

79. American Safety denies the allegations of paragraph 79 of the complaint on insufficient information and belief.

80. American Safety denies the allegations of paragraph 80 of the complaint on insufficient information and belief.

81. American Safety denies the allegations of paragraph 81 of the complaint on insufficient information and belief.

82. American Safety denies the allegations of paragraph 65 of the complaint on insufficient information and belief

83. American Safety denies the allegations of paragraph 83 of the complaint on insufficient information and belief.

84. American Safety denies the allegations of paragraph 84 of the complaint on insufficient information and belief.

85. American Safety denies the allegations of paragraph 85 of the complaint on insufficient information and belief.

86. American Safety denies the allegations of paragraph 86 of the complaint on

insufficient information and belief.

87. American Safety denies the allegations of paragraph 87 of the complaint on insufficient information and belief.

88. American Safety denies the allegations of paragraph 88 of the complaint on insufficient information and belief.

89. American Safety denies the allegations of paragraph 89 of the complaint on insufficient information and belief.

90. American Safety denies the allegations of paragraph 90 of the complaint on insufficient information and belief.

91. American Safety denies the allegations of paragraph 91 of the complaint on insufficient information and belief.

92. American Safety denies the allegations of paragraph 92 of the complaint on insufficient information and belief.

93. American Safety denies the allegations of paragraph 93 of the complaint on insufficient information and belief.

94. American Safety denies the allegations of paragraph 94 of the complaint on insufficient information and belief.

95. American Safety denies the allegations of paragraph 95 of the complaint on insufficient information and belief.

96. American Safety denies the allegations of paragraph 96 of the complaint on insufficient information and belief.

**B.     The Underlying Action**

97. American Safety denies the allegations of paragraph 97 of the complaint on insufficient information and belief.

98. American Safety denies the allegations of paragraph 98 of the complaint on insufficient information and belief.

99. American Safety denies the allegations of paragraph 99 of the complaint on insufficient information and belief.

100. American Safety denies the allegations of paragraph 100 of the complaint on insufficient information and belief.

101. American Safety denies the allegations of paragraph 101 of the complaint on insufficient information and belief.

102. American Safety denies the allegations of paragraph 102 of the complaint on insufficient information and belief.

103. American Safety denies the allegations of paragraph 103 of the complaint on insufficient information and belief.

104. American Safety denies the allegations of paragraph 104 of the complaint on insufficient information and belief.

105. American Safety denies the allegations of paragraph 105 of the complaint on insufficient information and belief.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
**(By Plaintiff Against All Defendants and Does 1 through 10)**

106. American Safety denies the allegations of paragraph 106 of the complaint on insufficient information and belief.

107. American Safety denies the allegations of paragraph 107 of the complaint on insufficient information and belief.

108. American Safety denies the allegations of paragraph 108 of the complaint on insufficient information and belief.

109. American Safety denies the allegations of paragraph 109 of the complaint on insufficient information and belief.

### SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
**(By Plaintiff Against All Defendants and Does 1 through 10)**

110. American Safety denies the allegations of paragraph 110 of the complaint on insufficient information and belief.

111. American Safety denies the allegations of paragraph 111 of the complaint on insufficient information and belief.

112. American Safety denies the allegations of paragraph 111 of the complaint on insufficient information and belief.

113. American Safety denies the allegations of paragraph 113 of the complaint on insufficient information and belief.

114. American Safety denies the allegations of paragraph 114 of the complaint on insufficient information and belief.

115. American Safety denies the allegations of paragraph 115 of the complaint on insufficient information and belief.

116. American Safety denies the allegations of paragraph 116 of the complaint on insufficient information and belief.

117. American Safety denies the allegations of paragraph 117 of the complaint on insufficient information and belief.

118. American Safety denies the allegations of paragraph 118 of the complaint on insufficient information and belief.

119. American Safety denies the allegations of paragraph 119 of the complaint on insufficient information and belief.

## **PRAYER FOR RELIEF**

1. American Safety answers that the requested relief should be denied.

2. American Safety answers that the requested relief should be denied.

3. American Safety answers that the requested relief should be denied.

4. American Safety answers that the requested relief should be denied.

5. American Safety answers that the requested relief should be denied.

## **AFFIRMATIVE DEFENSES**

**AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety alleges that Travelers' complaint, and each cause of action thereof, is barred to the extent it fails to state facts sufficient to constitute a claim or cause of action upon which relief can be granted against American Safety.

1 **AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes, and thereon alleges, that the damages complained of, if any there were, were proximately contributed to or caused by the actionable conduct of the remaining parties in this action, including the Plaintiff and/or by other persons, corporations or business entities unknown to American Safety at this time, and were not caused in any way by American Safety, or by persons for whom American Safety is legally liable.

Should American Safety be found liable to Travelers, which liability is expressly denied, American Safety is entitled to have this award against it abated, reduced or eliminated to the extent that the actionable conduct of the remaining parties in this action, or by other persons, corporations or business entities, contributed to Travelers' damages, if any.

**AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes, and thereon alleges, that Travelers' complaint, and each cause of action thereof, is barred by the statute of limitations, including the limitations set forth in the California Code of Civil Procedure beginning with section 335 and continuing through 349.4, and more particularly, but not limited to, sections 337(1), 337.1, 337.15, 338, 339, 340 and 343.

**AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** American Safety is informed and believes, and thereon alleges, that Travelers' complaint, and each cause of action thereof, is barred due to lack of proper notice to American Safety.

**AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** American Safety is informed and believes, and thereon alleges, that Travelers' complaint unreasonably delayed commencing and in prosecuting the subject civil action, to the irreparable prejudice of American Safety and, therefore, this action is barred by the equitable

1 doctrine of laches.

**AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** American Safety is informed and believes, and thereon alleges, that Travelers' complaint, and each cause of action thereof, is barred by virtue of Travelers' knowing and voluntary waiver of any obligations or liabilities of American Safety, if any there were.

**AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes, and thereon alleges, that Travelers failed and neglected to use reasonable care to minimize and mitigate the losses, injuries and damages complained of, if any there were, as required by law.

**AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes, and thereon alleges, that Travelers is estopped from recovering any damages herein.

**AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, Travelers is entitled to recover nothing by way of its complaint against American Safety to the extent that Beazer Homes failed to perform or satisfy some or all of the conditions precedent, covenants and promises to the triggering of any obligations of American Safety under the relevant policies relative to *Ray, et al. v. Beazer Homes Holdings Corp et. al* (Hereinafter "Beazer Homes")., Maderda County Superior Court Case No. MCV057176 ("The Underlying Action"), upon which Travelers' complaint is based.

**AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** American Safety is informed and believes, and thereon alleges, that recovery from American Safety under Travelers' complaint is barred further by any and all other terms, exculpatory or exclusionary provisions, limits or endorsements in the relevant American Safety

policies.

**AS A ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, Travelers' claims are barred to the extent Plaintiff incurred unreasonable, inappropriate, and excessive costs to defend The Underlying Action.

**AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, to the extent that the American Safety policies provide coverage for the underlying action, which American Safety expressly denies, the extent of such coverage must be limited by principles of allocation.

**AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety seeks and asserts a set-off of any liability on its part to the extent provided by law or contract based upon the existence of coverage provided by others or payments made by others to Travelers or on behalf of Beazer Homes.

**AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, if it is determined that American Safety has an obligation to contribute to Travelers for sums allegedly paid for defense of Beazer Homes in the underlying action, which American Safety expressly denies, Travelers would be entitled only to a reimbursement of an amount which is fair, reasonable, and equitable under all the circumstances.

**AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, the expenses allegedly incurred by Travelers for which it seeks contribution were incurred voluntarily and without contractual or legal obligation and without American Safety's consent and, therefore, do not give rise to any obligation on behalf of American Safety to pay damages or contribution to Travelers.

**AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO**

**TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes, and thereon alleges, that the equities of Travelers are not superior to those of American Safety and are, in fact, inferior to those of American Safety. Accordingly, Travelers is not entitled to any relief from American Safety.

**AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety's obligations, if any, are limited to an appropriate pro-rata share of the underlying liability and American Safety may be entitled to contribution, indemnification, apportionment or other relief from Travelers, the other defendants and cross-defendants and/or from other entities, and any liability or duty American Safety may owe should be limited or reduced by such contribution, indemnification, apportionment or other relief.

**AS AN EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety alleges that it is informed and believes and thereon alleges there may be other affirmative defenses available to it of which it is presently unaware, and American Safety reserves the right to supplement these affirmative defenses at a later date. American Safety reserves the right to assert additional defenses upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information. American Safety also reserves the right to amend this pleading at the conclusion of discovery or at any other appropriate time to reflect additional defenses to it as revealed through discovery.

**AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety alleges that Travelers' complaint, and each cause of action thereof, is barred in whole or in part by the terms, exclusions, conditions and limitations contained in the American Safety policies.

**AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS'' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

**THEREOF**, American Safety is informed and believes and thereon alleges that the American Safety Policy provides no coverage because the American Safety Policies do not provide coverage for Beazer Homes with respect to The Underlying Action because the policies contains a Self-Insured Retention ("SIR"), which has not been satisfied.

**AS A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes and thereon alleges that the certain of the American Safety policies provides no coverage because the American Safety policies do not provide coverage for Beazer Homes with respect to The Underlying Action because the policy(ies) contains a Total Prior Work Exclusion.

**AS A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,** American Safety is informed and believes and thereon alleges that the American Safety policies provides no coverage for Beazer Homes with respect to The Underlying Action because Beazer Homes does not qualify as an insured or as an additional insured.

**AS A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes and thereon alleges that the certain of the American Safety policies provides no coverage because the American Safety policies do not provide coverage for Beazer Homes with respect to The Underlying Action because the policy(ies) contains a Pre-Existing Injury Or Damage Exclusion.

**AS A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes and thereon alleges that the American Safety policies provides no coverage because The Underlying Action does not seek damages or claims that fall within the insuring agreements of the American Safety policies.

**AS A TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF**

1  **ACTION THEREOF**, American Safety is informed and believes and thereon alleges that the
2  certain of the American Safety policies provides no coverage because the American Safety policies
3  do not provide coverage for Beazer Homes with respect to The Underlying Action because the
4  policy(ies) contains a Prior Completed Work Exclusion.

**AS A TWENTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes and thereon alleges that the certain of the American Safety policies provides no coverage because the American Safety policies do not provide coverage for Beazer Homes with respect to The Underlying Action because the policy(ies) contains a Prior Occurrence And Pre-Existing Damage Exclusion.

**AS A TWENTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, American Safety is informed and believes and thereon alleges that the American Safety policies provides no coverage for Beazer Homes with respect to The Underlying Action because The Underlying Action does not involve an Occurrence as defined by the American Safety policies.

**WHEREFORE**, this answering defendant prays as follows:

1. That plaintiff takes nothing by its complaint and that this answering defendant be dismissed hence;

2. For reasonable attorneys' fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems fit and proper.

///
///
///
///
///
///

# JURY DEMAND

American Safety demands a trial by jury pursuant to Fed.R. Civ. Proc. 38(b).

DATED: May 29, 2013

                                        BOORNAZIAN, JENSEN & GARTHE
                                        A Professional Corporation

                              By: ____/s/ Alan E. Swerdlow_____
                                    ALAN E. SWERDLOW, ESQ.
                                      Attorneys for Defendant
                                        AMERICAN SAFETY
                                        INDEMNITY COMPANY

27225\617185