RONALD D. ECHEGUREN (SBN 76307)
recheguren@cernlaw.com
MATTHEW S. HARVEY (SBN 233372)
mharvey@cernlaw.com
CRESSWELL, ECHEGUREN
RODGERS & NOBLE (2769-103)
180 Grand Avenue, Suite 440
Oakland, CA 94612

Telephone: (510) 444-1735
Facsimile: (510) 444-6923

Attorneys for Defendant
FIRST SPECIALTY INSURANCE CORPORATION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation, INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation, FINANCIAL PACIFIC INSURANCE COMPANY, California corporation, ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation; FIRST SPECIALTY INSURANCE CORPORATION, a Missouri corporation; IRONSHORE | Case No.: 1:13-CV-00576-LJO(BAM)<br><br>**FIRST SPECIALTY INSURANCE CORPORATION'S ANSWER TO COMPLAINT** |

1

| | |
|---|---|
| 1 | SPECIALTY INSURANCE COMPANY, an Arizona corporation; AMERICAN |
| 2 | SAFETY INDEMNITY COMPANY, an Oklahoma corporation; LEXINGTON |
| 3 | INSURANCE COMPANY, a Delaware corporation; PROBUILDERS SPECIALTY |
| 4 | INSURANCE COMPANY, RRG, a Washington, D.C. corporation; SECURITY |
| 5 | AMERICA RISK RETENTION GROUP, a Vermont corporation; ILLINOIS UNION |
| 6 | INSURANCE COMPANY, an Illinois corporation; ZURICH NORTH |
| 7 | AMERICAN INSURANCE COMPANY, New York corporation; LIBERTY |
| 8 | MUTUAL INSURANCE COMPANY, a Massachusetts corporation; NORTHERN |
| 9 | INSURANCE COMPANY OF NEW YORK, a New York corporation; |
| 10 | CHARTIS SPECIALTY INSURANCE COMPANY fka AMERICAN |
| 11 | INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois |
| 12 | corporation; NAVIGATORS INSURANCE COMPANY, a New York corporation; |
| 13 | TRUCK INSURANCE EXCHANGE, a California corporation; CERTAIN |
| 14 | UNDERWRITERS AT LLOYD'S, LONDON, a Kentucky corporation; |
| 15 | PRAETORIAN INSURANCE COMPANY, a Pennsylvania; and DOES 1 |
| 16 | THROUGH 10, inclusive. |
| 17 | Defendants. |
| | _____/ |
| 18 | |
| 19 | Defendant First Specialty Insurance Corporation ("FSIC") hereby answers the |
| 20 | complaint and admits, denies, and alleges as follows: |
| 21 | 1. There are no allegations in paragraph 1 of the complaint to admit or deny. |
| 22 | 2. FSIC is without knowledge or information sufficient to form a belief as |
| 23 | to the truth of the allegations in paragraph 2 of the complaint and therefore denies those |
| 24 | allegations. |
| 25 | 3. FSIC is without knowledge or information sufficient to form a belief as |
| 26 | to the truth of the allegations in paragraph 3 of the complaint and therefore denies those |
| 27 | allegations. |
| 28 | / / / |

4. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint and therefore denies those allegations.

5. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint and therefore denies those allegations.

6. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint and therefore denies those allegations.

7. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint and therefore denies those allegations.

8. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint and therefore denies those allegations.

9. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint and therefore denies those allegations.

10. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint and therefore denies those allegations.

11. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint and therefore denies those allegations.

12. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint and therefore denies those allegations.

/ / /

13. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint and therefore denies those allegations.

14. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint and therefore denies those allegations.

15. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint and therefore denies those allegations.

16. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint and therefore denies those allegations.

17. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint and therefore denies those allegations.

18. In response to the allegations in paragraph 18 of the complaint, FSIC admits that it is a Missouri corporation, that its principal place of business is in Kansas, and that it is authorized to conduct business in California as an insurer issuing surplus lines insurance policies.

19. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint and therefore denies those allegations.

20. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint and therefore denies those allegations.

21. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint and therefore denies those allegations.

22. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint and therefore denies those allegations.

23. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint and therefore denies those allegations.

24. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint and therefore denies those allegations.

25. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint and therefore denies those allegations.

26. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint and therefore denies those allegations.

27. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the complaint and therefore denies those allegations.

28. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint and therefore denies those allegations.

29. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint and therefore denies those allegations.

30. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint and therefore denies those allegations.

/ / /

31. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the complaint and therefore denies those allegations.

32. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the complaint and therefore denies those allegations.

33. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the complaint and therefore denies those allegations.

34. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the complaint and therefore denies those allegations.

35. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the complaint and therefore denies those allegations.

36. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint and therefore denies those allegations.

37. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the complaint and therefore denies those allegations.

38. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint and therefore denies those allegations.

39. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint and therefore denies those allegations.

/ / /

40. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint and therefore denies those allegations.

41. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the complaint and therefore denies those allegations.

42. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the complaint and therefore denies those allegations.

43. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the complaint and therefore denies those allegations.

44. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the complaint and therefore denies those allegations.

45. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the complaint and therefore denies those allegations.

46. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the complaint and therefore denies those allegations.

47. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the complaint and therefore denies those allegations.

48. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the complaint and therefore denies those allegations.

/ / /

49. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the complaint and therefore denies those allegations.

50. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the complaint and therefore denies those allegations.

51. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint and therefore denies those allegations.

52. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the complaint and therefore denies those allegations.

53. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the complaint and therefore denies those allegations.

54. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the complaint and therefore denies those allegations.

55. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the complaint and therefore denies those allegations.

56. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the complaint and therefore denies those allegations.

57. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the complaint and therefore denies those allegations.

/ / /

58. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the complaint and therefore denies those allegations.

59. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the complaint and therefore denies those allegations.

60. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the complaint and therefore denies those allegations.

61. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the complaint and therefore denies those allegations.

62. FSIC admits that it issued commercial general liability insurance policy IRG620491-1 (effective April 7, 2005 to April 7, 2006) to Halabi, Inc. dba Duracite et al. FSIC denies the remaining allegations in paragraph 62 of the complaint.

63. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the complaint and therefore denies those allegations.

64. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the complaint and therefore denies those allegations.

65. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the complaint and therefore denies those allegations.

66. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the complaint and therefore denies those allegations.

///

67. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the complaint and therefore denies those allegations.

68. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the complaint and therefore denies those allegations.

69. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the complaint and therefore denies those allegations.

70. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the complaint and therefore denies those allegations.

71. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the complaint and therefore denies those allegations.

72. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the complaint and therefore denies those allegations.

73. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the complaint and therefore denies those allegations.

74. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the complaint and therefore denies those allegations.

75. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the complaint and therefore denies those allegations.

///

76. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the complaint and therefore denies those allegations.

77. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the complaint and therefore denies those allegations.

78. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the complaint and therefore denies those allegations.

79. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the complaint and therefore denies those allegations.

80. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the complaint and therefore denies those allegations.

81. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the complaint and therefore denies those allegations.

82. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the complaint and therefore denies those allegations.

83. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the complaint and therefore denies those allegations.

84. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the complaint and therefore denies those allegations.

/ / /

85. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the complaint and therefore denies those allegations.

86. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the complaint and therefore denies those allegations.

87. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the complaint and therefore denies those allegations.

88. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the complaint and therefore denies those allegations.

89. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the complaint and therefore denies those allegations.

90. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the complaint and therefore denies those allegations.

91. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the complaint and therefore denies those allegations.

92. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the complaint and therefore denies those allegations.

93. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the complaint and therefore denies those allegations.

/ / /

94. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the complaint and therefore denies those allegations.

95. FSIC admits that it possesses copies of the FSIC policy identified in paragraph 62 of this answer. FSIC denies that the description of the policy set forth in paragraph 62 of the complaint is accurate or complete. FSIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 of the complaint and therefore denies those allegations.

96. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the complaint and therefore denies those allegations.

97. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the complaint and therefore denies those allegations.

98. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the complaint and therefore denies those allegations.

99. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the complaint and therefore denies those allegations.

100. FSIC admits that Beazer Homes tendered to FSIC and the tenders were denied.

101. FSIC denies the allegations against it and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the complaint and therefore denies those allegations.

102. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the complaint and therefore denies those allegations.

103. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the complaint and therefore denies those allegations.

104. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the complaint and therefore denies those allegations.

105. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the complaint and therefore denies those allegations.

106. Paragraph 106 of the complaint contains no allegations requiring either an admission or a denial.

107. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the complaint and therefore denies those allegations.

108. FSIC denies the allegations against it and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the complaint and therefore denies those allegations.

109. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the complaint and therefore denies those allegations.

110. Paragraph 110 of the complaint contains no allegations requiring either an admission or a denial.

111. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the complaint and therefore denies those allegations.

112. FSIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the complaint and therefore denies those allegations.

113. FSIC denies the allegations in paragraph 113 of the complaint that concern it and the policy it issued. FSIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 of the complaint and therefore denies those allegations.

114. FSIC denies the allegations in paragraph 114 of the complaint that concern it and the policy it issued. FSIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 of the complaint and therefore denies those allegations.

115. FSIC denies the allegations in paragraph 115 of the complaint that concern it and the policy it issued. FSIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 of the complaint and therefore denies those allegations.

116. FSIC denies the allegations in paragraph 116 of the complaint that concern it and the policy it issued. FSIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 116 of the complaint and therefore denies those allegations.

117. FSIC denies the allegations in paragraph 117 of the complaint that concern it and the policy it issued. FSIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 of the complaint and therefore denies those allegations.

118. FSIC denies the allegations in paragraph 118 of the complaint that concern it and the policy it issued. FSIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 of the complaint and therefore denies those allegations.

119. FSIC denies the allegations in paragraph 119 of the complaint that concern it and the policy it issued. FSIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 of the complaint and therefore denies those allegations.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Neither the complaint nor any of its separate causes of action state a valid claim for relief against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk, if any, of the matters complained of in the complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its own damages, if any, which reasonable and prudent persons or entities in like circumstances would have done, and this failure contributed to and proximately caused such damages.

## FOURTH AFFIRMATIVE DEFENSE

The terms and conditions of this Defendant's policies, including the applicable endorsements, preclude or limit coverage for the underlying action that is the subject of Plaintiff's complaint.

## FIFTH AFFIRMATIVE DEFENSE

By reason of Plaintiff's own acts and omissions, it is estopped to assert the claims made in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced by any recovery that Plaintiff has obtained, or may obtain in the future, through settlement or compromise of any other actions or claims arising out of the incident involved in the underlying action, including, but not limited to, indemnity or breach of contract claims against other persons or entities.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced by those amounts that should in equity be the responsibility of persons or entities other than this Defendant.

///

///

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiff take nothing by their complaint and that this answering Defendant be dismissed;

2. For costs of suit; and

3. For such other relief as the Court deems proper.

Dated: May 30, 2013

CRESSWELL, ECHEGUREN, RODGERS & NOBLE

By: */s/Ronald D. Echeguren*
RONALD D. ECHEGUREN
Attorneys for Defendant
FIRST SPECIALTY INSURANCE CORPORATION

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, D. Hartley, the undersigned, declare as follows: |
| 3 | I am over the age of eighteen years and not a party to the within action. My business |
| 4 | address is 180 Grand Avenue, Suite 440, Oakland, California 94612. Upon this day, the |
| 5 | following: |
| 6 | 1.  **DEFENDANT FIRST SPECIALTY INSURANCE CORPORATION'S ANSWER TO COMPLAINT** |
| 7 | |
| 8 | was served on all interested parties through their attorneys of record, by placing a true and |
| 9 | correct copy thereof, addressed as shown and as designated below: |

| | |
|---|---|
| A. Eric Aguilera | John H. Podesta |
| Angela Nicole Martin | Murchison & Cumming LLP |
| 650 Town Center Drive | 275 Battery Street, Suite 550 |
| Suite 100 | San Francisco, CA 94111 |
| Costa Mesa, CA 92626 | Telephone: (415)524-4300-4317 |
| Telephone: (714)384-6600 | Attorneys for Defendant |
| Attorneys for Plaintiff | IRONSHORE SPECIALTY INSURANCE |
| TRAVELERS PROPERTY CASUALTY COMPANY | COMPANY |
| OF AMERICA | |
| | Josiah R. Reid |
| Bryan M Barber | Haight Brown & Bonesteel LLP |
| Barber Law Group | 550 West "C" Street |
| 525 University Avenue | Suite 1760 |
| Suite 600 | San Diego, CA 92101 |
| Palo Alto, CA 94301 | Telephone: (619) 961-4807 |
| Telephone: (415)273-2930-4 | Facsimile: (619) 595-7873 |
| Attorneys for Defendant | Attorneys for Defendant |
| OLD REPUBLIC INSURANCE COMPANY | INTERSTATE FIRE & CASUALTY COMPANY |
| Michael James Bartlett | |
| Sinnott, Puebla, Campaign and Curet | Alan E. Swerdlow |
| 550 S. Hope Street, Suite 2350 | Bormazian Jensen Garthe |
| Los Angeles, CA 90071 | 555 12th Street, Suite 1800 |
| Telephone: (213)996-4200 | Oakland, CA 94607 |
| Facsimile: (213)892-8322 | Telephone: (510)834-4350 |
| Attorneys for Defendant | Facsimile: (510)839-1897 |
| NORTHERN INSURANCE COMPANY OF NEW YORK | Attorneys for Defendant |
| | AMERICAN SAFETY INDEMNITY COMPANY |
| David B Ezra | |
| Berger Kahn | |
| 2 Park Plaza, Suite 650 | |
| Irvine, CA 92614 | |
| Telephone: (949)748-4446 | |
| Facsimile: (949)474-7265 | |
| Attorneys for Defendant | |
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG | |

1

| | |
|---|---|
| 1 | **X CM/ECF ELECTRONIC FILING.** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above in accordance with the rules governing the electronic filing of documents in the United States District Court for the Northern District of California. "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of the electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 30, 2013, at Oakland, California.

_____
D. Hartley