ANDREW D. HEROLD, ESQ., Bar No. 178640
aherold@heroldsagerlaw.com
CHRISTOPHER L. HENDRICKS, ESQ, Bar No 258958
chendricks@heroldsagerlaw.com
HEROLD & SAGER
550 Second Street, Suite 200
Encinitas, CA 92024
(760) 487-1047 / (760) 487-1064 FAX

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, | Case No. 1:13-cv-00576-LJO-BAM |
| Plaintiff, | **LEXINGTON INSURANCE COMPANY'S ANSWER TO COMPLAINT** |
| v. | |
| OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; FINANCIAL PACIFIC INSURANCE COMPANY, a California corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P A, a Pennsylvania corporation; ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation; FIRST SPECIALTY INSURANCE CORPORATION, a Missouri corporation; IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona INDEMNITY COMPANY, an Oklahoma | Complaint Filed: 4-19-13<br>Trial Date: None Set |

corporation; LEXINGTON INSURANCE
COMPANY, a Delaware corporation;
PROBUILDERS SPECIALTY INSURANCE
COMPANY, RRG, a Washington, D.C.
corporation; SECURITY AMERICA RISK
RETENTION GROUP, a Vermont corporation;
ILLINOIS UNION INSURANCE COMPANY,
an Illinois corporation; ZURICH NORTH
AMERICAN INSURANCE COMPANY, a
New York corporation; LIBERTY MUTUAL
INSURANCE COMPANY, a Massachusetts
corporation; NORTHERN INSURANCE
COMPANY OF NEW YORK, a New York
corporation; CHARTIS SPECIALTY
INSURANCE COMPANY fka AMERICAN
INTERNATIONAL SPECIALITY LINES
INSURANCE COMPANY, an Illinois
corporation; NAVIGATORS INSURANCE
COMPANY, a New York corporation; TRUCK
INSURANCE EXCHANGE, a California
corporation; CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, a Kentucky corporation;
PRAETORIAN INSURANCE COMPANY, a
Pennsylvania; and DOES 1 through 10
Inclusive.

                    Defendants.

COMES NOW, Defendant LEXINGTON INSURANCE COMPANY, (hereinafter referred to as "Lexington"), answers Plaintiff's Complaint, itself alone, and denies and admits as follows:

1.      Answering paragraph 1 of the Complaint, Lexington would admit there is an underlying proceeding captioned Ray, *et al. v. Beazer Homes, et al.* Superior Court of the State of California, County of Madera, Case no. MCV057176 and would admit that Plaintiff in the present action seeks equitable contribution and a judicial declaration concerning the rights and obligations as amongst insurance carriers and their insured. Except as admitted, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2.      Answering paragraph 2 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3.      Answering paragraph 3 of the Complaint, Lexington is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.      Answering paragraph 4 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5.      Answering paragraph 5 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6.      Answering paragraph 6 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7.      Answering paragraphs 7 of the Complaint, Lexington is informed and believes that Chartis Specialty Insurance Company fka American International Specialty Lines Insurance Company ("AISLIC") (now known as Chartis Specialty), is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in New York and would admit it is an insurance carrier eligible to do business as an insurer in the State of California.

8.      Answering paragraph 8 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9.      Answering paragraph 9 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10.      Answering paragraph 10 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11.      Answering paragraph 11 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12.     Answering paragraph 12 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.     Answering paragraph 13 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14.     Answering paragraphs 14 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.     Answering paragraph 15 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16.     Answering paragraph 16 of the Complaint, Chartis Specialty is informed and believes that National Union Fire Insurance Company of Pittsburgh, PA is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in New York and is an insurance carrier eligible to do business in California.

17.     Answering paragraph 17 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.     Answering paragraph 18 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.     Answering paragraph 19 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20.     Answering paragraph 20 of the Complaint, Lexington would admit that Lexington Insurance Company, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Massachusetts and would admit it is an insurance

carrier eligible to do business as an insurer in the State of California.

21. Answering paragraph 21 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. Answering paragraph 22 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. Answering paragraph 24 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25. Answering paragraph 25 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26. Answering paragraph 26 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27. Answering paragraph 27 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28. Answering paragraph 28 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29. Answering paragraph 29 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30.     Answering paragraph 30 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.     Answering paragraph 31 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32.     Answering paragraph 32 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**<u>VENUE</u>**

33.     Answering paragraph 33 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**<u>GENERAL ALLEGATIONS</u>**

**A.      The Insurance Policies**

34.     Answering paragraph 34 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35.     Answering paragraph 35 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36.     Answering paragraph 36 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37.     Answering paragraph 37 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38.     Answering paragraph 38 of the Complaint, Lexington is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

39.     Answering paragraph 39 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40.     Answering paragraph 40 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

41.     Answering paragraph 41 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42.     Answering paragraph 42 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43.     Answering paragraph 43 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44.     Answering paragraph 44 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

45.     Answering paragraph 45 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

46.     Answering paragraph 46 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

47.     Answering paragraph 47 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

48. Answering paragraph 48 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49. Answering paragraph 49 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

50. Answering paragraph 50 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

51. Answering paragraph 51 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

52. Answering paragraph 52 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

53. Answering paragraph 53 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

54. Answering paragraph 54 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

55. Answering paragraph 55 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

56. Answering paragraph 56 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

57.     Answering paragraph 57 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

58.     Answering paragraph 58 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

59.     Answering paragraph 59 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

60.     Answering paragraph 60 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

61.     Answering paragraph 61 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

62.     Answering paragraph 62 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

63.     Answering paragraph 63 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

64.     Answering paragraph 64 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

65.     Answering paragraph 65 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

66.     Answering paragraph 66 of the Complaint, Lexington is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

67.     Answering paragraph 67 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

68.     Answering paragraph 68 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

69.     Answering paragraph 69 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

70.     Answering paragraph 70 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

71.     Answering paragraph 71 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

72.     Answering paragraph 72 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

73.     Answering paragraph 73 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

74.     Answering paragraph 74 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

75.     Answering paragraph 75 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

76.     Answering paragraph 76 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

77.     Answering paragraph 77 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

78.     Answering paragraph 78 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

79.     Answering paragraph 79 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

80.     Answering paragraph 80 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

81.     Answering paragraph 81 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

82.     Answering paragraph 82 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

83.     Answering paragraph 83 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

84.     Answering paragraph 84 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

85.     Answering paragraph 85 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

86.     Answering paragraph 86 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

87.     Answering paragraph 87 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

88.     Answering paragraph 88 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

89.     Answering paragraph 89 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

90.     Answering paragraph 90 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

91.     Answering paragraph 91 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

92.     Answering paragraph 92 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

93.     Answering paragraph 93 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

94.     Answering paragraph 94 of the Complaint, Lexington is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

95.     Answering paragraph 95 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

96.     Answering paragraph 96 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**B.     The Underlying Action**

97.     Answering paragraph 97 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

98.     Answering paragraph 98 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

99.     Answering paragraph 99 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

100.     Answering paragraph 100 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

101.     Answering paragraph 101 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

102.     Answering paragraph 102 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

103.     Answering paragraph 103 of the Complaint, Lexington is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

104. Answering paragraph 104 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

105. Answering paragraph 105 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (By Plaintiff Against All Defendants and DOES 1 through 10)

106. Answering paragraph 106 of the Complaint, Lexington re-alleges, and incorporates by reference each and every denial, admission, and/or allegation contained in Paragraphs 1 to 105 of this Answer. Except as specifically admitted or alleged, Lexington denies each and every allegation contained therein.

107. Answering paragraph 107 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

108. Answering paragraph 108 of the Complaint, including subparts (a) through (d), Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

109. Answering paragraph 109 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
### (By Plaintiff Against All Defendants and DOES 1 through 10)

110. Answering paragraph 110 of the Complaint, Lexington re-alleges, and incorporates by reference each and every denial, admission, and/or allegation contained in Paragraphs 1 to 109

of this Answer. Except as specifically admitted or alleged, Lexington denies each and every allegation contained therein.

111. Answering paragraph 111 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

112. Answering paragraph 112 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

113. Answering paragraph 113 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

114. Answering paragraph 114 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

115. Answering paragraph 115 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

116. Answering paragraph 116 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

117. Answering paragraph 117 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

118. Answering paragraph 118 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

119. Answering paragraph 119 of the Complaint, Lexington is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

## PRAYER FOR RELIEF

Lexington denies that Plaintiff is entitled to any relief whatsoever under their Complaint and on that basis denies the prayer for relief numbers 1 through 5.

## AFFIRMATIVE DEFENSES

Lexington sets forth its separate and distinct defenses to apprise Plaintiff of certain potentially applicable defenses to any and all claims alleged in their Complaint. Lexington reserves the right to reevaluate, restate or delete any defenses or to add any additional defenses. By listing any matter as a defense, Lexington does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law. Moreover, by setting forth the following affirmative defenses, Lexington does not waive the right to assert additional defenses as the facts in this action develop.

## FIRST AFFIRMATIVE DEFENSE

1.       As a first, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Lexington.

## SECOND AFFIRMATIVE DEFENSE

2.       As a second, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint fails to set forth facts that give rise to a claim against Lexington.

## THIRD AFFIRMATIVE DEFENSE

3.       As a third, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, as any commercial general liability policy issued by Lexington has not attached and/or is not triggered and/or there is no potential for coverage and/or no coverage for indemnity and/or defense obligations based on the claims made by Plaintiff in Plaintiff's Complaint and that the obligations of Lexington, if any, are limited and/or modified by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations contained in a Lexington policy and that accordingly there is no potential for coverage and/or no

coverage under a Lexington policy for the claims asserted by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

4.      As a fourth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations contained in any Lexington policy alleged in of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5.      As a fifth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that some or all of the claims asserted by Plaintiff does not constitute "property damage" as that term is defined in any Lexington policy alleged in of the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

6.      As a sixth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the alleged damages for which coverage is sought did not take place during the effective dates of any Lexington policy alleged in of the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7.      As a seventh, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the alleged "property damage" for which coverage is sought, was not caused by an "occurrence" as that term is defined in any Lexington policy alleged in of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8.      As an eighth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent Lexington had no duty to defend Beazer Homes under any Lexington policy alleged in of the Complaint from the claims and damages asserted against Beazer Homes as asserted in of the Complaint.

### NINTH AFFIRMATIVE DEFENSE

9.      As a ninth, separate and distinct affirmative defense, Lexington alleges that

Plaintiff's claims are barred, in whole or in part, to the extent Lexington had no duty to indemnify Beazer Homes under any Lexington policy alleged in of the Complaint for the claims and damages asserted against Beazer Homes as asserted in of the Complaint.

## TENTH AFFIRMATIVE DEFENSE

10.     As a tenth, separate and distinct affirmative defense, Lexington alleges that the claims alleged by Plaintiff is barred, in whole or in part, to the extent that the insured was not legally obligated to pay the amounts alleged as damages because of property damage to which any Lexington policy alleged in of the Complaint applies.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     As an eleventh, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the insured assumed liability under any contract or agreement in contravention of the terms of any Lexington policy alleged in of the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a twelfth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the insured voluntarily made any payments, assumed any obligation or incurred any expense in contravention of the terms of any Lexington policy alleged in of the Complaint, and Lexington has been prejudiced thereby.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a thirteenth, separate and distinct affirmative defense, Lexington alleges that the amounts potentially recoverable, if any, under any Lexington policy alleged in of the Complaint must be reduced or offset by recoveries Plaintiff has already obtained from other sources, including, but not limited to, settlements with any other of Plaintiff's insurers, subcontractors, and any insurers or sureties for subcontractors.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a fourteenth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the insured failed to perform all conditions/obligations under any Lexington policy alleged in of the Complaint, and Lexington has

18

been prejudiced thereby.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a fifteenth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent those claims arise out of claims against any person or entity not an insured under any Lexington policy alleged in of the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a sixteenth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the insured failed to mitigate, minimize or avoid any damages allegedly sustained, and any recovery against Lexington must therefore be reduced by the amount by which the damages incurred are a result of that failure.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a seventeenth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the sole proximate cause of the damages, if any, sustained by Plaintiff was due to the negligence, fault, acts or omissions of persons other than Lexington, for whose acts or omissions Lexington is not legally responsible, thereby barring any recovery against Lexington.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As an eighteenth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the insured failed to disclose, concealed, or misrepresented facts known to it which were material to the risk allegedly underwritten by Lexington.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     As a nineteenth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the events alleged by Plaintiff arose from the insured's breach of contract and/or purely economic damages.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     As a twentieth, separate and distinct affirmative defense, Lexington alleges that

Plaintiff's claims are barred, in whole or in part, to the extent that the damages sought were expected or intended by the insured.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As a twenty-first, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks coverage for fines, penalties, punitive or exemplary damages, coverage for which is barred by applicable law and/or public policy, and or the terms, conditions, exclusions, endorsements, and/or limitations of any Lexington policy alleged in of the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As a twenty-second, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks coverage for damage to property that must be restored, repaired or replaced because "your work," as that term is defined under any Lexington policy alleged in of the Complaint, was incorrectly performed on it.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. As a twenty-third, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole in or part, to the extent that Plaintiff seeks coverage for damage to that particular part of real property on which the insured or its subcontractors performed operations, if the property damage arises out of those operations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. As a twenty-fourth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims against Lexington are barred, in whole or in part, to the extent that the acts or omissions giving rise to the claims asserted by Plaintiff constitutes preventive, precautionary, or prophylactic measures to prevent damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. As a twenty-fifth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks coverage for loss arising from or in connection with "property damage" to impaired property or property that has

not been physically injured arising out of a defect, deficiency, inadequacy, or dangerous condition in any named insured's product or work, or a delay or failure of any named insured to perform a contract or agreement in accordance with its terms.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     As a twenty-sixth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that they are based on any document(s) not constituting a properly underwritten and issued policy from Lexington.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     As a twenty-seventh, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred or limited, in whole or part, to the extent that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiff complains.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     As a twenty-eighth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to institute suit within the period of time required by any applicable statute of limitations, and/or to the extent that such claims otherwise are time-barred.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     As a twenty-ninth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that claims sought in this matter do not seek relief which would be payable as damages under any Lexington policy alleged in of the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     As a thirtieth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that a defense obligation under  any Lexington policy alleged in of the Complaint, if any, does not extend to defense costs incurred prior to the time defense was tendered, if ever, to Lexington.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     As a thirty-first, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, or are reduced, to the extent that the limits of liability of any Lexington policy alleged in of the Complaint has been exhausted or impaired.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     As a thirty-second, separate and distinct affirmative defense, Lexington alleges that to the extent that coverage is proved to be owed under any Lexington policy alleged in of the Complaint for Plaintiff's alleged claims, Lexington is not required to reimburse, indemnify or otherwise make payment for any unreasonable, excessive, improper, unnecessary, or unrelated costs or sums incurred by Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     As a thirty-third, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Lexington's rights of subrogation and contribution have been impaired.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     As a thirty-fourth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that with respect to any contract, obligation or agreement alleged in of the Complaint as having been entered into, any duty of performance by Lexington is excused by reason of failure of consideration, breach of condition precedent, breach of condition subsequent, impossibility of purpose, waiver and/or acceptance by Plaintiff and/or the insured(s).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     As a thirty-fifth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the acts and/or omissions, if any, of Lexington was not the legal cause for losses, damages or injuries alleged in of the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     As a thirty-sixth, separate and distinct affirmative defense, Lexington alleges that it

has no obligation to contribute to attorneys' fees and costs sought by Plaintiff to the extent that any of those fees are unreasonable in that the amount of time charged for tasks related to said services was excessive, and/or to the extent that the hourly rate charged for tasks related to said services was unreasonable and/or excessive.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     As a thirty-seventh, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the insured has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, duty to defend, duty to indemnify, right to contribution, negligence or any other conduct, if any, as set forth in of the Complaint.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     As a thirty-eighth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Lexington' obligations under its policies to provide coverage is limited to those qualifying as insureds under a Lexington policy alleged in of the Complaint.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     As a thirty-ninth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks coverage for "property damage" to the insured's work arising out of it or any part of it, and included in the "products-completed operations hazard," as identified in any Lexington policy alleged in of the Complaint.

### FORTIETH AFFIRMATIVE DEFENSE

40.     As a fortieth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks coverage for claims for any injury or damage known to an "insured" under any Lexington policy alleged in of the Complaint prior to the policy period.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.     As a forty-first, separate and distinct affirmative defense, Lexington alleges that to

the extent that Plaintiff seeks coverage for damages which arise out of a continuous or repeated exposure to substantially the same general conditions, Lexington's coverage, if any, is limited to the amount payable for one occurrence.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. As a forty-second, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks defense or indemnification of conduct which was deliberate, willful and/or intentional in nature.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. As a forty-third, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the equitable doctrine of laches applies.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44. As a forty-fourth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the equitable doctrine of unclean hands applies.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45. As a forty-fifth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's claims are barred, in whole or in part, to the extent the equitable doctrines of waiver and/or estoppel apply.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46. As a forty-sixth, separate and distinct affirmative defense, Lexington alleges that Plaintiff's Complaint contains insufficient information to permit Lexington to raise all appropriate defenses, and Lexington therefore reserves its right to amend and/or supplement this Answer to assert additional defenses.

///

///

///

///

WHEREFORE, LEXINGTON respectfully requests judgment as follows:

1.     That the Court dismiss all claims against Lexington with prejudice;

2.     That Lexington be awarded judgment against Plaintiff;

3.     That Plaintiff take nothing by its Complaint;

4.     That the Court award Lexington its attorneys' fees and costs incurred in this action; and

5.     That the Court award Lexington such other and further relief as the Court deems just and proper.

DATED: June 13, 2013                    HEROLD & SAGER

                                        */s/  Christopher Hendricks*
                                        _____
                                        CHRISTOPHER L. HENDRICKS, ESQ.
                                        ANDREW D. HEROLD, ESQ.
                                        Attorneys for Defendant
                                        Lexington Insurance Company

ANSWER TO COMPLAINT                                          1:13-cv-00576-LJO-BAM