SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
    JoLynn M. Pollard, #136821; jpollard@spcclaw.com
    Michael J. Bartlett, #179653; mbartlett@spcclaw.com
550 S. Hope St., Suite 2350
Los Angeles, California 90071-2618
Tel.: (213) 996-4200; Fax: (213) 892-8322

Attorneys for Defendants NORTHERN INSURANCE
COMPANY OF NEW YORK and ZURICH AMERICAN
INSURANCE COMPANY, erroneously sued
as ZURICH NORTH AMERICAN INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation;<br><br>        Plaintiff,<br><br>    vs.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; FINANCIAL PACIFIC INSURANCE COMPANY, a California corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation; FIRST SPECIALTY INSURANCE CORPORATION, a Missouri corporation; IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation; AMERICAN | Case No. 1:13-cv-00576-LJO(BAM)<br><br>**NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT**<br><br>complaint filed 4/19/13 |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

SAFETY INDEMNITY COMPANY, an Oklahoma corporation; LEXINGTON INSURANCE COMPANY, a Delaware corporation; PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a Washington, D.C. corporation; SECURITY AMERICA RISK RETENTION GROUP, a Vermont corporation; ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation; ZURICH NORTH AMERICAN INSURANCE COMPANY, a New York corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; NORTHERN INSURANCE COMPANY OF NEW YORK, a New York corporation; CHARTIS SPECIALTY INSURANCE COMPANY fka AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois corporation; NAVIGATORS INSURANCE COMPANY, a New York corporation; TRUCK INSURANCE EXCHANGE, a California corporation; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a Kentucky corporation; PRAETORIAN INSURANCE COMPANY, a Pennsylvania; and DOES 1 through 10 inclusive.

Defendant.

Defendant Northern Insurance Company of New York ("NORTHERN"), for itself alone and for no other defendant, files its Answer to the complaint of plaintiff Travelers Property Casualty Company of America ("TRAVELERS") as follows:

1.     Paragraph 1 of the complaint contains no allegations requiring either an admission or denial.

## **JURISDICTION**

2.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint and therefore denies those allegations.

3.     NORTHERN is without knowledge or information sufficient to form a belief

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

as to the truth of the allegations in paragraph 3 of the complaint and therefore denies those allegations.

4.      NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint and therefore denies those allegations.

5.      NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint and therefore denies those allegations.

6.      NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint and therefore denies those allegations.

7.      NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint and therefore denies those allegations.

8.      NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint and therefore denies those allegations.

9.      NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint and therefore denies those allegations.

10.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint and therefore denies those allegations.

11.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint and therefore denies those allegations.

12.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint and therefore denies

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1   those allegations.

2       13.     NORTHERN is without knowledge or information sufficient to form a belief

3   as to the truth of the allegations in paragraph 13 of the complaint and therefore denies

4   those allegations.

5       14.     NORTHERN is without knowledge or information sufficient to form a belief

6   as to the truth of the allegations in paragraph 14 of the complaint and therefore denies

7   those allegations.

8       15.     NORTHERN is without knowledge or information sufficient to form a belief

9   as to the truth of the allegations in paragraph 15 of the complaint and therefore denies

10  those allegations.

11      16.     NORTHERN is without knowledge or information sufficient to form a belief

12  as to the truth of the allegations in paragraph 16 of the complaint and therefore denies

13  those allegations.

14      17.     NORTHERN is without knowledge or information sufficient to form a belief

15  as to the truth of the allegations in paragraph 17 of the complaint and therefore denies

16  those allegations.

17      18.     NORTHERN is without knowledge or information sufficient to form a belief

18  as to the truth of the allegations in paragraph 18 of the complaint and therefore denies

19  those allegations.

20      19.     NORTHERN is without knowledge or information sufficient to form a belief

21  as to the truth of the allegations in paragraph 19 of the complaint and therefore denies

22  those allegations.

23      20.     NORTHERN is without knowledge or information sufficient to form a belief

24  as to the truth of the allegations in paragraph 20 of the complaint and therefore denies

25  those allegations.

26      21.     NORTHERN is without knowledge or information sufficient to form a belief

27  as to the truth of the allegations in paragraph 21 of the complaint and therefore denies

28  those allegations.

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

22.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint and therefore denies those allegations.

23.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint and therefore denies those allegations.

24.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint and therefore denies those allegations.

25.     NORTHERN admits that it is a New York company, that its principal place of business is in Illinois, and that it is authorized to do business in California, in response to the allegations in paragraph 25 of the complaint.

26.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint and therefore denies those allegations.

27.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the complaint and therefore denies those allegations.

28.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint and therefore denies those allegations.

29.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint and therefore denies those allegations.

30.     NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint and therefore denies those allegations.

31.     NORTHERN is without knowledge or information sufficient to form a belief

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

1  as to the truth of the allegations in paragraph 31 of the complaint and therefore denies

2  those allegations.

3      32.      NORTHERN is without knowledge or information sufficient to form a belief

4  as to the truth of the allegations in paragraph 32 of the complaint and therefore denies

5  those allegations.

6                                      **VENUE**

7      33.      NORTHERN is without knowledge or information sufficient to form a belief

8  as to the truth of the allegations in paragraph 33 of the complaint and therefore denies

9  those allegations.

10                          **GENERAL ALLEGATIONS**

11  **A.      The Insurance Policies**

12      34.      NORTHERN is without knowledge or information sufficient to form a belief

13  as to the truth of the allegations in paragraph 34 of the complaint and therefore denies

14  those allegations.

15      35.      NORTHERN is without knowledge or information sufficient to form a belief

16  as to the truth of the allegations in paragraph 35 of the complaint and therefore denies

17  those allegations.

18      36.      NORTHERN is without knowledge or information sufficient to form a belief

19  as to the truth of the allegations in paragraph 36 of the complaint and therefore denies

20  those allegations.

21      37.      NORTHERN is without knowledge or information sufficient to form a belief

22  as to the truth of the allegations in paragraph 37 of the complaint and therefore denies

23  those allegations.

24      38.      NORTHERN is without knowledge or information sufficient to form a belief

25  as to the truth of the allegations in paragraph 38 of the complaint and therefore denies

26  those allegations.

27      39.      NORTHERN is without knowledge or information sufficient to form a belief

28  as to the truth of the allegations in paragraph 39 of the complaint and therefore denies

1    those allegations.

2         40.    NORTHERN is without knowledge or information sufficient to form a belief
3    as to the truth of the allegations in paragraph 40 of the complaint and therefore denies
4    those allegations.

5         41.    NORTHERN is without knowledge or information sufficient to form a belief
6    as to the truth of the allegations in paragraph 41 of the complaint and therefore denies
7    those allegations.

8         42.    NORTHERN is without knowledge or information sufficient to form a belief
9    as to the truth of the allegations in paragraph 42 of the complaint and therefore denies
10   those allegations.

11        43.    NORTHERN is without knowledge or information sufficient to form a belief
12   as to the truth of the allegations in paragraph 43 of the complaint and therefore denies
13   those allegations.

14        44.    NORTHERN is without knowledge or information sufficient to form a belief
15   as to the truth of the allegations in paragraph 44 of the complaint and therefore denies
16   those allegations.

17        45.    NORTHERN is without knowledge or information sufficient to form a belief
18   as to the truth of the allegations in paragraph 45 of the complaint and therefore denies
19   those allegations.

20        46.    NORTHERN is without knowledge or information sufficient to form a belief
21   as to the truth of the allegations in paragraph 46 of the complaint and therefore denies
22   those allegations.

23        47.    NORTHERN is without knowledge or information sufficient to form a belief
24   as to the truth of the allegations in paragraph 47 of the complaint and therefore denies
25   those allegations.

26        48.    NORTHERN is without knowledge or information sufficient to form a belief
27   as to the truth of the allegations in paragraph 48 of the complaint and therefore denies
28   those allegations.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1      49.   NORTHERN is without knowledge or information sufficient to form a belief
2   as to the truth of the allegations in paragraph 49 of the complaint and therefore denies
3   those allegations.

4      50.   NORTHERN is without knowledge or information sufficient to form a belief
5   as to the truth of the allegations in paragraph 50 of the complaint and therefore denies
6   those allegations.

7      51.   NORTHERN is without knowledge or information sufficient to form a belief
8   as to the truth of the allegations in paragraph 51 of the complaint and therefore denies
9   those allegations.

10     52.   NORTHERN is without knowledge or information sufficient to form a belief
11  as to the truth of the allegations in paragraph 52 of the complaint and therefore denies
12  those allegations.

13     53.   NORTHERN is without knowledge or information sufficient to form a belief
14  as to the truth of the allegations in paragraph 53 of the complaint and therefore denies
15  those allegations.

16     54.   NORTHERN is without knowledge or information sufficient to form a belief
17  as to the truth of the allegations in paragraph 54 of the complaint and therefore denies
18  those allegations.

19     55.   NORTHERN is without knowledge or information sufficient to form a belief
20  as to the truth of the allegations in paragraph 55 of the complaint and therefore denies
21  those allegations.

22     56.   NORTHERN is without knowledge or information sufficient to form a belief
23  as to the truth of the allegations in paragraph 56 of the complaint and therefore denies
24  those allegations.

25     57.   NORTHERN is without knowledge or information sufficient to form a belief
26  as to the truth of the allegations in paragraph 57 of the complaint and therefore denies
27  those allegations.

28     58.   NORTHERN is without knowledge or information sufficient to form a belief

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

1   as to the truth of the allegations in paragraph 58 of the complaint and therefore denies
2   those allegations.

3       59.     NORTHERN is without knowledge or information sufficient to form a belief
4   as to the truth of the allegations in paragraph 59 of the complaint and therefore denies
5   those allegations.

6       60.     NORTHERN is without knowledge or information sufficient to form a belief
7   as to the truth of the allegations in paragraph 60 of the complaint and therefore denies
8   those allegations.

9       61.     NORTHERN is without knowledge or information sufficient to form a belief
10  as to the truth of the allegations in paragraph 61 of the complaint and therefore denies
11  those allegations.

12      62.     NORTHERN is without knowledge or information sufficient to form a belief
13  as to the truth of the allegations in paragraph 62 of the complaint and therefore denies
14  those allegations.

15      63.     NORTHERN is without knowledge or information sufficient to form a belief
16  as to the truth of the allegations in paragraph 63 of the complaint and therefore denies
17  those allegations.

18      64.     NORTHERN is without knowledge or information sufficient to form a belief
19  as to the truth of the allegations in paragraph 64 of the complaint and therefore denies
20  those allegations.

21      65.     NORTHERN is without knowledge or information sufficient to form a belief
22  as to the truth of the allegations in paragraph 65 of the complaint and therefore denies
23  those allegations.

24      66.     NORTHERN is without knowledge or information sufficient to form a belief
25  as to the truth of the allegations in paragraph 66 of the complaint and therefore denies
26  those allegations.

27      67.     NORTHERN is without knowledge or information sufficient to form a belief
28  as to the truth of the allegations in paragraph 67 of the complaint and therefore denies

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1   those allegations.

2       68.     NORTHERN is without knowledge or information sufficient to form a belief

3   as to the truth of the allegations in paragraph 68 of the complaint and therefore denies

4   those allegations.

5       69.     NORTHERN is without knowledge or information sufficient to form a belief

6   as to the truth of the allegations in paragraph 69 of the complaint and therefore denies

7   those allegations.

8       70.     NORTHERN is without knowledge or information sufficient to form a belief

9   as to the truth of the allegations in paragraph 70 of the complaint and therefore denies

10  those allegations.

11      71.     NORTHERN is without knowledge or information sufficient to form a belief

12  as to the truth of the allegations in paragraph 71 of the complaint and therefore denies

13  those allegations.

14      72.     NORTHERN is without knowledge or information sufficient to form a belief

15  as to the truth of the allegations in paragraph 72 of the complaint and therefore denies

16  those allegations.

17      73.     NORTHERN is without knowledge or information sufficient to form a belief

18  as to the truth of the allegations in paragraph 73 of the complaint and therefore denies

19  those allegations.

20      74.     NORTHERN is without knowledge or information sufficient to form a belief

21  as to the truth of the allegations in paragraph 74 of the complaint and therefore denies

22  those allegations.

23      75.     NORTHERN is without knowledge or information sufficient to form a belief

24  as to the truth of the allegations in paragraph 75 of the complaint and therefore denies

25  those allegations.

26      76.     NORTHERN is without knowledge or information sufficient to form a belief

27  as to the truth of the allegations in paragraph 76 of the complaint and therefore denies

28  those allegations.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1    77.    NORTHERN is without knowledge or information sufficient to form a belief

2  as to the truth of the allegations in paragraph 77 of the complaint and therefore denies

3  those allegations.

4    78.    NORTHERN denies that it "issued commercial general liability insurance

5  policy no. SCP000534794, effective 2/1/05 to 2/01/06, under which Pavletich Electric, Inc.

6  (referred to as the Northern Insurance Pavletich Policy.)" in response to the allegations in

7  paragraph 78 of the complaint on the basis that this is an incomplete sentence and therefore

8  vague and ambiguous.  Further answering paragraph 78 of the complaint, NORTHERN

9  denies that it issued commercial general liability insurance policy no. SCP000534794 to

10  Pavletich Electric, Inc. for the February 1, 2005 to February 1, 2006 policy period, but

11  admits that it issued commercial general liability insurance policy no. SCP 00534794 to

12  Pavletich Electric, Inc. for the February 1, 2005 to February 1, 2006 policy period.  Further

13  answering paragraph 78 of the complaint, NORTHERN refers to the terms, exclusions,

14  conditions, definitions, declarations, endorsements and/or limitations in commercial

15  general liability insurance policy no. SCP 00534794 issued to Pavletich Electric, Inc. for

16  the February 1, 2005 to February 1, 2006 policy period, which speaks for itself.  Further

17  answering paragraph 78 of the complaint, NORTHERN admits that "Beazer Homes" may

18  qualify as an additional insured under commercial general liability insurance policy no.

19  SCP 00534794 issued to Pavletich Electric, Inc. for the February 1, 2005 to February 1,

20  2006 policy period, but only with respect to liability arising out of Pavletich Electric's

21  ongoing operations performed for "Beazer Homes," and subject to the other terms,

22  exclusions, conditions, definitions, declarations, endorsements and/or limitations in that

23  policy.  NORTHERN is without knowledge or information sufficient to form a belief as to

24  the truth of the remaining allegations in paragraph 78 of the complaint and therefore denies

25  those allegations.

26    79.    NORTHERN is without knowledge or information sufficient to form a belief

27  as to the truth of the allegations in paragraph 79 of the complaint and therefore denies

28  those allegations.

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1    80.    NORTHERN is without knowledge or information sufficient to form a belief
2  as to the truth of the allegations in paragraph 80 of the complaint and therefore denies
3  those allegations.

4    81.    NORTHERN is without knowledge or information sufficient to form a belief
5  as to the truth of the allegations in paragraph 81 of the complaint and therefore denies
6  those allegations.

7    82.    NORTHERN is without knowledge or information sufficient to form a belief
8  as to the truth of the allegations in paragraph 82 of the complaint and therefore denies
9  those allegations.

10    83.    NORTHERN is without knowledge or information sufficient to form a belief
11  as to the truth of the allegations in paragraph 83 of the complaint and therefore denies
12  those allegations.

13    84.    NORTHERN is without knowledge or information sufficient to form a belief
14  as to the truth of the allegations in paragraph 84 of the complaint and therefore denies
15  those allegations.

16    85.    NORTHERN is without knowledge or information sufficient to form a belief
17  as to the truth of the allegations in paragraph 85 of the complaint and therefore denies
18  those allegations.

19    86.    NORTHERN is without knowledge or information sufficient to form a belief
20  as to the truth of the allegations in paragraph 86 of the complaint and therefore denies
21  those allegations.

22    87.    NORTHERN is without knowledge or information sufficient to form a belief
23  as to the truth of the allegations in paragraph 87 of the complaint and therefore denies
24  those allegations.

25    88.    NORTHERN is without knowledge or information sufficient to form a belief
26  as to the truth of the allegations in paragraph 88 of the complaint and therefore denies
27  those allegations.

28    89.    NORTHERN is without knowledge or information sufficient to form a belief

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

1 as to the truth of the allegations in paragraph 89 of the complaint and therefore denies

2 those allegations.

3       90.     NORTHERN denies that it issued commercial general liability policy No.

4 CFP88271664 to Teeters Electric, Inc. for the May 17, 1996 to May 17, 2005 policy period

5 and that it issued commercial general liability policy no SCP000534794 to Teeters

6 Electric, Inc. for the February 1, 2005 to February 1, 2005 policy period in response to the

7 allegations in paragraph 90 of the complaint. Further answering paragraph 90 of the

8 complaint, NORTHERN admits that it issued commercial general liability policy No. CFP

9 88271664 to Teeters Electric, Inc. for the May 17, 2004 to May 17, 2005 policy period.

10 Further answering paragraph 90 of the complaint, NORTHERN refers to the terms,

11 exclusions, conditions, definitions, declarations, endorsements and/or limitations in

12 commercial general liability insurance policy no. CFP 88271664 issued to Teeters Electric,

13 Inc. for the May 17, 2004 to May 17, 2005 policy period, which speaks for itself.

14 NORTHERN is without knowledge or information sufficient to form a belief as to the truth

15 of the remaining allegations in paragraph 78 of the complaint and therefore denies those

16 allegations.

17       91.     NORTHERN is without knowledge or information sufficient to form a belief

18 as to the truth of the allegations in paragraph 91 of the complaint and therefore denies

19 those allegations.

20       92.     NORTHERN is without knowledge or information sufficient to form a belief

21 as to the truth of the allegations in paragraph 92 of the complaint and therefore denies

22 those allegations.

23       93.     NORTHERN is without knowledge or information sufficient to form a belief

24 as to the truth of the allegations in paragraph 93 of the complaint and therefore denies

25 those allegations.

26       94.     NORTHERN admits that "Beazer Homes" may qualify as an additional

27 insured under commercial general liability insurance policy no. SCP 00534794 to

28 Pavletich Electric, Inc. for the February 1, 2005 to February 1, 2006 policy period, but

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

1 only with respect to liability arising out of Pavletich Electric's ongoing operations
2 performed for "Beazer Homes," and subject to the other terms, exclusions, conditions,
3 definitions, declarations, endorsements and/or limitations in that policy.  NORTHERN is
4 without knowledge or information sufficient to form a belief as to the truth of the
5 remaining allegations in paragraph 94 of the complaint and therefore denies those
6 allegations.

7      95.     NORTHERN admits that it possesses copies of commercial general liability
8 insurance policy no. SCP 00534794 issued to Pavletich Electric, Inc. for the February 1,
9 2005 to February 1, 2006 policy period, and commercial general liability policy No. CFP
10 88271664 issued to Teeters Electric, Inc. for the May 17, 2004 to May 17, 2005 policy
11 period in response to the allegations in paragraph 95 of the complaint.  Further answering
12 paragraph 95 of the complaint, NORTHERN refers to the terms, exclusions, conditions,
13 definitions, declarations, endorsements and/or limitations in these insurance policies,
14 which speak for themselves.  NORTHERN is without knowledge or information sufficient
15 to form a belief as to the truth of the remaining allegations in paragraph 95 of the
16 complaint and therefore denies those allegations.

17      96.     NORTHERN admits that "Beazer Homes" may qualify as an additional
18 insured under commercial general liability insurance policy no. SCP 00534794 to
19 Pavletich Electric, Inc. for the February 1, 2005 to February 1, 2006 policy period, but
20 only with respect to liability arising out of Pavletich Electric's ongoing operations
21 performed for "Beazer Homes," and subject to the other terms, exclusions, conditions,
22 definitions, declarations, endorsements and/or limitations in that policy.  NORTHERN is
23 without knowledge or information sufficient to form a belief as to the truth of the
24 remaining allegations in paragraph 96 of the complaint and therefore denies those
25 allegations.

26     **B.**     **The Underlying Action**

27      97.     NORTHERN is without knowledge or information sufficient to form a belief
28 as to the truth of the allegations in paragraph 97 of the complaint and therefore denies

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1  those allegations.  Further answering paragraph 97 of the complaint, NORTHERN

2  responds that the lawsuit currently pending in Madera County, California, Superior Court

3  entitled *Ray, et al. v. Beazer Homes, et al.,* case no. MCV057176 ("UNDERLYING

4  ACTION") cited by TRAVELERS speaks for itself.

5      98.    NORTHERN is without knowledge or information sufficient to form a belief

6  as to the truth of the allegations in paragraph 98 of the complaint and therefore denies

7  those allegations.  Further answering paragraph 98 of the complaint, NORTHERN

8  responds that the UNDERLYING ACTION cited by TRAVELERS speaks for itself.

9      99.    NORTHERN is without knowledge or information sufficient to form a belief

10  as to the truth of the allegations in paragraph 99 of the complaint and therefore denies

11  those allegations.

12      100.    NORTHERN admits that Beazer Homes Holding Corp. tendered its defense

13  to NORTHERN under commercial general liability insurance policy no. SCP 00534794

14  issued to Pavletich Electric, Inc. for the February 1, 2005 to February 1, 2006 policy

15  period, and commercial general liability policy No. CFP 88271664 issued to Teeters

16  Electric, Inc. for the May 17, 2004 to May 17, 2005 policy period, and that NORTHERN

17  denied those tenders.  NORTHERN is without knowledge or information sufficient to form

18  a belief as to the truth of the remaining allegations in paragraph 100 of the complaint and

19  therefore denies those allegations.

20      101.    NORTHERN is without knowledge or information sufficient to form a belief

21  as to the truth of the allegations in paragraph 101 of the complaint and therefore denies

22  those allegations.

23      102.    NORTHERN is without knowledge or information sufficient to form a belief

24  as to the truth of the allegations in paragraph 102 of the complaint and therefore denies

25  those allegations.

26      103.    NORTHERN is without knowledge or information sufficient to form a belief

27  as to the truth of the allegations in paragraph 103 of the complaint and therefore denies

28  those allegations.

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

104.    NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the complaint and therefore denies those allegations.

105.    NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the complaint and therefore denies those allegations.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (By Plaintiff Against All Defendants and Does 1 through 10)

106.    Paragraph 106 of the complaint contains no allegations requiring either an admission or denial.  Further answering paragraph 106, NORTHERN incorporates by reference its responses to all preceding paragraphs to its answer as though fully set forth herein.

107.    NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the complaint and therefore denies those allegations.

108.    NORTHERN denies the allegations against it and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 of the complaint and therefore denies those allegations.

109.    NORTHERN is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the complaint and therefore denies those allegations.

## SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
### (By Plaintiff Against All Defendants and Does 1 – 10)

110.    Paragraph 110 of the complaint contains no allegations requiring either an admission or denial.  Further answering paragraph 110, NORTHERN incorporates by reference its responses to all preceding paragraphs to its answer as though fully set forth herein.

111.    NORTHERN is without knowledge or information sufficient to form a belief

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1   as to the truth of the allegations in paragraph 111 of the complaint and therefore denies

2   those allegations.

3       112.   NORTHERN is without knowledge or information sufficient to form a belief

4   as to the truth of the allegations in paragraph 112 of the complaint and therefore denies

5   those allegations.

6       113.   NORTHERN admits that "Beazer Homes" may qualify as an additional

7   insured under commercial general liability insurance policy no. SCP 00534794 to

8   Pavletich Electric, Inc. for the February 1, 2005 to February 1, 2006 policy period, but

9   only with respect to liability arising out of Pavletich Electric's ongoing operations

10  performed for "Beazer Homes," and subject to the other terms, exclusions, conditions,

11  definitions, declarations, endorsements and/or limitations in that policy.  NORTHERN

12  denies that it is obligated to participate in Beazer Homes' defense in the UNDERLYING

13  ACTION under its policies.  NORTHERN is without knowledge or information sufficient

14  to form a belief as to the truth of the remaining allegations in paragraph 113 of the

15  complaint and therefore denies those allegations.

16      114.   NORTHERN denies the allegations in paragraph 114 of the complaint that

17  concern it and the commercial general liability policies that it issued.  NORTHERN is

18  without knowledge or information sufficient to form a belief as to the truth of the

19  remaining allegations in paragraph 114 of the complaint and therefore denies those

20  allegations.

21      115.   NORTHERN denies the allegations in paragraph 115 of the complaint that

22  concern it and the commercial general liability policies that it issued.  NORTHERN is

23  without knowledge or information sufficient to form a belief as to the truth of the

24  remaining allegations in paragraph 115 of the complaint and therefore denies those

25  allegations.

26      116.   NORTHERN denies the allegations in paragraph 116 of the complaint that

27  concern it and the commercial general liability policies that it issued.  NORTHERN is

28  without knowledge or information sufficient to form a belief as to the truth of the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

1  remaining allegations in paragraph 116 of the complaint and therefore denies those
2  allegations.

3  117.   NORTHERN denies the allegations in paragraph 117 of the complaint that
4  concern it and the commercial general liability policies that it issued.  NORTHERN is
5  without knowledge or information sufficient to form a belief as to the truth of the
6  remaining allegations in paragraph 117 of the complaint and therefore denies those
7  allegations.

8  118.   NORTHERN denies the allegations in paragraph 118 of the complaint that
9  concern it and the commercial general liability policies that it issued.  NORTHERN is
10  without knowledge or information sufficient to form a belief as to the truth of the
11  remaining allegations in paragraph 118 of the complaint and therefore denies those
12  allegations.

13  119.   NORTHERN denies the allegations in paragraph 119 of the complaint that
14  concern it and the commercial general liability policies that it issued.  NORTHERN is
15  without knowledge or information sufficient to form a belief as to the truth of the
16  remaining allegations in paragraph 119 of the complaint and therefore denies those
17  allegations.

18  **PRAYER FOR RELIEF**

19  1.   NORTHERN denies that TRAVELERS is entitled to the relief requested as
20  against NORTHERN, or any relief of any nature.

21  2.   NORTHERN denies that TRAVELERS is entitled to the relief requested as
22  against NORTHERN, or any relief of any nature.

23  3.   NORTHERN denies that TRAVELERS is entitled to the relief requested as
24  against NORTHERN, or any relief of any nature.

25  4.   NORTHERN denies that TRAVELERS is entitled to the relief requested as
26  against NORTHERN, or any relief of any nature.

27  5.   NORTHERN denies that TRAVELERS is entitled to the relief requested as
28  against NORTHERN, or any relief of any nature.

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

### NORTHERN'S AFFIRMATIVE DEFENSES

NORTHERN sets forth its separate and distinct affirmative defenses below to apprise TRAVELERS of potentially applicable defenses. NORTHERN reserves the right to re-evaluate, restate, or delete any of the enumerated defenses and/or to assert additional defenses. By listing any matter as an affirmative defense, NORTHERN does not assume the burden of proving any matter upon which TRAVELERS bears the burden of proof under applicable law. Moreover, by setting forth the following Affirmative Defenses, NORTHERN does not waive its right to assert additional defenses as the facts of this action develop.

As used throughout this Answer, the term "NORTHERN POLICIES" refers to NORTHERN commercial general liability policy No. SCP 000534794 to Pavletich Electric, Inc. for the February 1, 2005 to February 1, 2008 policy period, and commercial general liability policy No. CFP 88271664 issued to Teeters Electric, Inc. for the May 17, 2004 to May 17, 2005 policy period.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief May Be Granted)

1.     TRAVELERS' claims are barred, in whole or in part, to the extent that the complaint fails to state a claim upon which relief can be granted against NORTHERN.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Set Forth Facts Which Give Rise to a Claim)

2.     TRAVELERS' claims are barred, in whole or in part, to the extent that the complaint fails to set forth facts which give rise to a claim against NORTHERN.

### THIRD AFFIRMATIVE DEFENSE
### (Policy Provisions Bar Claims)

3.     TRAVELERS' claims are barred, in whole or in part, by one or more of the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations contained in the NORTHERN POLICIES.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Time Bar)**

4.     TRAVELERS' claims are barred, in whole or in part, to the extent that it failed to institute suit within the period of time required by any applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Property Damage)**

5.     TRAVELERS' claims are barred, in whole or in part, to the extent that some or all of the claims asserted in the UNDERLYING ACTION do not constitute "property damage" as that term is defined in the NORTHERN POLICIES.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Property Damage During Policy Period)**

6.     TRAVELERS' claims are barred, in whole or in part, to the extent the UNDERLYING ACTION does not involve "property damage" that occurred during the policy period of the NORTHERN POLICIES.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Occurrence)**

7.     TRAVELERS' claims are barred, in whole or in part, to the extent that the event(s) alleged in the UNDERLYING ACTION, or alleged to give rise to NORTHERN's alleged liability, do not constitute an "occurrence" as that term is defined in the NORTHERN POLICIES.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Property Damage Caused by an Occurrence)**

8.     TRAVELERS' claims are barred, in whole or in part, to the extent that the alleged "property damage" that is alleged to give rise to TRAVELERS' claims is not caused by an "occurrence" that takes place during the policy period of the NORTHERN POLICIES.

/ / /

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

1                    **NINTH AFFIRMATIVE DEFENSE**

2               **(Condition Precedent - Timely Notice)**

3       9.      TRAVELERS' claims are barred, in whole or in part, to the extent that any

4 insured failed to provide timely and proper notice of any alleged occurrence(s), and/or

5 failed to provide timely and proper notice of any alleged claim or suit instituted against it,

6 as required by the NORTHERN POLICIES as a condition precedent to coverage.

7                  **TENTH AFFIRMATIVE DEFENSE**

8          **(Condition Precedent - Timely Transmittal of Claims)**

9       10.     TRAVELERS' claims are barred, in whole or in part, to the extent that any

10 insured failed to comply with any obligation in the NORTHERN POLICIES requiring it to

11 immediately forward to NORTHERN any demands, notices, summonses, or other process

12 received in connection with a "suit."

13            **ELEVENTH AFFIRMATIVE DEFENSE**

14            **(Condition Precedent - Cooperation)**

15       11.     TRAVELERS' claims are barred, in whole or in part, to the extent that any

16 insured failed to assist and cooperate with NORTHERN, as required by the NORTHERN

17 POLICIES.

18             **TWELFTH AFFIRMATIVE DEFENSE**

19             **(Assumption of Liability Exclusion)**

20       12.     TRAVELERS' claims are barred, in whole or in part, to the extent that any

21 insured assumed liability under any contract or agreement.

22           **THIRTEENTH AFFIRMATIVE DEFENSE**

23                **(Voluntary Payments)**

24       13.     TRAVELERS' claims are barred, in whole or in part, to the extent that any

25 insured voluntarily made any payments, assumed any obligation or incurred any expense

26 without NORTHERN's consent.

27 / / /

28 / / /

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Limits of Liability)**

14.     TRAVELERS' claims are barred, in whole or in part, to the extent that indemnity is sought in excess of the remaining limits of liability set forth in the NORTHERN POLICIES.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Exhaustion/Impairment of Limits)**

15.     TRAVELERS' claims are barred, in whole or in part, or are reduced, to the extent that the limits of the NORTHERN POLICIES have been exhausted or impaired.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Coverage for Non-Insured)**

16.     TRAVELERS' claims are barred, in whole or in part, to the extent they arise out of claims against any person or entity not an insured under the NORTHERN POLICIES.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Other Insurance)**

17.     TRAVELERS' claims are barred, in whole or in part, to the extent that other insurance covering the alleged claims is obligated to respond.  The NORTHERN POLICIES may not cover the events and claims alleged in the complaint or may be excess, to the extent that there exists other insurance.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Set-Off Entitlement)**

18.     The amounts potentially recoverable under the NORTHERN POLICIES, if any, must be reduced or offset by recoveries TRAVELERS has already obtained, or may in the future obtain, from other sources including, but not limited to, settlements with other insurers and sureties, subcontractors, and those subcontractors' insurers and sureties.

/ / /

/ / /

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

## NINETEENTH AFFIRMATIVE DEFENSE

### (Pre-Tender Defense Costs Not Covered)

19.     TRAVELERS' claims are barred, in whole or in part, to the extent that any defense costs were incurred prior to the time the defense was tendered, if ever tendered, to NORTHERN.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unreasonable Costs or Payment)

20.     To the extent that coverage is proved to exist under the NORTHERN POLICIES for TRAVELERS' alleged claims, NORTHERN is not required to reimburse, indemnify or otherwise make payment for any unreasonable, excessive, improper, unnecessary, or unrelated defense costs or sums incurred by TRAVELERS or any alleged additional insured.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Mitigation Obligation)

21.     TRAVELERS' claims are barred, in whole or in part, because any named insured and/or alleged additional insured has failed to mitigate, minimize or avoid any damages allegedly sustained, and any recovery against NORTHERN must therefore be reduced by the amount by which the damages incurred are a result of that failure.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Acts or Omissions of Other Parties - Action Barred)

22.     The sole proximate cause of the damages, if any, sustained by TRAVELERS was due to the negligence, fault, acts or omissions of persons other than NORTHERN, for whose acts or omissions NORTHERN is not legally responsible, thereby barring any recovery against NORTHERN.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Impairment of Subrogation and Contribution Rights)

23.     TRAVELERS' claims are barred, in whole or in part, to the extent NORTHERN's rights of subrogation and contribution have been impaired.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Non-Disclosure, Concealment, or Misrepresentation of Facts)**

24.     TRAVELERS' claims are barred to the extent any named insured and/or alleged additional insured has failed to disclose, concealed or misrepresented facts known to it which were material to the risk allegedly underwritten by NORTHERN.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Defense Obligation)**

25.     NORTHERN has no duty to defend any alleged additional insured under the NORTHERN POLICIES for the claims asserted in the UNDERLYING ACTION, therefore TRAVELERS' claims against NORTHERN are barred.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Indemnity Obligation)**

26.     NORTHERN has no duty to indemnify any alleged additional insured under the NORTHERN POLICIES for the claims asserted in the UNDERLYING ACTION, therefore TRAVELERS' claims against NORTHERN are barred.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Work of Named Insured Not Implicated)**

27.     TRAVELERS' claims are barred, in whole or in part, to the extent that the work of any named insured under the NORTHERN POLICIES is not implicated in the UNDERLYING ACTION.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

28.     TRAVELERS' claims are barred, in whole or in part, to the extent that the events alleged in the complaint arise from any named insured's or alleged additional insured's breach of contract.

/ / /

/ / /

/ / /

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Claims Not Resulting From Named Insured's Work**

**for the Alleged Additional Insured**

29.     TRAVELERS' claims are barred, in whole or in part, to the extent that it does not involve covered "property damage" which results from the named insured's work under the "work contract" with the alleged additional insured.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Failure to Perform Obligations/Conditions)**

30.     TRAVELERS' claims are barred, in whole or in part, to the extent that any named insured or alleged additional insured failed to perform all conditions/obligations under the NORTHERN POLICIES.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Expected Or Intended Damages)**

31.     TRAVELERS' claims are barred, in whole or in part, to the extent that the damages sought were expected or intended by any named insured and/or alleged additional insured.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Obligation for Alleged Additional Insured's Own Acts of Wrong**

**Doing)**

32.     TRAVELERS' claims are barred, in whole or in part, to the extent that the UNDERLYING ACTION arises out of any named insured's and/or any alleged additional insured's own acts or wrongdoing.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**("Additional Insured" Status Subject to Terms of Policy)**

33.     To the extent TRAVELERS asserts that Beazer Homes is "additional insured" under the NORTHERN POLICIES, which NORTHERN denies, that status is subject to the terms of the NORTHERN POLICIES and legal requirements.

/ / /

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Proper Allocation Required)

34.    To the extent that NORTHERN is found to have any obligations with regard to the UNDERLYING ACTION, which NORTHERN denies, a proper allocation of the loss as between NORTHERN, TRAVELERS and Beazer Homer's other insurers, including additional insurers and between coverage and uncovered claims, if any, is required.  Such allocation may result in no sums being allocated to the NORTHERN POLICIES.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Prejudgment Interest)

35.    NORTHERN has no obligation, if any, to pay prejudgment interest.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Laches)

36.    TRAVELERS' claims are barred, in whole or in part, by the equitable doctrine of laches.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

37.    TRAVELERS' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

38.    TRAVELERS' claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Work Performed Exclusion)

39.    TRAVELERS' claims are barred in whole in or part, to the extent that it seek coverage for loss arising from or in connection with property damage to work performed by any named insured arising out of such work or any portion thereof, or out of such

1  materials, parts or equipment furnished in connection therewith.

2  **FORTIETH AFFIRMATIVE DEFENSE**

3  **(Products Exclusion)**

4  40.    TRAVELERS' claims are barred, in whole in or part, to the extent that it seek

5  coverage for loss arising from or in connection with property damage to any named

6  insured's products arising out of such products or any part of such products.

7  **FORTY-FIRST AFFIRMATIVE DEFENSE**

8  **(No Coverage for Damage to Impaired Property or Property Not**

9  **Physically Injured)**

10  41.    TRAVELERS' claims are barred, in whole or in part, to the extent that it

11  seeks coverage for loss arising from or in connection with property damage to impaired

12  property or property that has not been physically injured arising out of a defect, deficiency,

13  inadequacy or dangerous condition in any named insured's product or work, or a delay or

14  failure of any named insured to perform a contract or agreement in accordance with its

15  terms.

16  **FORTY-SECOND AFFIRMATIVE DEFENSE**

17  **(No Coverage for Damage to Named Insured's Work)**

18  42.    TRAVELERS' claims are barred, in whole or in part, to the extent that the

19  UNDERLYING ACTION arises out of the fitness and/or quality of the work performed by

20  any named insured covered under the NORTHERN POLICIES, or else involve defective

21  workmanship.

22  **FORTY-THIRD AFFIRMATIVE DEFENSE**

23  **(Prior Claims or Continuous or Progressively Deteriorating Injury**

24  **Exclusion)**

25  43.    TRAVELERS' claims are barred, in whole or in part, to the extent that it

26  seeks coverage for sums that the named insured becomes legally obligated to pay as

27  damages because of a claim that was first brought against any insured, or first asserted

28  against any insured in a "suit," or first known, reasonably apparent or appreciated to any

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

insured prior to the effective date of the NORTHERN POLICIES.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Insured Status – Ongoing Operation)

44.     To the extent Beazer Homes qualifies as an insured under the NORTHERN POLICIES, NORTHERN's obligations, if any, would extend only with respect to liability arising out of the named insured's ongoing operations performed for Beazer Homes.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Insured Status - Contract)

45.     TRAVELERS' claims are barred, in whole or in part, to extent that its work contract with any named insured does not require that Beazer Homes be named as an additional insured, and/or to the extent the work contract was entered into after the expiration date of the NORTHERN POLICIES.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Insured Status – Timing)

46.     NORTHERN'S obligation to Beazer Homes under the NORTHERN POLICIES, which NORTHERN denies, would not extend to property damage occurring after the earliest of the following times:  (1) when any named insured's work under the work contract has been completed; (2) when that portion of any named insured's work under the work contract out of which any injury or damage arises has been put to its intended use by another person or organization other than another contractor or subcontractor; (3) when coverage under the NORTHERN POLICIES terminates and is not continued by other insurance provided by NORTHERN.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Fungus Exclusion)

47.     TRAVELERS' claims are barred, in whole or in part, to the extent that it seeks coverage for property damage caused directly or indirectly by the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any fungi or bacteria or substance, vapor or gas produced by or arising out of any fungi

28

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1  or bacteria, to the extent that it seeks coverage for property damage caused directly or

2  indirectly, in whole or in part, by any fungus(es) or spore(s) or substances, vapor or gas

3  produced by or arising out of any fungus(es) or spore(s), or any material, product, building

4  component, building or structure that contains, harbors, nurtures or acts as a medium for

5  any fungus(es) or spore(s).

6  **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

7  **(Right to Assert Additional Affirmative Defenses)**

8       48.     The complaint contains insufficient information to permit NORTHERN to

9  raise all appropriate defenses, and NORTHERN therefore reserves its right to amend

10  and/or supplement this Answer to assert additional affirmative defenses.

11

12       WHEREFORE, NORTHERN respectfully requests judgment as follows:

13       1.     That the Court dismiss all claims against NORTHERN with prejudice;

14       2.     That the Court declare that NORTHERN does not owe any duty to pay or

15  indemnify TRAVELERS with respect to any of the claims contained in the complaint;

16       3.     That the Court declare that NORTHERN has no duty to defend or pay

17  defense costs to TRAVELERS with respect to any of the claims contained in the

18  complaint;

19       4.     That the Court declare that TRAVELERS is not entitled to any order,

20  damages, declaration, judgment, attorneys' fees, contribution, interest, or other relief

21  whatsoever as against NORTHERN, including the attorneys' fees and costs TRAVELERS

22  has incurred in this action;/

23       5.     That the Court award NORTHERN its attorneys' fees and costs incurred in

24  this action; and

25  / / /

26  / / /

27  / / /

28  / / /

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

1    6.    That the Court award NORTHERN such other and further relief as the Court

2  deems just and proper.

3  DATED:  June 18, 2013               SINNOTT, PUEBLA,
                                        CAMPAGNE & CURET, APLC
4

5

6                                  By:   /s/ Michael J. Bartlett, Esq.

7                                        JOLYNN M. POLLARD
                                        MICHAEL J. BARTLETT
8                                        Attorneys for Defendants NORTHERN
                                        INSURANCE COMPANY OF NEW YORK
9                                        and ZURICH AMERICAN INSURANCE
                                        COMPANY, erroneously sued as ZURICH
10                                       NORTH AMERICAN INSURANCE
                                        COMPANY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is
4 550 S. Hope St., Suite 2350, Los Angeles, CA 90071-2618.

5      On June 18, 2013, I served true copies of the following document(s) described as **NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO**
6 **COMPLAINT** on the interested parties in this action as follows:

7                    **SEE ATTACHED SERVICE LIST**

8      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the
9 case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by
10 other means permitted by the court rules.

11      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of
12 the bar of this Court at whose direction the service was made.

13      Executed on June 18, 2013, at Los Angeles, California.

14

15                              */s/ Rose Hernandez*_____
                                ROSE HERNANDEZ
16

17

18

19

20

21

22

23

24

25

26

27

28

---

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL. (213) 996-4200 · FAX (213) 892-8322

**SERVICE LIST**

| | |
|---|---|
| Abel Eric Aguilera<br>The Aguilera Law Group, APLC<br>650 Town Center Drive<br>Suite 100<br>Costa Mesa, CA 92626<br>714-384-6600-6620<br>714-384-6601 (fax)<br>eaguilera@aguileragroup.com | Attorney for Plaintiff Travelers Property<br>Casualty Company of America |
| Matthew A. Arigo<br>Bonetati and Kincaid<br>2020 N. Tustin Avenue<br>Santa Ana, CA 92705<br>714-466-6600<br>714-466-6601 (fax)<br>marigo@bonetatilaw.com | Attorney for Defendant Certain<br>Underwriters at Lloyds, London |
| Bryan M Barber<br>Barber Law Group<br>525 University Avenue<br>Suite 600<br>Palo Alto, CA 94301<br>415-273-2930-4<br>bbarber@barberlg.com | Attorney for Defendant Old Republic<br>Insurance Company |
| Ronald D. Echeguren<br>Cresswell Echeguren Rodgers and Noble<br>180 Grand Avenue<br>Suite 440<br>Oakland, CA 94612<br>(510) 444-1735<br>(510) 444-6923 (fax)<br>recheguren@cernlaw.com | Attorney for Defendant First Specialty<br>Insurance Corporation |
| David B Ezra<br>Berger Kahn<br>2 Park Plaza, Suite 650<br>Irvine, CA 92614<br>949-748-4446<br>949-474-7265 (fax)<br>dezra@bergerkahn.com | Attorney for Defendant Probuilders<br>Specialty Insurance Company, RRG |
| Matthew S. Harvey<br>Cresswell, Echeguren, Rodgers & Noble<br>180 Grand Avenue, Suite 440<br>Oakland, CA 94612<br>510-444-1735<br>510-444-6923 (fax)<br>mharvey@cernlaw.com | Attorney for Defendant First Specialty<br>Insurance Corporation |

NORTHERN INSURANCE COMPANY OF NEW YORK'S ANSWER TO COMPLAINT

| | | |
|---|---|---|
| 1 | Christopher Lee Hendricks<br>Herold & Sager | Attorney for Defendant Chartis Specialty<br>Insurance Company |
| 2 | 550 Second St.<br>Suite 100 | |
| 3 | Encinitas, CA 92024<br>760-487-1047 | |
| 4 | 760-487-1064 (fax)<br>chendricks@heroldsagerlaw.com | |
| 5 | | |
| 6 | Andrew D. Herold<br>Herold & Sager | Attorney for Defendant Chartis Specialty<br>Insurance Company |
| 7 | 550 Second Street<br>Suite 200 | |
| 8 | Encinitas, CA 92024<br>760-487-1047 | |
| 9 | 760-487-1064 (fax)<br>aherold@heroldsagerlaw.com | |
| 10 | Linda Wendell Hsu<br>Selman Breitman LLP | Attorney for Defendant Everest Indemnity<br>Insurance Company |
| 11 | 33 New Montgomery Street<br>Sixth Floor | |
| 12 | San Francisco, CA 94105<br>415979-0400 2024 | |
| 13 | 415979-2099 (fax)<br>lhsu@selmanbreitman.com | |
| 14 | | |
| 15 | Trelawney James Kitchen<br>Selman Breitman, LLP | Attorney for Defendant Everest Indemnity<br>Insurance Company |
| 16 | 33 New Montgomery, Sixth Floor<br>San Francisco, CA 94105 | |
| 17 | 415-979-0400-2066<br>415-979-2099 (fax)<br>tkitchen@selmanbreitman.com | |
| 18 | | |
| 19 | Michael J Leahy<br>Haight Brown & Bonesteel, Llp | Attorney for Defendant Interstate Fire &<br>Casualty Company |
| 20 | 555 South Flower Street<br>Forty-fifth Floor | |
| 21 | Los Angeles, CA 90071<br>213-542-8000-8038 | |
| 22 | 213-542-8100 (fax)<br>mleahy@hbblaw.com | |
| 23 | Angela Nicole Martin<br>The Aguilera Law Group APLC | Attorney for Defendant Travelers Property<br>Casualty Company of America |
| 24 | 650 Town Center Drive<br>Suite 100 | |
| 25 | Costa Mesa, CA 92626<br>714-384-6600 | |
| 26 | 714-384-6600 (fax)<br>amartin@aguileragroup.com | |
| 27 | | |
| 28 | | |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

| | |
|---|---|
| John H. Podesta<br>Murchison & Cumming LLP<br>275 Battery Street, Suite 550<br>San Francisco, CA 94111<br>415-524-4300-4317<br>jpodesta@murchisonlaw.com | Attorney for Defendant Ironshore Specialty<br>Insurance Company |
| Patrick M. Quigley<br>Morales Fierro and Reeves<br>2300 Contra Costa Boulevard<br>Suite 310<br>Pleasant Hill, CA 94523<br>925-288-1776<br>pquigley@mfrlegal.com | Attorney for Defendant Ace American<br>Insurance Company |
| Josiah R. Reid<br>Haight Brown & Bonesteel LLP<br>550 West "C" Street<br>Suite 1760<br>San Diego, CA 92101<br>(619) 961-4807<br>(619) 595-7873 (fax)<br>jreid@hbblaw.com | Attorney for Defendant Interstate Fire &<br>Casualty Company |
| Steven Saeyoung Son<br>Kaufman Dolowich & Voluck, LLP<br>11755 Wilshire Boulevard<br>Suite 2400<br>Los Angeles, CA 90025<br>(310) 775-6511<br>(310) 575-9720 (fax)<br>sson@houser-law.com | Attorney for Defendant Truck Insurance<br>Exchange |
| Alan E. Swerdlow<br>Boornazian, Jensen & Garthe<br>P.O. Box 12925<br>555 12th Street<br>Suite 1800<br>Oakland, CA 94604<br>510-834-4350-122<br>510-839-1897 (fax)<br>aswerdlow@big.com | Attorney for Defendant **American Safety<br>Indemnity Company** |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322