STEVEN B. BITTER (SBN: 156911)
sbitter@gordonrees.com
TIMOTHY P. LINDELL (SBN: 208966)
tlindell@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Phone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
NAVIGATORS SPECIALTY INSURANCE COMPANY (formerly known as NIC Insurance
Company) and NAVIGATORS INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; FINANCIAL PACIFIC INSURANCE COMPANY, a California corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation; FIRST SPECIALTY INSURANCE CORPORATION, a Missouri corporation; IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation; | Case No.: 1:13-CV-00576-LJO-BAM<br><br>**ANSWER OF NAVIGATORS SPECIALTY INSURANCE COMPANY AND NAVIGATORS INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Lawrence J. O'Neill<br>Courtroom: 8<br>Complaint filed: April 22, 2013<br>Trial Date: None. |

1

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1  | AMERICAN SAFETY INDEMNITY )
2  | COMPANY, an Oklahoma corporation; )

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

AMERICAN SAFETY INDEMNITY )
COMPANY, an Oklahoma corporation; )
LEXINGTON INSURANCE COMPANY, a )
Delaware corporation; PROBUILDERS )
SPECIALTY INSURANCE COMPANY, )
RRG, a Washington D.C. corporation; )
SECURITY AMERICA RISK RETENTION )
GROUP, a Vermont corporation; ILLINOIS )
UNION INSURANCE COMPANY, an )
Illinois corporation; ZURICH NORTH )
AMERICAN INSURANCE COMPANY, a )
New York corporation; LIBERTY MUTUAL )
INSURANCE COMPANY, a Massachusetts )
corporation; NORTHERN INSURANCE )
COMPANY OF NEW YORK, a New York )
corporation; CHARTIS SPECIALTY )
INSURANCE COMPANY fka AMERICAN )
INTERNATIONAL SPECIALTY LINES )
INSURANCE COMPANY, an Illinois )
corporation; NAVIGATORS INSURANCE )
COMPANY, a New York corporation; )
TRUCK INSURANCE EXCHANGE, a )
California corporation; CERTAIN )
UNDERWRITERS AT LLOYD'S, LONDON,)
a Kentucky corporation; PRAETORIAN )
INSURANCE COMPANY, a Pennsylvania; )
and DOES 1-10 inclusive, )
)
     Defendants. )
)
)
)
_____)

Defendants Navigators Insurance Company and Navigators Specialty Insurance

Company (formerly known as NIC Insurance Company) (collectively "Navigators" or

"Defendants"), by and through their counsel, answer and respond to the Complaint of Travelers

Property Casualty Company of America ("Travelers" or "Plaintiff"). Navigators responds to the

allegations contained in the Complaint on knowledge, information and belief as follows, with the

paragraph numbers in the Answer corresponding to those used in the Complaint as follows:

## ANSWER

1.   Navigators admits that, by filing its lawsuit, Plaintiff purports to seek relief as set

forth in Paragraph 1 of the Complaint. Navigators denies that Plaintiff is entitled to the relief

specified in its Complaint or to any relief from Navigators whatsoever. Navigators denies all

remaining allegations contained in Paragraph 1 of the Complaint.

**JURISDICTION**

2.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and on that basis denies those allegations.

3.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and on that basis denies those allegations.

4.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and on that basis denies those allegations.

5.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and on that basis denies those allegations.

6.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and on that basis denies those allegations.

7.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and on that basis denies those allegations.

8.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and on that basis denies those allegations.

9.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and on that basis denies those allegations.

10.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis denies those allegations.

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

**NAVIGATORS' ANSWER TO COMPLAINT**          **Case No. 1:13-CV-00576-LJO-BAM**

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

11.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis denies those allegations.

12.     Navigators admits the allegations contained in paragraph 12 of the Complaint.

13.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and on that basis denies those allegations.

14.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and on that basis denies those allegations.

15.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and on that basis denies those allegations.

16.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and on that basis denies those allegations.

17.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and on that basis denies those allegations.

18.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and on that basis denies those allegations.

19.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and on that basis denies those allegations.

20.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and on that basis denies those allegations.

**NAVIGATORS' ANSWER TO COMPLAINT**          **Case No. 1:13-CV-00576-LJO-BAM**

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

21. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and on that basis denies those allegations.

22. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and on that basis denies those allegations.

23. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and on that basis denies those allegations.

24. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis denies those allegations.

25. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and on that basis denies those allegations.

26. Navigators admits the allegations contained in paragraph 26 of the Complaint.

27. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and on that basis denies those allegations.

28. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and on that basis denies those allegations.

29. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and on that basis denies those allegations.

30. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and on that basis denies those allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

31.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis denies those allegations.

32.     Navigators admits the Navigators Insurance Company and Navigators Specialty Insurance Company are domiciled in the state of New York.  Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint and on that basis denies those allegations.

**<u>VENUE</u>**

33.     Navigators admits that the Underlying Action is pending in this judicial district within the State of California.  Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint and on that basis denies those allegations.

**<u>GENERAL ALLEGATIONS</u>**

**A.      <u>The Insurance Policies</u>**

34.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and on that basis denies those allegations.

35.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and on that basis denies those allegations.

36.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and on that basis denies those allegations.

37.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and on that basis denies those allegations.

38.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and on that basis denies those

**NAVIGATORS' ANSWER TO COMPLAINT**          **Case No. 1:13-CV-00576-LJO-BAM**

allegations.

39.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and on that basis denies those allegations.

40.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and on that basis denies those allegations.

41.    Navigators admits that Navigators Specialty Insurance Company (formerly known as NIC Insurance Company) issued to B.F. Glass, Inc. dba Fresno Shower Door & Mirror ("B.F. Glass") policy no. 06CGL005457-00 for the policy period 10/22/06 – 10/22/07 and 06CGL005457-01 for the policy period 10/22/07 – 10/22/08.  Navigators denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and on that basis denies those allegations.

43.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and on that basis denies those allegations.

44.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and on that basis denies those allegations.

45.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and on that basis denies those allegations.

46.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and on that basis denies those allegations.

47.    Navigators lacks knowledge or information sufficient to form a belief as to the

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1   truth of the allegations contained in Paragraph 47 of the Complaint and on that basis denies those

2   allegations.

3       48.     Navigators lacks knowledge or information sufficient to form a belief as to the

4   truth of the allegations contained in Paragraph 48 of the Complaint and on that basis denies those

5   allegations.

6       49.     Navigators lacks knowledge or information sufficient to form a belief as to the

7   truth of the allegations contained in Paragraph 49 of the Complaint and on that basis denies those

8   allegations.

9       50.     Navigators lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegations contained in Paragraph 50 of the Complaint and on that basis denies those

11  allegations.

12      51.     Navigators lacks knowledge or information sufficient to form a belief as to the

13  truth of the allegations contained in Paragraph 51 of the Complaint and on that basis denies those

14  allegations.

15      52.     Navigators lacks knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained in Paragraph 52 of the Complaint and on that basis denies those

17  allegations.

18      53.     Navigators lacks knowledge or information sufficient to form a belief as to the

19  truth of the allegations contained in Paragraph 53 of the Complaint and on that basis denies those

20  allegations.

21      54.     Navigators lacks knowledge or information sufficient to form a belief as to the

22  truth of the allegations contained in Paragraph 54 of the Complaint and on that basis denies those

23  allegations.

24      55.     Navigators lacks knowledge or information sufficient to form a belief as to the

25  truth of the allegations contained in Paragraph 55 of the Complaint and on that basis denies those

26  allegations.

27      56.     Navigators lacks knowledge or information sufficient to form a belief as to the

28  truth of the allegations contained in Paragraph 56 of the Complaint and on that basis denies those

allegations.

57.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and on that basis denies those allegations.

58.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and on that basis denies those allegations.

59.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and on that basis denies those allegations.

60.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and on that basis denies those allegations.

61.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and on that basis denies those allegations.

62.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and on that basis denies those allegations.

63.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and on that basis denies those allegations.

64.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and on that basis denies those allegations.

65.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and on that basis denies those allegations.

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

**NAVIGATORS' ANSWER TO COMPLAINT**            **Case No. 1:13-CV-00576-LJO-BAM**

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

66. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and on that basis denies those allegations.

67. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and on that basis denies those allegations.

68. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and on that basis denies those allegations.

69. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and on that basis denies those allegations.

70. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and on that basis denies those allegations.

71. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and on that basis denies those allegations.

72. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and on that basis denies those allegations.

73. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and on that basis denies those allegations.

74. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and on that basis denies those allegations.

75. Navigators lacks knowledge or information sufficient to form a belief as to the

10

truth of the allegations contained in Paragraph 75 of the Complaint and on that basis denies those allegations.

76. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and on that basis denies those allegations.

77. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and on that basis denies those allegations.

78. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and on that basis denies those allegations.

79. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and on that basis denies those allegations.

80. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and on that basis denies those allegations.

81. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and on that basis denies those allegations.

82. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and on that basis denies those allegations.

83. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and on that basis denies those allegations.

84. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and on that basis denies those

allegations.

85.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and on that basis denies those allegations.

86.     Navigators admits that Navigators Specialty Insurance Company (formerly known as NIC Insurance Company) issued to Mike Kuhl & Keith Puett dba San Joaquin Stairs, Inc. ("SJS") policy no. OC06CGL005997-00 for the policy period 11/21/06 – 11/21/07, OC06CGL005997-01 for the policy period 11/21/07 – 11/21/08, OC06CGL005997-02 for the policy period 11/21/08 – 11/21/09, and OC06CGL005997-03 for the policy period 11/21/09 – 11/21/10.  Navigators denies the remaining allegations contained in Paragraph 86 of the Complaint.

87.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and on that basis denies those allegations.

88.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and on that basis denies those allegations.

89.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and on that basis denies those allegations.

90.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and on that basis denies those allegations.

91.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and on that basis denies those allegations.

92.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and on that basis denies those

**NAVIGATORS' ANSWER TO COMPLAINT**          **Case No. 1:13-CV-00576-LJO-BAM**

allegations.

93.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and on that basis denies those allegations.

94.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and on that basis denies those allegations.

95.     Navigators admits that it is in possession of polices issued by it to B.F. Glass and SJS. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 of the Complaint and on that basis denies those allegations.

96.     Navigators denies that Beazer is an insured or additional insured for the underlying action under the Navigators policies referenced in the Complaint. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of the Complaint and on that basis denies those allegations.

**B.      The Underlying Action**

97.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint and on that basis denies those allegations.

98.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint and on that basis denies those allegations.

99.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and on that basis denies those allegations.

100.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint and on that basis denies those allegations.

**NAVIGATORS' ANSWER TO COMPLAINT**          **Case No. 1:13-CV-00576-LJO-BAM**

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

101.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint and on that basis denies those allegations.

102.    Navigators denies that it owed Beazer Homes defense and/or indemnity in the underlying action under the referenced policies issued to B.F. Glass and SJS.  Navigators further denies that it owes any share of Beazer Homes' defense and/or indemnity in relation to the underlying action.  Navigators lacks knowledge or information to form a belief as to the remainder of the allegations contained in Paragraph 102 of the Complaint and on that basis denies those allegations.

103.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and on that basis denies those allegations.

104.    Navigators denies that it owed Beazer Homes defense and/or indemnity in the underlying action under the referenced policies issued to B.F. Glass and SJS.  Navigators further denies that it owes any share of Beazer Homes' defense and/or indemnity in relation to the underlying action.  Navigators lacks knowledge or information to form a belief as to the remainder of the allegations contained in Paragraph 104 of the Complaint and on that basis denies those allegations.

105.    Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and on that basis denies those allegations.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Against All Defendants)

106.    Navigators incorporates by reference its responses to all preceding paragraphs of the Complaint.

107.    Navigators admits that an actual controversy exists between Plaintiff and Navigators concerning Plaintiff's claim under the policies issued by Navigators in connection with the underlying action.  Navigators lacks knowledge or information sufficient to form a

**NAVIGATORS' ANSWER TO COMPLAINT**          **Case No. 1:13-CV-00576-LJO-BAM**

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

belief as to the truth of the remaining allegations set forth in Paragraph 107 of the Complaint and on that basis denies those allegations.

108.     Navigators admits that Plaintiff asserts contentions as set forth in Paragraph 108 of the Complaint and each of its subparts.  Navigators denies those contentions as they relate to Navigators.  Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 108 of the Complaint and on that basis denies those allegations.

109.     Navigators admits the allegations contained in Paragraph 109 of the Complaint.

## SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

### (Against All Defendants)

110.     Navigators incorporates by reference its responses to all preceding paragraphs of the Complaint.

111.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and on that basis denies those allegations.

112.     Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint and on that basis denies those allegations.

113.     Navigators denies the allegations set forth in Paragraph 113 as they relate to additional insured coverage for Beazer Homes for the underlying action under any policy of insurance issued by Navigators.  Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 113 of the Complaint and on that basis denies those allegations.

114.     Navigators denies the allegations set forth in Paragraph 114 as they relate to additional insured coverage for Beazer Homes for the underlying action under any policy of insurance issued by Navigators.  Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 114 of the Complaint and on that basis denies those allegations.

**NAVIGATORS' ANSWER TO COMPLAINT**          **Case No. 1:13-CV-00576-LJO-BAM**

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

115. Navigators denies the allegations set forth in Paragraph 115 as they relate to additional insured coverage for Beazer Homes for the underlying action under any policy of insurance issued by Navigators. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 115 of the Complaint and on that basis denies those allegations.

116. Navigators denies the allegations set forth in Paragraph 116 as they relate to additional insured coverage for Beazer Homes for the underlying action under any policy of insurance issued by Navigators. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 116 of the Complaint and on that basis denies those allegations.

117. Navigators denies the allegations set forth in Paragraph 117 as they relate to additional insured coverage for Beazer Homes for the underlying action under any policy of insurance issued by Navigators. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 117 of the Complaint and on that basis denies those allegations.

118. Navigators denies the allegations set forth in Paragraph 118 as they relate to additional insured coverage for Beazer Homes for the underlying action under any policy of insurance issued by Navigators. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 118 of the Complaint and on that basis denies those allegations.

119. Navigators denies the allegations set forth in Paragraph 119 as they relate to additional insured coverage for Beazer Homes for the underlying action under any policy of insurance issued by Navigators. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 119 of the Complaint and on that basis denies those allegations.

## **PRAYER FOR RELIEF**

The remainder of the Complaint constitutes Plaintiff's prayer for relief. To the extent that a response is required, Navigators denies that Plaintiff is entitled to any relief whatsoever

from Navigators.

Except to the extent expressly admitted in this Answer, Navigators denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

Navigators raises each of the following affirmative defenses to each and every cause of action asserted against it and to each of the acts and/or omissions with which Navigators is charged in the Complaint. Navigators hereby alleges the following affirmative defenses without assuming the burden of proof where the burden is not by law upon Navigators.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action, fails to state facts sufficient to constitute a cause of action against Navigators.

## SECOND AFFIRMATIVE DEFENSE

### (Proximate Cause)

The acts alleged to have been committed by Navigators were not the cause in fact, proximate cause, or legal cause of any damages complained of in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Superseding/Intervening Cause)

Navigators alleges that Plaintiff and/or other superseding and intervening persons, entities, or incidents, and not Navigators, is/are the cause of any resulting damages complained of in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Breach of Insured's Duties)

Plaintiff is foreclosed from seeking damages in connection with any alleged breach of contract by Navigators due to the named insured and/or additional insured's failure to perform its/their obligations under and comply with all conditions of any insurance policy issued by Navigators.

///

**NAVIGATORS' ANSWER TO COMPLAINT**          **Case No. 1:13-CV-00576-LJO-BAM**

# FIFTH AFFIRMATIVE DEFENSE

## (Contributory/Comparative Fault)

Navigators alleges that all damages sustained by Plaintiff, if any, were proximately caused by other parties.

# SIXTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

Navigators alleges that Plaintiff failed to exercise reasonable care to mitigate, minimize or avoid its alleged damages.

# SEVENTH AFFIRMATIVE DEFENSE

## (Acts or Omissions of Others)

Navigators alleges that, if Plaintiffs was injured as alleged in the Complaint, it was injured by acts or omissions of persons or organizations other than Navigators, who were neither under the control of, nor in the employ of, Navigators.

# EIGHTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

Plaintiff's causes of action are barred, in whole or in part, by the doctrine of "unclean hands."

# NINTH AFFIRMATIVE DEFENSE

## (Laches)

Plaintiff's causes of action are barred, in whole or in part, by the doctrine of "laches."

# TENTH AFFIRMATIVE DEFENSE

## (Waiver and Estoppel)

Plaintiff waived its right to assert and/or is estopped from asserting the causes of action against Navigators contained in the Complaint by virtue of its own acts and conduct.

# ELEVENTH AFFIRMATIVE DEFENSE

## (Terms Preclude Coverage)

Plaintiff's causes of action are barred, in whole or in part, by the terms, conditions, definitions, limitations and exclusions contained in the insurance policies issued by Navigators,

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

**NAVIGATORS' ANSWER TO COMPLAINT**    **Case No. 1:13-CV-00576-LJO-BAM**

and/or by public policy or express provision of law.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Policy Of Insurance)

Plaintiff's causes of action against Navigators Insurance Company are barred, in whole or in part, in that Navigators Insurance Company is not a party to any policy of insurance allegedly at issue in this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure To Comply With Conditions Precedent)

Plaintiff's causes of action are barred, in whole or part, to the extent that there was a failure to comply with the conditions precedent to coverage under any policy of insurance issued by Navigators.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Full Performance of Contract)

Navigators alleges that any obligations or duties based on any contracts alleged in the Complaint, if any, have been fully performed and fulfilled by it.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Property Damage)

Plaintiff's causes of action are barred, in whole or part, to the extent there is no claim of "property damage" as required by any insurance policy issued by Navigators.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Property Damage During Policy Period)

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage for "property damage" that did not potentially occur during the policy period of any insurance policy issued by Navigators.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Not Additional Insureds)

Plaintiff's causes of action are barred, in whole or part, to the extent Beazer Homes did not qualify as an additional insured under any policy of insurance issued by Navigators.

19

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Limitation of Coverage to Ongoing Operations)

Plaintiff's causes of action are barred, in whole or part, to the extent the underlying claims did not arise out of Navigators' named insureds' ongoing operations as required in the additional insured endorsements contained in the insurance policies issued by Navigators.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Damage Occurring After Work Completed)

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage for underlying claims which sought damages that occurred after Navigators' named insureds completed their work or work had been put to its intended use as excluded under the additional insured endorsements contained in the insurance policies issued by Navigators.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Exclusion j.(5))

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage for underlying claims that fall within exclusion j.(5) contained in the insurance policies issued by Navigators.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Exclusion j.(6))

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage for underlying claims that fall within exclusion j.(6) contained in the insurance policies issued by Navigators.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Impaired Property Exclusion)

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage for underlying claims that fall within the impaired property exclusion contained in the insurance policies issued by Navigators.

///

///

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### ("Prior Completed or Abandoned Work" Exclusion)

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage for underlying claims that fall within the "Prior Completed or Abandoned Work" exclusion contained in the insurance policies issued by Navigators.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### ("Continuous or Progressive Injury and Damage" Exclusion)

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage for underlying claims that fall within the "Continuous or Progressive Injury and Damage" exclusion contained in the insurance policies issued by Navigators.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Tract Exclusion)

Plaintiff's causes of action are barred, in whole or in part, to the extent they seek coverage for underlying claims that fall within the "Tracts" exclusion contained in the policies issued by Navigators.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Occurrence)

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage for underlying claims that do not arise out of an "occurrence" as required in the insurance policies issued by Navigators.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Conduct)

Navigators alleges that all acts done by it were performed fairly, in good faith, and for a lawful purpose, and were in compliance with the explicit and implied terms of any insurance policy issued by Navigators.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Limits of Liability)

Plaintiff's causes of action are barred, in whole or part, to the extent they seek coverage

for underlying claims, damages and/or defense fees and costs in excess of the limits of liability of any insurance policy issued by Navigators.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Tender)

Plaintiff's causes of action are barred, in whole or part, to the extent they seek contribution for and/or recovery of defense fees and/or costs incurred prior to any tender to Navigators.

## THIRTIETH AFFIRMATIVE DEFENSE

(Right to Raise Additional Defenses)

The Complaint fails to describe the causes of action with sufficient particularity to enable Navigators to determine all of its legal, contractual and equitable rights. As such, Navigators reserves its right to amend and/or supplement its answer and affirmative defenses and assert any and all pertinent defenses ascertained through investigation and discovery in this action.

WHEREFORE, Navigators prays for judgment as follows:

1.   That Plaintiff take nothing by way of its Complaint;

2.   That the Court enter judgment in favor of Navigators on each cause of action alleged against it in the Complaint;

3.   That Navigators be awarded its costs of suit herein; and

4.   For such other and further relief as the Court deems just and proper.


Dated: June 19, 2013                        GORDON & REES LLP

                                            By:   */s/ Timothy P. Lindell*
                                            _____
                                            Steven B. Bitter
                                            Timothy P. Lindell
                                            Attorneys for Defendants
                                            NAVIGATORS SPECIALTY
                                            INSURANCE COMPANY and
                                            NAVIGATORS INSURANCE COMPANY

GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

**NAVIGATORS' ANSWER TO COMPLAINT**                **Case No. 1:13-CV-00576-LJO-BAM**

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA  92101.  On June 19, 2013, I served the within documents:

- **NAVIGATORS SPECIALTY INSURANCE COMPANY AND NAVIGATORS INSURANCE COMPANY'S ANSWER TO COMPLAINT.**

☒ by electronic service through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List, which constitutes service pursuant to FRCP 5(b)(2)(E) and L.R. 5-3.3.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 19, 2013 at San Diego, California.

_____
Maria G. Cerezo

NAVI/1088868/15595263v.1