1   GEORGE D. YARON (State Bar #96246)
    HENRY M. SU (State Bar #171853)
2   **YARON & ASSOCIATES**
    601 California Street, 21st Floor
3   San Francisco, California 94108
    Telephone:    (415) 658-2929
4   Facsimile:    (415) 658-2930
    gyaron@yaronlaw.com
5   hsu@yaronlaw.com

6   Attorneys for Defendant
    FINANCIAL PACIFIC INSURANCE COMPANY
7

8               UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

10

| | |
|---|---|
| 11  TRAVELERS PROPERTY CASUALTY<br>     COMPANY OF AMERICA, a Connecticut)<br>12   corporation.<br><br>13          Plaintiff,<br><br>14     vs.<br><br>15  OLD REPUBLIC INSURANCE COMPANY, a)<br>     Pennsylvania corporation; EVEREST)<br>16  INDEMNITY INSURANCE COMPANY, a)<br>     Delaware corporation; INTERSTATE FIRE &)<br>17  CASUALTY COMPANY, an Illinois)<br>     corporation; FINANCIAL PACIFIC)<br>18  INSURANCE COMPANY, a California)<br>     corporation; ARCH SPECIALTY INSURANCE)<br>19  CO., a Nebraska corporation; NAVIGATORS)<br>     INSURANCE COMPANY; a New York)<br>20  corporation; CLARENDON NATIONAL)<br>     INSURANCE COMPANY, a New Jersey)<br>21  corporation; ACE AMERICAN INSURANCE)<br>     COMPANY fka ALLIED INSURANCE)<br>22  COMPANY, a Pennsylvania corporation; )<br>     NATIONAL UNION FIRE INSURANCE)<br>23  COMPANY OF PITTSBURGH, PA, a)<br>     Pennsylvania corporation; ASPEN SPECIALTY)<br>24  INSURANCE COMPANY, a North Dakota)<br>     Corporation; FIRST SPECIALTY INSURANCE)<br>25  CORPORATION, Missouri Corporation;)<br>     IRONSHORE SPECIALTY INSURANCE)<br>26  COMPANY, an Arizona corporation;)<br>     AMERICAN SAFETY INDEMNITY)<br>27  COMPANY, an Oklahoma corporation;)<br>     LEXINGTON INSURANCE COMPANY, a)<br>28  Delaware corporation; PROBUILDERS) | CASE NO.:   1:13-CV-00576-LJO-BAM<br><br>**DEFENDANT FINANCIAL PACIFIC INSURANCE COMPANY'S ANSWER** |

| | |
|---|---|
| 1 | SPECIALTY INSURANCE COMPANY, RRG,) a Washington, DC corporation; SECURITY) |
| 2 | AMERICA RISK RETENTION GROUP,) Vermont corporation; ILLINOIS UNION) |
| 3 | INSURANCE COMPANY, an Illinois) corporation; ZURICH AMERICAN) |
| 4 | INSURANCE COMPANY, a New York) corporation; LIBERTY MUTUAL, a) |
| 5 | Massachusetts corporation; NORTHERN) INSURANCE COMPANY OF NEW YORK, a) |
| 6 | New York corporation; CHARTIS SPECIALTY) INSURANCE COMPANY fka AMERICAN) |
| 7 | INTERNATIONAL SPECIALTY LINES) INSURANCE COMPANY, an Illinois) |
| 8 | corporation; NAVIGATORS INSURANCE) COMPANY, a New York corporation, TRUCK) |
| 9 | INSURANCE EXCHANGE, a California) corporation; CERTAIN UNDERWRITERS AT) |
| 10 | LLOYD'S, LONDON, a Kentucky corporation;) PRAETORIAN INSURANCE COMPANY, a) |
| 11 | Pennsylvania; and DOES 1 through 10 inclusive ) |
| 12 | Defendants. ) |
| 13 | |

COMES NOW Defendant Financial Pacific Insurance Company ("Financial"), and by way of this Answer, admits and/or denies each of the material allegations in the Complaint of Travelers Property Casualty Company of America ("Plaintiff" or "Travelers") as follows:

1. Financial admits the allegations of Paragraph 1 of the Complaint.

**JURISDICTION**

2. Financial admits the allegations of paragraph 2 of the Complaint.

3. Financial denies the allegations of paragraph 3 of the Complaint on insufficient information and belief.

4. Financial denies the allegations of paragraph 4 of the Complaint on insufficient information and belief.

5. Financial denies the allegations of paragraph 5 of the Complaint on insufficient information and belief.

6. Financial denies the allegations of paragraph 6 of the Complaint on insufficient information and belief.

G:\4582\Pleadings\Answer.wpd

1    7.    Financial denies the allegations of paragraph 7 of the Complaint on insufficient
2    information and belief.

3    8.    Financial denies the allegations of paragraph 8 of the Complaint on insufficient
4    information and belief.

5    9.    Financial denies the allegations of paragraph 9 of the Complaint on insufficient
6    information and belief.

7        10.   Financial admits the allegations in paragraph 10 of the Complaint.

8        11.   Financial denies the allegations of paragraph 11 of the Complaint on insufficient
9    information and belief.

10       12.   Financial denies the allegations of paragraph 12 of the Complaint on insufficient
11   information and belief.

12       13.   Financial denies the allegations of paragraph 13 of the Complaint on insufficient
13   information and belief.

14       14.   Financial denies the allegations of paragraph 14 of the Complaint on insufficient
15   information and belief.

16       15.   Financial denies the allegations of paragraph 15 of the Complaint on insufficient
17   information and belief.

18       16.   Financial denies the allegations of paragraph 16 of the Complaint on insufficient
19   information and belief.

20       17.   Financial denies the allegations of paragraph 17 of the Complaint on insufficient
21   information and belief.

22       18.   Financial denies the allegations of paragraph 18 of the Complaint on insufficient
23   information and belief.

24       19.   Financial denies the allegations of paragraph 19 of the Complaint on insufficient
25   information and belief.

26       20.   Financial denies the allegations of paragraph 20 of the Complaint on insufficient
27   information and belief.

28

G:\4582\Pleadings\Answer.wpd

1    21.    Financial denies the allegations of paragraph 21 of the Complaint on insufficient
2    information and belief.

3    22.    Financial denies the allegations of paragraph 22 of the Complaint on insufficient
4    information and belief.

5    23.    Financial denies the allegations of paragraph 23 of the Complaint on insufficient
6    information and belief.

7    24.    Financial denies the allegations of paragraph 24 of the Complaint on insufficient
8    information and belief.

9    25.    Financial denies the allegations of paragraph 25 of the Complaint on insufficient
10    information and belief.

11    26.    Financial denies the allegations of paragraph 26 of the Complaint on insufficient
12    information and belief.

13    27.    Financial denies the allegations of paragraph 27 of the Complaint on insufficient
14    information and belief.

15    28.    Financial denies the allegations of paragraph 28 of the Complaint on insufficient
16    information and belief.

17    29.    Financial denies the allegations of paragraph 29 of the Complaint on insufficient
18    information and belief.

19    30.    Financial denies the allegations of paragraph 30 of the Complaint on insufficient
20    information and belief.

21    31.    Financial denies the allegations of paragraph 31 of the Complaint on insufficient
22    information and belief.

23    32.    Financial denies the allegations of paragraph 32 of the Complaint on insufficient
24    information and belief.

25                                    **VENUE**

26    33.    Financial denies the allegations of paragraph 33 of the Complaint on insufficient
27    information and belief.

28

# GENERAL ALLEGATIONS

**A.    The Insurance Policies**

34.    Financial denies the allegations of paragraph 34 of the Complaint on insufficient information and belief.

35.    Financial denies the allegations of paragraph 35 of the Complaint on insufficient information and belief.

36.    Financial denies the allegations of paragraph 36 of the Complaint on insufficient information and belief.

37.    Financial denies the allegations of paragraph 37 of the Complaint on insufficient information and belief.

38.    Financial admits, in part, that it issued liability insurance policies to All Metal Fence, Policy Numbers 165996C-E, which were in effect from July 21, 2004 to July 21, 2007. With respect to the remaining allegations, Financial denies each and every allegation on insufficient information and belief. Financial further denies that Beazer Homes is named as an additional insured on insufficient information and belief.

39.    Financial denies the allegations of paragraph 39 of the Complaint on insufficient information and belief.

40.    Financial admits, in part, that it issued liability insurance policies to B.F. Glass Inc. dba Fresno Shower Door & Mirror, Policy Numbers 178312A-D, which were in effect from October 22, 2008 to October 22, 2012. With respect to the remaining allegations, Financial denies each and every allegation on insufficient information and belief. Financial further denies that Beazer Homes is named as an additional insured on insufficient information and belief.

41.    Financial denies the allegations of paragraph 41 of the Complaint on insufficient information and belief.

42.    Financial denies the allegations of paragraph 42 of the Complaint on insufficient information and belief.

43.    Financial denies the allegations of paragraph 43 of the Complaint on insufficient information and belief.

G:\4582\Pleadings\Answer.wpd

1        44.    Financial denies the allegations of paragraph 44 of the Complaint on insufficient
2  information and belief.

3        45.    Financial denies the allegations of paragraph 45 of the Complaint on insufficient
4  information and belief.

5        46.    Financial denies the allegations of paragraph 46 of the Complaint on insufficient
6  information and belief.

7        47.    Financial denies the allegations of paragraph 47 of the Complaint on insufficient
8  information and belief.

9        48.    Financial denies the allegations of paragraph 48 of the Complaint on insufficient
10  information and belief.

11        49.    Financial denies the allegations of paragraph  49 of the Complaint.  Financial has
12  never issued policies to Capital City Drywall, Inc.

13        50.    Financial denies the allegations of paragraph 50 of the Complaint on insufficient
14  information and belief.

15        51.    Financial denies the allegations of paragraph 51 of the Complaint on insufficient
16  information and belief.

17        52.    Financial denies the allegations of paragraph 52 of the Complaint on insufficient
18  information and belief.

19        53.    Financial denies the allegations of paragraph 53 of the Complaint on insufficient
20  information and belief.

21        54.    Financial denies the allegations of paragraph 54 of the Complaint on insufficient
22  information and belief.

23        55.    Financial denies the allegations of paragraph 55 of the Complaint on insufficient
24  information and belief.

25        56.    Financial denies the allegations of paragraph 56 of the Complaint on insufficient
26  information and belief.

27        57.    Financial denies the allegations of paragraph 57 of the Complaint on insufficient
28  information and belief.

1    58.    Financial denies the allegations of paragraph 58 of the Complaint on insufficient
2 information and belief.

3    59.    Financial admits, in part, that it issued a liability insurance policy to Friant Masonry,
4 Policy Numbers 158360A-D, which were in effect from May 27, 1999 to May 27, 2004; and Policy
5 Numbers 175405A-E, which were in effect from May 27, 2007 to the present. With respect to the
6 remaining allegations, Financial denies each and every allegation on insufficient information and
7 belief. Financial further denies that Beazer Homes is named as an additional insured on insufficient
8 information and belief.

9    60.    Financial denies the allegations of paragraph 60 of the Complaint on insufficient
10 information and belief.

11    61.    Financial denies the allegations of paragraph 61 of the Complaint on insufficient
12 information and belief.

13    62.    Financial denies the allegations of paragraph 62 of the Complaint on insufficient
14 information and belief.

15    63.    Financial denies the allegations of paragraph 63 of the Complaint on insufficient
16 information and belief.

17    64.    Financial denies the allegations of paragraph 64 of the Complaint on insufficient
18 information and belief.

19    65.    Financial denies the allegations of paragraph 65 of the Complaint on insufficient
20 information and belief.

21    66.    Financial denies the allegations of paragraph 66 of the Complaint on insufficient
22 information and belief.

23    67.    Financial denies the allegations of paragraph 67 of the Complaint on insufficient
24 information and belief.

25    68.    Financial denies the allegations of paragraph 68 of the Complaint on insufficient
26 information and belief.

27    69.    Financial denies the allegations of paragraph 69 of the Complaint on insufficient
28 information and belief.

1    70.    Financial denies the allegations of paragraph 70 of the Complaint on insufficient
2    information and belief.

3    71.    Financial denies the allegations of paragraph 71 of the Complaint on insufficient
4    information and belief.

5    72.    Financial denies the allegations of paragraph 72 of the Complaint on insufficient
6    information and belief.

7    73.    Financial denies the allegations of paragraph 73 of the Complaint on insufficient
8    information and belief.

9    74.    Financial denies the allegations of paragraph 74 of the Complaint on insufficient
10   information and belief.

11   75.    Financial denies the allegations of paragraph 75 of the Complaint on insufficient
12   information and belief.

13   76.    Financial denies the allegations of paragraph 76 of the Complaint on insufficient
14   information and belief.

15   77.    Financial denies the allegations of paragraph 77 of the Complaint on insufficient
16   information and belief.

17   78.    Financial denies the allegations of paragraph 78 of the Complaint on insufficient
18   information and belief.

19   79.    Financial denies the allegations of paragraph 79 of the Complaint on insufficient
20   information and belief.

21   80.    Financial denies the allegations of paragraph 80 of the Complaint on insufficient
22   information and belief.

23   81.    Financial denies the allegations of paragraph 81 of the Complaint on insufficient
24   information and belief.

25   82.    Financial denies the allegations of paragraph 82 of the Complaint on insufficient
26   information and belief.

27   83.    Financial denies the allegations of paragraph 83 of the Complaint on insufficient
28   information and belief.

1      84.    Financial denies the allegations of paragraph 84 of the Complaint on insufficient

2 information and belief.

3      85    Financial denies the allegations of paragraph 85 of the Complaint on insufficient

4 information and belief.

5      86.    Financial denies the allegations of paragraph 86 of the Complaint on insufficient

6 information and belief.

7      87.    Financial denies the allegations of paragraph 87 of the Complaint on insufficient

8 information and belief.

9      88.    Financial denies the allegations of paragraph 88 of the Complaint on insufficient

10 information and belief.

11      89.    Financial denies the allegations of paragraph 89 of the Complaint on insufficient

12 information and belief.

13      90.    Financial denies the allegations of paragraph 90 of the Complaint on insufficient

14 information and belief.

15      91.    Financial denies the allegations of paragraph 91 of the Complaint on insufficient

16 information and belief.

17      92.    Financial denies the allegations of paragraph 92 of the Complaint on insufficient

18 information and belief.

19      93.    Financial denies the allegations of paragraph 93 of the Complaint on insufficient

20 information and belief.

21      94.    Financial denies the allegations of paragraph 94 of the Complaint on insufficient

22 information and belief.

23      95.    Financial denies the allegations of paragraph 95 of the Complaint on insufficient

24 information and belief.

25      96.    Financial denies the allegations of paragraph 96 of the Complaint on insufficient

26 information and belief.

27 /

28 /

G:\4582\Pleadings\Answer.wpd

1    **B.    The Underlying Action**

2         97.    Financial denies the allegations of paragraph 97 of the Complaint on insufficient
3    information and belief.

4         98.    Financial denies the allegations of paragraph 98 of the Complaint on insufficient
5    information and belief.

6         99.    Financial denies the allegations of paragraph 99 of the Complaint on insufficient
7    information and belief.

8         100.   Financial denies the allegations of paragraph 100 of the Complaint on insufficient
9    information and belief.

10        101.   Financial denies the allegations of paragraph 101 of the Complaint on insufficient
11   information and belief.

12        102.   Financial denies the allegations of paragraph 102 of the Complaint on insufficient
13   information and belief.

14        103.   Financial denies the allegations of paragraph 103 of the Complaint on insufficient
15   information and belief.

16        104.   Financial denies the allegations of paragraph 104 of the Complaint on insufficient
17   information and belief.

18        105.   Financial denies the allegations of paragraph 105 of the Complaint on insufficient
19   information and belief.

20                    **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

21                 **(By Plaintiff Against All Defendants and Does 1 through 10)**

22        106.   Financial denies the allegations of paragraph 106 of the Complaint on insufficient
23   information and belief.

24        107.   Financial denies the allegations of paragraph 107 of the Complaint on insufficient
25   information and belief.

26        108.   Financial denies the allegations of paragraph 108 of the Complaint on insufficient
27   information and belief.

28

1     109.   Financial denies the allegations of paragraph 109 of the Complaint on insufficient

2 information and belief.

3 **SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION**

4 **(By Plaintiff Against All Defendants and Does 1 through 10)**

5     110.   Financial denies the allegations of paragraph 110 of the Complaint on insufficient

6 information and belief.

7     111.   Financial denies the allegations of paragraph 111 of the Complaint on insufficient

8 information and belief.

9     112.   Financial denies the allegations of paragraph 112 of the Complaint on insufficient

10 information and belief.

11     113.   Financial denies the allegations of paragraph 113 of the Complaint on insufficient

12 information and belief.

13     114.   Financial denies the allegations of paragraph 114 of the Complaint on insufficient

14 information and belief.

15     115.   Financial denies the allegations of paragraph 115 of the Complaint on insufficient

16 information and belief.

17     116.   Financial denies the allegations of paragraph 116 of the Complaint on insufficient

18 information and belief.

19     117.   Financial denies the allegations of paragraph 117 of the Complaint on insufficient

20 information and belief.

21     118.   Financial denies the allegations of paragraph 118 of the Complaint on insufficient

22 information and belief.

23     119.   Financial denies the allegations of paragraph 119 of the Complaint on insufficient

24 information and belief.

25 **AFFIRMATIVE DEFENSES**

26     AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELER'S

27 COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, Financial

28 alleges that Travelers' Complaint, and each cause of action thereof, is barred to the extent it fails to

1  state facts sufficient to constitute a claim or cause of action upon which relief can be granted against

2  Financial.

3      AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

4  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

5  THEREOF, Financial is informed and believes, and thereon alleges, that the damages complained

6  of, if any there were, were proximately contributed to or caused by the actionable conduct of the

7  remaining parties in this action, including the Plaintiff and/or by other persons, corporations or

8  business entities unknown to Financial at this time, and were not caused in any way by Financial,

9  or by persons for whom Financial is legally liable. Should Financial be found liable to Travelers,

10  which liability is expressly denied, Financial is entitled to have this award against it abated, reduced

11  or eliminated to the extent that the actionable conduct of the remaining parties in this action, or by

12  other persons, corporations or business entities, contributed to Travelers' damages, if any.

13      AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

14  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

15  THEREOF, Financial is informed and believes, and thereon alleges, that Travelers' Complaint, and

16  each cause of action thereof, is barred by the statute of limitations, including the limitations set forth

17  in the California Code of Civil Procedure beginning with section 335 and continuing through 349.4,

18  and more particularly, but not limited to, the following sections 337(1), 337.1, 337.15, 338, 339, 340

19  and 343.

20      AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

21  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

22  THEREOF, Financial is informed and believes, and thereon alleges, that Travelers' Complaint, and

23  each cause of action thereof, is barred due to lack of proper notice to Financial.

24      AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS'

25  COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, Financial

26  is informed and believes, and thereon alleges, that Travelers' Complaint unreasonably delayed

27  commencing and in prosecuting the subject civil action, to the irreparable prejudice of Financial

28  and, therefore, this action is barred by the equitable doctrine of laches.

1    AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
2  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
3  THEREOF, Financial is informed and believes, and thereon alleges, that Travelers' Complaint, and
4  each cause of action thereof, is barred by virtue of Travelers' knowing and voluntary waiver of any
5  obligations or liabilities of Financial, if any there were.

6    AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
7  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
8  THEREOF, Financial is informed and believes, and thereon alleges, that Travelers failed and
9  neglected to use reasonable care to minimize and mitigate the losses, injuries and damages
10 complained of, if any there were, as required by law.

11    AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
12 TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
13 THEREOF, Financial is informed and believes, and thereon alleges, that Travelers is estopped from
14 recovering any damages herein.

15    AS A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS'
16 COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, Travelers'
17 claims are barred to the extent Plaintiff incurred unreasonable, inappropriate, and excessive costs
18 to defend *Ray, et al. v. Beazer Homes, et al.*, Madera County Superior Court, Case No.:
19 MCV057176 ("Underlying Action") upon which Travelers' Complaint is based.

20    AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
21 TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
22 THEREOF, to the extent that the Financial policies provide coverage for the Underlying Action,
23 which Financial expressly denies, the extent of such coverage must be limited by principles of
24 equitable allocation.

25    AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
26 TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
27 THEREOF, Financial seeks and asserts a set-off of any liability on its part to the extent provided by

28

1  law or contract based upon the existence of coverage provided by others or payments made by others
2  to Travelers or on behalf of Beazer Homes.

3  AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
4  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
5  THEREOF, if it is determined that Financial has an obligation to contribute to Travelers for sums
6  allegedly paid for defense of Beazer Homes in the Underlying Action, which Financial expressly
7  denies, Travelers would be entitled only to a reimbursement of an amount which is fair, reasonable,
8  and equitable under all the circumstances.

9  AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
10  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
11  THEREOF, the expenses allegedly incurred by Travelers for which it seeks contribution were
12  incurred voluntarily and without contractual or legal obligation and without Financial's consent and,
13  therefore, do not give rise to any obligation on behalf of Financial to pay damages or contribution
14  to Travelers.

15  AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
16  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
17  THEREOF, Financial is informed and believes, and thereon alleges, that the equities of Travelers
18  are not superior to those of Financial and are, in fact, inferior to those of Financial. Accordingly,
19  Travelers is not entitled to any relief from Financial.

20  AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
21  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION
22  THEREOF, Financial's obligations, if any, are limited to an appropriate pro-rata share of the
23  underlying liability and Financial may be entitled to contribution, indemnification, apportionment
24  or other relief from Travelers, the other Defendants and Cross-Defendants and/or from other entities,
25  and any liability or duty Financial may owe should be limited or reduced by such contribution,
26  indemnification, apportionment or other relief.

27  AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
28  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

G:\4582\Pleadings\Answer.wpd

1   THEREOF, Financial is informed and believes and thereon alleges that the claims alleged in the

2   operative Complaint are barred by the holding of *Bramalea California, Inc., v. Reliable Interiors,*

3   *Inc.,* 119 Cal.App.4th 468 (2004).

4        AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

5   TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

6   THEREOF, Financial is informed and believes, and thereon alleges, that recovery from Financial

7   under Travelers' Complaint is barred by any and all of the terms and conditions contained in the

8   insuring agreement in the relevant Financial policies, which Financial understands may contain the

9   following pertinent language:

10       SECTION I - COVERAGES
         COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE
11       LIABILITY

12       1.    Insuring Agreement

13            a.    We will pay those sums that the insured becomes
14  legally obligated to pay as damages because of
    "bodily injury" or "property damage" to which this
15  insurance applies. We will have the right and duty to
    defend the insured against any "suit" seeking those
16  damages, if and only if, no other insurance affording
    a defense or indemnity against such "suit" is
17  available. We may at our discretion, investigate any
    "occurrence" and settle any claim or "suit" that may
    result. But:

18
19               (1)    The amount we will pay for damages is
    limited as described in LIMITS OF
    INSURANCE (SECTION III); and

20
21               (2)    Our right and duty to defend end when we
22  have used up the applicable limit of insurance
    in the payment of judgments or settlements
23  under Coverages A or B or medical expenses
    under Coverage C.

24
25  No other obligation or liability to pay sums or perform
    acts or services is covered unless explicitly provided
26  for under SUPPLEMENTARY PAYMENTS -
    COVERAGES A AND B.

27
28            b.    This insurance applies to "bodily injury" and
    "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2)     The "bodily injury" or "property damage" occurs during the policy period.

c.     Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

AS A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, Financial is informed and believes, and thereon alleges, that recovery from Financial under Travelers' Complaint is barred by any and all of the terms and conditions contained in the exclusionary provisions or limits in the relevant Financial policies, which Financial understands may contain the following pertinent language:

SECTION I - COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    * * *

2.   Exclusions

This insurance does not apply to:

    * * *

j.     "Property damage" to:

(1)     Property you own, rent, or occupy:

(2)     Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)     Property loaned to you;

(4)     Personal property in the care, custody or control of the insured;

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if

the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premise are "your work" and were never occupied, rented or held for rent by you.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k.     "Property damage" to "your product" arising out of it or any part of it.

l.     "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.     "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n.     Damages claimed for any loss, cost, or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)     "Your product";
(2)     "Your work"; or
(3)     "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization

because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

o.   Any award of attorneys fees and or costs against the insured.

Exclusions c. through o. do not apply to damage by fire to premises while rented to you. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (SECTION III).

AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, Financial is informed and believes, and thereon alleges, that recovery from Financial under Travelers' Complaint is barred by any and all of the terms and conditions contained in the conditions section in the relevant Financial policies, which Financial understands may contain the following pertinent language:

SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

1.   Bankruptcy

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligation under this Coverage Part.

2.   Duties In The Event of Occurrence, Offense, Claim or Suit

a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)   How, when and where the "occurrence" or offense took place;

(2)   The names and addresses of any injured persons and witnesses; and

(3)   The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.   If a claim is made or "suit" is brought against any insured, you must:

(1)   Immediately record the specifics of claim or "suit" and the date received; and

(2)   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summons, or legal papers received in connection with the claim or "suit";

        (2)    Authorize us to obtain records and other information;

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.    No insured will, except that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

3.    Legal Action Against Us

No person or organization has a right under this Coverage Part:

    a.    To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

    b.    To sue us, on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

4.    Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A and B of this Coverage Part, our obligations are limited as follows:

a.    Primary Insurance

This insurance is primary except when b. below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in c. below.

b.    Excess Insurance

This insurance is excess over:

(1)    Any of the other insurance, whether primary, excess, contingent or on any other basis:

* * *

(2)    Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insurer against that "suit".  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1)    The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)    The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c.    Method of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

G:\4582\Pleadings\Answer.wpd

1

2   If any of the other insurance does not permit contribution
    by equal shares, we will contribute by limits.  Under this
3   method, each insurer's share is based on the ratio of ts
    applicable limit of insurance to the total applicable limits of
    insurance for all insurers.

4

5       AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

6   TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

7   THEREOF, Financial is informed and believes, and thereon alleges, that recovery from Financial

8   under Travelers' Complaint is barred by any and all of the terms and conditions contained in the

9   additional insured endorsement of the Financial policies, which Financial understands may

10  contain the following pertinent language:

11              ADDITIONAL INSURED - OWNERS, LESSEES OR
                CONTRACTORS (FORM B)
12
                This endorsement modifies insurance provided under the
13              following:

14              COMMERCIAL GENERAL LIABILITY COVERAGE
                PART
15
                                SCHEDULE
16
                Name of Person or Organization:
17
                (If no entry appears above, information required to
18              complete this endorsement will be shown in the
                Declarations as applicable to this endorsement.)
19
                WHO IS AN INSURED (Section II) is amended to include
20              as an insured the person or organization shown in the
                Schedule, but only to the extent that the person or
21              organization is held liable for your acts or omissions for
                your ongoing operations performed for that insured.
22
                IT IS UNDERSTOOD AND AGREED THAT THIS
23              INSURANCE IS PRIMARY AND ANY OTHER
                INSURANCE SHALL BE EXCESS ONLY AND NOT
24              CONTRIBUTING WITH THIS INSURANCE.

25      AS A TWENTY- FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

26  TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

27  THEREOF, Financial is informed and believes, and thereon alleges, that recovery from Financial

28  under Travelers' Complaint is barred by any and all of the terms and conditions contained in the

1 designated work endorsement of the Financial policies, which Financial understands may contain

2 the following pertinent language:

3        EXCLUSION - DESIGNATED WORK

4        This endorsement modifies insurance provided under the following:

5        COMMERCIAL GENERAL LIABILITY COVERAGE PART
       PRODUCTS/COMPLETED OPERATIONS LIABILITY

6        COVERAGE PART

7                     SCHEDULE

8        Description of your work:

9        All work outside the state of the principal place of your business
       which is not a contiguous state thereto.

10

11        All work which is the cause of continuous and progressive damage,
       completed by you, or on your behalf, prior to the inception date of

12        this policy period.

13        (If no entry appears above, information required to complete this
       endorsement will be shown in the Declarations as applicable to this

14        endorsement.)

15        This insurance does not apply to "bodily injury", "property
       damage","personal injury" or "advertising injury" arising out of

16        "your work" shown in the Schedule.

17     AS A TWENTY - SECOND  SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

18 TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

19 THEREOF,  Financial is informed and believes and thereon alleges that the  recovery from

20 Financial under Travelers' Complaint is barred by any or all terms and conditions contained in

21 certain definitions of the relevant Financial policies, which Financial understands may contain the

22 following pertinent language:

23        SECTION V - DEFINITIONS

24                     * * *

25        5.     "Impaired property" means tangible property, other than
             "your product" or "your work", that cannot be used or is less

26              useful because:

27              a. In incorporates "your product" or "your work" that is
                known or thought to be defective, deficient, inadequate or

28                 dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work;" or

b. Your fulfilling the terms of the contract or agreement.

\* \* \*

8.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

10. a.   "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned.

b. "Your work" will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls work at more than one site.

(3) When that part of the work done at the job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

c. This hazard does not include "bodily injury" or " property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading or unloading" of it;

1              (2) The existence of tools, uninstalled equipment or
                  abandoned or unused materials;

2

3              (3) Products or operations for which the
                  classification   in this Coverage Part or in our
                  manual of rules        includes products or

4                     completed operations.

5                           * * *

6       11.     "Property damage" means:

7           a. Physical injury to tangible property, including all
           resulting  loss of use of that property.  All such loss of use

8              shall be deemed to occur at the time of the physical injury
           that caused it; or

9

10          b. Loss of use of tangible property that is not physically
           injured.  All such loss shall be deemed to occur at the
           time of the "occurrence" that caused it.

11

12                          * * *

13      13.     "Your product"  means:

14          a. Any goods or products, other than real property,
           manufactured, sold, handled, distributed or disposed by:

15

16             (1) You;

17             (2) Others trading under your name; or

18             (3) A person or organization whose business
           assets       you have acquired and

19          b. Container (other than vehicles), materials, parts or
           equipment furnished in connection with such goods or

20             products.

21          "Your product" includes:

22          a. Warranties or representations made at any time with
           respect to the fitness, quality, durability, performance or

23             use of "your product," and

24          b. The providing of or failure to provide warnings or
           instructions.

25                          * * *

26      14.     "Your work"  means:

27

28          a. Work or operations performed by you or on your behalf;
           and

G:\4582\Pleadings\Answer.wpd

b. Materials, parts or equipment furnished in connection
           with such work or operations.

        "Your work" includes:

        a. Warranties or representations made at any time with
           respect to the fitness, quality, durability, performance or
           use of "your work," and

        b. The providing of or failure to provide warnings or
           instructions.

        AS A TWENTY - THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION

THEREOF, Financial is informed and believes and thereon alleges that the recovery from

Financial under Travelers' Complaint is barred because the Underlying Action does not seek

damages or claims that fall within the policy periods in the relevant Financial policies.

        AS AN TWENTY - FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

DEFENSE TO TRAVELERS' COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF

ACTION THEREOF, Financial alleges that it is informed and believes and thereon alleges there

may be other affirmative defenses available to it of which it is presently unaware, and Financial

reserves the right to supplement these affirmative defenses at a later date. Financial reserves the

right to assert additional defenses upon discovery of further information concerning the

underlying claims, and upon the development of any other pertinent information. Financial also

reserves the right to amend this pleading at the conclusion of discovery or at any other appropriate

time to reflect additional defenses to it as revealed through discovery.

        WHEREFORE, this answering Defendant prays as follows:

        1.      That Plaintiff takes nothing by its Complaint and that this answering Defendant be

dismissed hence;

        2.      For reasonable attorneys' fees;

        3.      For costs of suit incurred herein; and

        4.      For such other and further relief as the Court deems fit and proper.

G:\4582\Pleadings\Answer.wpd

DATED: June 20 2013                    YARON & ASSOCIATES


                            By: _____
                                GEORGE D. YARON
                                HENRY M. SU
                                Attorneys for Defendant FINANCIAL
                                PACIFIC INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is **Yaron & Associates, 601 California Street, Suite 2100, San Francisco, California 94108.**

On **June 21, 2013,** I served the within:

### DEFENDANT FINANCIAL PACIFIC INSURANCE COMPANY'S ANSWER

### CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

*TO ALL PARTIES ON THE ECF SERVICE LIST*

✖ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **June 21, 2013**, at San Francisco, California.

_____
**Lydia Burton**
lburton@yaronlaw.com