GREGORY J. NEWMAN (SBN 169057)
E-mail: gnewman@selmanbreitman.com
HEE SUNG YOON (SBN 251612)
E-mail: hyoon@selmanbreitman.com
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025
Telephone:     (310) 445-0800
Facsimile:      (310) 473-2525

Attorneys for Defendant
ARCH SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporaton,<br><br>Plaintiff,<br><br>v.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; FINANCIAL PACIFIC INSURANCE COMPANY, a California corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation, CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation; FIRST SPECIALTY INSURANCE COMPANY, a Missouri corporation; IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation; AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation; LEXINGTON INSURANCE COMPANY, a Delaware corporation; | CASE NO.     1:13-cv-00576-LJO-BAM<br><br>Judge  :  Hon.  Lawrence J. O'Neill<br><br>**ARCH SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: April 19, 2013 |

1

566154.1  1180.34842

1  PROBUILDERS SPECIALTY INSURANCE
   COMPANY, RRG, a Washington, D.C.
2  corporation; SECURITY AMERICA RISK
   RETENTION GROUP, a Vermont corporation;
3  ILLINOIS UNION INSURANCE COMPANY,
   an Illinois corporation; ZURICH NORTH
4  AMERICAN INSURANCE COMPANY, a
   New York corporation; LIBERTY MUTUAL
5  INSURANCE COMPANY, a Massachusetts
   corporation; NORTHERN INSURANCE
6  COMPANY OF NEW YORK, a New York
   corporation; CHARTIS SPECIALTY
7  INSURANCE COMPANY fka AMERICAN
   INTERNATIONAL SPECIALTY LINES
8  INSURANCE COMPANY, an Illinois
   corporation; NAVIGATORS INSURANCE
9  COMPANY, a New York corporaton; TRUCK
   INSURANCE EXCHANGE, a California
10 corporation; CERTAIN UNDERWRITERS AT
   LLOYD'S OF LONDON, a Kentucky
11 corporation; PRAETORIAN INSURANCE
   COMPANY, a Pennsylvania corporation, and
12 DOES 1 through 10, inclusive,

13              Defendants.

14

15      COMES NOW Defendant ARCH SPECIALTY INSURANCE COMPANY ("Arch") for

16 itself and for no others, and answers the Complaint of Plaintiff TRAVELERS PROPERTY

17 CASUALTY COMPANY OF AMERICA ("Plaintiff") as follows:

18      1.      Arch admits that Plaintiff is seeking equitable contribution and judicial declaration

19 with regard to defense fees and costs incurred in an action entitled *Ray, et. al. v. Beazer Homes, et.*

20 *al.*, Superior Court for Madera County, case no. MCV05716 (the "Underlying Action").

21                          **JURISDICTION**

22      2.      Arch lacks sufficient personal knowledge and information to form a belief as to the

23 truth of the allegations in paragraph 2 of the complaint and, on that basis, denies each and every

24 allegation contained therein.

25      3.      Arch lacks sufficient personal knowledge and information to form a belief as to the

26 truth of the allegations in paragraph 3 of the complaint and, on that basis, denies each and every

27 allegation contained therein.

28      4.      Arch lacks sufficient personal knowledge and information to form a belief as to the

truth of the allegations in paragraph 4 of the complaint and, on that basis, denies each and every allegation contained therein.

5.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 5 of the complaint and, on that basis, denies each and every allegation contained therein.

6.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 6 of the complaint and, on that basis, denies each and every allegation contained therein.

7.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 7 of the complaint and, on that basis, denies each and every allegation contained therein.

8.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 8 of the complaint and, on that basis, denies each and every allegation contained therein.

9.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 9 of the complaint and, on that basis, denies each and every allegation contained therein.

10.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 10 of the complaint and, on that basis, denies each and every allegation contained therein.

11.     Arch admits the allegations in paragraph 11 of the complaint.

12.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 12 of the complaint and, on that basis, denies each and every allegation contained therein.

13.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 13 of the complaint and, on that basis, denies each and every allegation contained therein.

14.     Arch lacks sufficient personal knowledge and information to form a belief as to the

Selman Breitman LLP
ATTORNEYS AT LAW

566154.1  1180.34842

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

truth of the allegations in paragraph 14 of the complaint and, on that basis, denies each and every allegation contained therein.

15.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 15 of the complaint and, on that basis, denies each and every allegation contained therein.

16.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 16 of the complaint and, on that basis, denies each and every allegation contained therein.

17.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 17 of the complaint and, on that basis, denies each and every allegation contained therein.

18.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 18 of the complaint and, on that basis, denies each and every allegation contained therein.

19.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 19 of the complaint and, on that basis, denies each and every allegation contained therein.

20.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 20 of the complaint and, on that basis, denies each and every allegation contained therein.

21.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 21 of the complaint and, on that basis, denies each and every allegation contained therein.

22.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 22 of the complaint and, on that basis, denies each and every allegation contained therein.

23.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 23 of the complaint and, on that basis, denies each and every

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

allegation contained therein.

24. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 24 of the complaint and, on that basis, denies each and every allegation contained therein.

25. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 25 of the complaint and, on that basis, denies each and every allegation contained therein.

26. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 26 of the complaint and, on that basis, denies each and every allegation contained therein.

27. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 27 of the complaint and, on that basis, denies each and every allegation contained therein.

28. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 28 of the complaint and, on that basis, denies each and every allegation contained therein.

29. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 29 of the complaint and, on that basis, denies each and every allegation contained therein.

30. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 30 of the complaint and, on that basis, denies each and every allegation contained therein.

31. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 31 of the complaint and, on that basis, denies each and every allegation contained therein.

32. Arch admits that there is a diversity of citizenship between Plaintiff and Arch as alleged in paragraph 32 of the complaint. Arch lacks sufficient personal knowledge and information to form a belief as to whether there is a diversity of citizenship between Plaintiff and

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

any other defendant.

**VENUE**

33.     Arch admits the allegations in paragraph 33 of the complaint.

**GENERAL ALLEGATIONS**

34.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 34 of the complaint and, on that basis, denies each and every allegation contained therein.

35.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 35 of the complaint and, on that basis, denies each and every allegation contained therein.

36.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 36 of the complaint and, on that basis, denies each and every allegation contained therein.

37.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 37 of the complaint and, on that basis, denies each and every allegation contained therein.

38.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 38 of the complaint and, on that basis, denies each and every allegation contained therein.

39.     Arch admits that it issued commercial general liability policy numbers 72DPC1441200, effective October 22, 2003 to October 22, 2004; GAP0002431-00, effective October 22, 2004 to October 22, 2005; and GAP 0002431 01, effective October 22, 2005 to October 22, 2006 to B.F. Glass, Inc. dba Fresno Shower Door & Mirror.  Arch denies that Beazer Homes is named as an additional insured under any of these policies.

40.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 40 of the complaint and, on that basis, denies each and every allegation contained therein.

41.     Arch lacks sufficient personal knowledge and information to form a belief as to the

6

566154.1  1180.34842

Selman Breitman LLP
ATTORNEYS AT LAW

truth of the allegations in paragraph 41 of the complaint and, on that basis, denies each and every allegation contained therein.

42.     Arch admits that it issued commercial general liability policy numbers RGP 0005425 00, effective April 1, 2005 to April 1, 2006; RGP 0005425 01, effective April 1, 2006 to April 1, 2007; and RGP 0005425 02, effective April 1, 2007 to April 1, 2008 to Beutler Corporation. Arch denies that Beazer Homes is named as an additional insured under any of these policies.

43.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 43 of the complaint and, on that basis, denies each and every allegation contained therein.

44.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 44 of the complaint and, on that basis, denies each and every allegation contained therein.

45.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 45 of the complaint and, on that basis, denies each and every allegation contained therein.

46.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 46 of the complaint and, on that basis, denies each and every allegation contained therein.

47.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 47 of the complaint and, on that basis, denies each and every allegation contained therein.

48.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 48 of the complaint and, on that basis, denies each and every allegation contained therein.

49.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 49 of the complaint and, on that basis, denies each and every allegation contained therein.

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

Selman Breitman LLP
ATTORNEYS AT LAW

50.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 50 of the complaint and, on that basis, denies each and every allegation contained therein.

51.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 51 of the complaint and, on that basis, denies each and every allegation contained therein.

52.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 52 of the complaint and, on that basis, denies each and every allegation contained therein.

53.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 53 of the complaint and, on that basis, denies each and every allegation contained therein.

54.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 54 of the complaint and, on that basis, denies each and every allegation contained therein.

55.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 55 of the complaint and, on that basis, denies each and every allegation contained therein.

56.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 56 of the complaint and, on that basis, denies each and every allegation contained therein.

57.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 57 of the complaint and, on that basis, denies each and every allegation contained therein.

58.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 58 of the complaint and, on that basis, denies each and every allegation contained therein.

59.     Arch lacks sufficient personal knowledge and information to form a belief as to the

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

Selman Breitman LLP
ATTORNEYS AT LAW

1  truth of the allegations in paragraph 59 of the complaint and, on that basis, denies each and every

2  allegation contained therein.

3  60.  Arch admits that it issued commercial general liability policy number

4  39CGL02562-00, effective November 9, 2005 to November 9, 2006 to General Construction

5  Works, Inc. Arch denies that Beazer Homes is named as an additional insured under this policy.

6  61.  Arch lacks sufficient personal knowledge and information to form a belief as to the

7  truth of the allegations in paragraph 61 of the complaint and, on that basis, denies each and every

8  allegation contained therein.

9  62.  Arch lacks sufficient personal knowledge and information to form a belief as to the

10  truth of the allegations in paragraph 62 of the complaint and, on that basis, denies each and every

11  allegation contained therein.

12  63.  Arch lacks sufficient personal knowledge and information to form a belief as to the

13  truth of the allegations in paragraph 63 of the complaint and, on that basis, denies each and every

14  allegation contained therein.

15  64.  Arch lacks sufficient personal knowledge and information to form a belief as to the

16  truth of the allegations in paragraph 64 of the complaint and, on that basis, denies each and every

17  allegation contained therein.

18  65.  Arch lacks sufficient personal knowledge and information to form a belief as to the

19  truth of the allegations in paragraph 65 of the complaint and, on that basis, denies each and every

20  allegation contained therein.

21  66.  Arch lacks sufficient personal knowledge and information to form a belief as to the

22  truth of the allegations in paragraph 66 of the complaint and, on that basis, denies each and every

23  allegation contained therein.

24  67.  Arch lacks sufficient personal knowledge and information to form a belief as to the

25  truth of the allegations in paragraph 67 of the complaint and, on that basis, denies each and every

26  allegation contained therein.

27  68.  Arch lacks sufficient personal knowledge and information to form a belief as to the

28  truth of the allegations in paragraph 68 of the complaint and, on that basis, denies each and every

9

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

Selman Breitman LLP
ATTORNEYS AT LAW

1     allegation contained therein.

2           69.     Arch lacks sufficient personal knowledge and information to form a belief as to the

3     truth of the allegations in paragraph 69 of the complaint and, on that basis, denies each and every

4     allegation contained therein.

5           70.     Arch lacks sufficient personal knowledge and information to form a belief as to the

6     truth of the allegations in paragraph 70 of the complaint and, on that basis, denies each and every

7     allegation contained therein.

8           71.     Arch lacks sufficient personal knowledge and information to form a belief as to the

9     truth of the allegations in paragraph 71 of the complaint and, on that basis, denies each and every

10     allegation contained therein.

11           72.     Arch lacks sufficient personal knowledge and information to form a belief as to the

12     truth of the allegations in paragraph 72 of the complaint and, on that basis, denies each and every

13     allegation contained therein.

14           73.     Arch admits that it issued commercial general liability policy number

15     39CGL02571-00, effective November 18, 2005 to November 18, 2006 to Metropolitan Interior

16     Designs, Inc. Arch denies that Beazer Homes is named as an additional insured under this policy.

17           74.     Arch lacks sufficient personal knowledge and information to form a belief as to the

18     truth of the allegations in paragraph 74 of the complaint and, on that basis, denies each and every

19     allegation contained therein.

20           75.     Arch lacks sufficient personal knowledge and information to form a belief as to the

21     truth of the allegations in paragraph 75 of the complaint and, on that basis, denies each and every

22     allegation contained therein.

23           76.     Arch lacks sufficient personal knowledge and information to form a belief as to the

24     truth of the allegations in paragraph 76 of the complaint and, on that basis, denies each and every

25     allegation contained therein.

26           77.     Arch lacks sufficient personal knowledge and information to form a belief as to the

27     truth of the allegations in paragraph 77 of the complaint and, on that basis, denies each and every

28     allegation contained therein.

566154.1  1180.34842

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

78.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 78 of the complaint and, on that basis, denies each and every allegation contained therein.

79.     Arch admits that it issued commercial general liability policy numbers GAP0012963 00, effective February 1, 2006 to February 1, 2007 and GAP 0012963 01, effective February 1, 2007 to February 1, 2008 to Pavletich Electric & Communications, Inc. Arch denies that Beazer Homes is named as an additional insured under any of these policies.

80.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 80 of the complaint and, on that basis, denies each and every allegation contained therein.

81.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 81 of the complaint and, on that basis, denies each and every allegation contained therein.

82.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 82 of the complaint and, on that basis, denies each and every allegation contained therein.

83.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 83 of the complaint and, on that basis, denies each and every allegation contained therein.

84.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 84 of the complaint and, on that basis, denies each and every allegation contained therein.

85.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 85 of the complaint and, on that basis, denies each and every allegation contained therein.

86.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 86 of the complaint and, on that basis, denies each and every allegation contained therein.

Selman Breitman LLP
ATTORNEYS AT LAW

ANSWER OF ARCH SPECIALTY INSURANCE COMPANY
Case No. 1:13-CV-00576

566154.1  1180.34842

Selman Breitman LLP
ATTORNEYS AT LAW

87.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 87 of the complaint and, on that basis, denies each and every allegation contained therein.

88.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 88 of the complaint and, on that basis, denies each and every allegation contained therein.

89.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 89 of the complaint and, on that basis, denies each and every allegation contained therein.

90.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 90 of the complaint and, on that basis, denies each and every allegation contained therein.

91.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 91 of the complaint and, on that basis, denies each and every allegation contained therein.

92.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 92 of the complaint and, on that basis, denies each and every allegation contained therein.

93.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 93 of the complaint and, on that basis, denies each and every allegation contained therein.

94.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 94 of the complaint and, on that basis, denies each and every allegation contained therein.

95.     Arch admits that it is possession of the policies it issued and knows the terms and contents thereof. Arch denies that its policies are written in standard form. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations contained in paragraph 95 of the complaint as they pertain to the knowledge of the Plaintiff or as they pertain to

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

any other defendant and, on that basis, denies the allegations contained therein.

96.     Arch denies that Beazer Homes qualifies as an insured under the terms, provisions and limitations of the policies and/or the additional insured endorsement(s) contained in the policies issued by Arch, if any. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations contained in paragraph 96 of the complaint as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

**B.     Underlying Action**

97.     Arch admits that on or about November 8, 2011, 57 homeowners (not 65 as alleged in the complaint) residing in Montevino and Mirabella communities in Madera, California filed a first amended complaint against Beazer Homes and Beazer Homes Holding Corp. entitled Ray, et. al. v. Beazer Homes, et. al., Madera County Superior Court case number MCV057176 (the "Underlying Action"). Arch admits it was advised that Beazer Homes and Beazer Homes Holding Corp. were the developers of the Montevino and Mirabella projects.

98.     Arch admits that the plaintiffs in the Underlying Action alleged various construction defects.  Unless specifically admitted herein, Arch lacks sufficient personal knowledge and information to form a belief as to the remainder of the allegations in paragraph 98 of the complaint and, on that basis, denies each and every allegation contained therein.

99.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 99 of the complaint and, on that basis, denies each and every allegation contained therein.

100.     Arch admits that Beazer Homes tendered their defense and indemnity with regard to the Underlying Action to Arch. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations contained in paragraph 100 of the complaint as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

101.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 101 of the complaint and, on that basis, denies each and every allegation contained therein.

102.     Arch denies that Arch is an insurer of Beazer Homes and denies that it is under an

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

566154.1  1180.34842

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

1 obligation to provide a defense or indemnity to Beazer Homes. Arch lacks sufficient personal

2 knowledge and information to form a belief as to the truth of the allegations contained in

3 paragraph 102 of the complaint as it pertains to any other defendant and, on that basis, denies the

4 allegations contained therein.

5     103. Arch lacks sufficient personal knowledge and information to form a belief as to the

6 truth of the allegations in paragraph 103 of the complaint and, on that basis, denies each and every

7 allegation contained therein.

8     104. Arch admits that it did not participate in the defense of Beazer Homes. Arch denies

9 that it has an obligation to do so. Arch lacks sufficient personal knowledge and information to

10 form a belief as to the truth of the allegations in paragraph 104 as it pertains to any other defendant

11 and, on that basis, denies the allegations contained therein.

12     105. Arch lacks sufficient personal knowledge and information to form a belief as to the

13 truth of the allegations in paragraph 105 of the complaint and, on that basis, denies each and every

14 allegation contained therein.

15                **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

16                 (By Plaintiff Against All Defendants and Does 1 through 10)

17     106. With regard to paragraph 106 of the complaint, Arch hereby incorporates by

18 reference each and every response to the allegations contained in the preceding paragraphs of the

19 complaint as though fully set forth herein.

20     107. Arch admits the allegations contained in paragraph 107 as it pertains to Arch. Arch

21 lacks sufficient personal knowledge and information to form a belief as to the truth of the

22 allegations against any other defendant, and on that basis, denies the allegations therein.

23     108. Arch admits the allegations contained in paragraph 108 as it pertains to Arch (that

24 Arch denies that it owes Plaintiff or Beazer Homes any duties with regard to the Underlying

25 Action). Arch lacks sufficient personal knowledge and information to form a belief as to the truth

26 of the allegations against any other defendant and, on that basis, denies the allegations therein.

27     109. Arch admits that Plaintiff desire a judicial declaration of their rights. Arch denies

28 the remainder of the allegations contained in paragraph 109 of the complaint.

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

566154.1  1180.34842

(By Plaintiff Against All Defendants and Does 1 through 10)

110.     With regard to paragraph 110 of the complaint, Arch hereby incorporates by reference each and every response to the allegations contained in the preceding paragraphs of the complaint as though fully set forth herein.

111.     Arch admits the allegations in paragraph 111 of the complaint.

112.     Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 112 of the complaint and, on that basis, denies each and every allegation contained therein.

113.     Arch denies the allegations contained in paragraph 113 as it pertains to Arch.  Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 113 as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

114.     Arch denies the allegations contained in paragraph 114 as it pertains to Arch.  Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 114 as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

115.     Arch denies the allegations contained in paragraph 115 as it pertains to Arch.  Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 115 as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

116.     Arch admits that it did not participate in or contribute towards the defense and/or indemnification of Beazer Homes.  Arch denies that it has an obligation to do so.  Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 116 as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

117.     Arch denies that it has or had an obligation to participate or contribute towards the defense and/or indemnification of Beazer Homes. As such, Arch denies that its not doing so

566154.1  1180.34842

Selman Breitman LLP
ATTORNEYS AT LAW

caused any damages to the Plaintiff. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 117 as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

118. Arch denies that it has or had an obligation to participate in or contribute towards the defense and/or indemnification of Beazer Homes. As such, Arch denies that it not doing so could be wrongful nor could it cause any damages to the Plaintiff. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 118 as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

119. Arch denies that it has or had an obligation to participate or contribute towards the defense and/or indemnification of Beazer Homes. As such, Plaintiff is not entitled to contribution from Arch. Arch lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in paragraph 119 as it pertains to any other defendant and, on that basis, denies the allegations contained therein.

### PRAYER FOR RELIEF

1-5. Arch admits that Plaintiff is seeking the relief requested in the prayer of the complaint, but denies that Plaintiff is entitled to any of the relief sought from Arch.

### AFFIRMATIVE DEFENSES

In addition to the foregoing, Arch asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The complaint fails to state a claim upon which relief many be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitation)

The complaint is barred, in whole or in part, by the statutes of limitations set forth in California Code of Civil Procedure §§ 337, 338(l), 339(l), 340(l) and 340(3) and by California law regarding the statute of limitations for contribution, indemnity and breach of contract.

///

///

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

566154.1  1180.34842

### THIRD AFFIRMATIVE DEFENSE

(Failure to Perform Obligations)

The complaint is barred because the Plaintiff, Beazer Homes and/or Arch's named insureds failed to perform its / their obligations under the terms of the Arch policies under which Plaintiff seeks coverage as listed in its complaint, or any of them (collectively "Arch Policies"), thereby excusing Arch's performance thereunder.

### FOURTH AFFIRMATIVE DEFENSE

(Policy Terms - Omnibus)

The complaint is barred in whole or in part by the terms, conditions, limitations and exclusions contained within the Arch Policies.

### FIFTH AFFIRMATIVE DEFENSE

(No "Occurrence")

The complaint is barred to the extent the events giving rise to the allegations in the Underlying Action, were expected or intended by the Plaintiff, Beazer Homes and/or Arch's named insureds within the meaning of the Arch Policies or otherwise do not constitute an "occurrence" within the meaning of the Arch Policies.

### SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

The complaint is barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The complaint is barred by the unclean hands of the Plaintiff, Beazer Homes and/or Arch's named insureds under the Arch Policies.

### EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

The complaint is barred by the doctrine of waiver.

//

//

Selman Breitman LLP
ATTORNEYS AT LAW

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

The complaint is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Economic Loss)

The complaint is barred to the extent the claims alleged arise from allegations of economic loss only.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Violation of Law / Public Policy)

The complaint is barred to the extent that the Plaintiff's, Beazer Homes' and/or Arch's named insureds' acts or failure(s) to act, which gave rise to the conditions and/or claims referenced in the complaint and/or the Underlying Action, were in violation of law and/or public policy.

## TWELFTH AFFIRMATIVE DEFENSE

### (Property Damage During Policy Period Limitation)

The complaint is barred to the extent it seeks recovery of damages for "bodily injury" or "property damage" that did not occur during the effective period of the Arch Policies, or any of them.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Pre-Tender Costs)

The complaint is barred to the extent that it seeks recovery of costs incurred prior to the tender to Arch under each of the respective Arch Policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Deductible)

The complaint is barred to the extent the claims alleged are not in excess of the deductible(s) stated under each of the respective Arch Policies.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Contractual Liability)

The complaint is barred to the extent recovery is sought for liability that the Plaintiff,

Selman Breitman LLP
ATTORNEYS AT LAW

1  Beazer Homes and/or Arch's named insureds assumed pursuant to contract, lease or any other
2  agreement which is not explicitly covered by the Arch Policies.

3  ### SIXTEENTH AFFIRMATIVE DEFENSE

4  (Secondary or Excess Obligations)

5  The complaint is barred to the extent it that Arch's obligations in connection with the
6  Underlying Action as alleged in the complaint are secondary and excess and that this answering
7  defendant has no primary obligation to defend or indemnify.

8  ### SEVENTEENTH AFFIRMATIVE DEFENSE

9  (Limits of Liability)

10 The Arch Policies contain various limits of liability, including but not limited to limits per
11 claim and/or occurrence, per person and in the aggregate. In the event Arch is found to have a
12 duty to defend and/or indemnify Beazer Homes, which Arch denies, said liability is restricted to
13 the remaining and applicable limits of each of the respective Arch Policies.

14 ### EIGHTEENTH AFFIRMATIVE DEFENSE

15 (Other Insurance – Conditions Section)

16 The complaint is barred in whole or in part by reason of other insurance pursuant to the
17 "other insurance" provisions in the Conditions sections of the Arch Policies.

18 ### NINETEENTH AFFIRMATIVE DEFENSE

19 (Voluntary Payments)

20 The complaint is barred to the extent that it seeks recovery of monetary obligations
21 assumed voluntarily paid by Plaintiff, Beazer Homes and/or Arch's named insureds under the Arch
22 Policies without the consent required or without prior notice to Arch.

23 ### TWENTIETH AFFIRMATIVE DEFENSE

24 (Untimely Notice)

25 The complaint is barred to the extent that the Plaintiff, Beazer Homes and/or the respective
26 named insureds under the Arch Policies failed to give Arch proper and timely notice as required
27 under the Arch Policies with regard to the claims for which recovery is sought.

28 ///

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

566154.1  1180.34842

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Not Damages)

The complaint is barred to the extent it seeks sums associated with any claim for injunctive, restitutionary or equitable relief, as they do not constitute claims for "damages" within the meaning of the Arch Policies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Insurance Code)

The complaint is barred in whole or in part by California Insurance Code §§22 and 250.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Qualification as "Suit")

The complaint is barred to the extent it seeks recovery of sums associated with any administrative or non-judicial proceeding or other proceeding that does not qualify as a "suit" as that term is defined in the Arch Policies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Non-Contingent Claim)

The complaint is barred to the extent it seeks recovery of sums incurred for liability arising from an event, act, occurrence, loss or claim that was not fortuitous, was in progress, or was not contingent at or before the time the Arch Policies, or any of them, were issued by Arch.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Known Losses)

The complaint is barred in whole or in part to the extent the claims alleged in the complaint constituted known losses at the time of the inception of each of the Arch Policies, or any of them.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Disclose)

The complaint is barred to the extent that any insured misrepresented, concealed or failed to disclose facts or other information relevant to the issuance or renewal of each of the Arch Policies, or any of them.

///

566154.1  1180.34842

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Cooperation Clause)

The complaint is barred to the extent that the Plaintiff, Beazer Homes and/or the Arch named insureds, or any of them, failed to comply with the assistance and cooperation clause contained in the Arch Policies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Intentional Act)

The complaint is barred to the extent any bodily injury or property damage was caused intentionally or at the direction of any insured under any of the Arch Policies.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

The complaint is barred to the extent that the Plaintiff, Beazer Homes and/or the Arch named insureds, or any of them, failed to act reasonably on their own behalf to minimize, avoid or otherwise mitigate damages.

## THIRTIETH AFFIRMATIVE DEFENSE

(No Trigger)

The complaint is barred as the homeowners in the Underlying Action failed to allege facts sufficient to trigger any duty on behalf of Arch to defend and/or indemnify Beazer Homes and/or Arch's named insureds, or any of them, for any of the claims alleged in the Underlying Action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(No Joint and Several Liability)

The complaint is barred to the extent it improperly seeks the imposition of joint and several liability on Arch.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Contingent Losses)

The complaint is barred to the extent it seeks contribution for losses that have not yet arisen, for amounts Beazer Homes and/or Plaintiff have not yet paid and/or for amounts Beazer Homes and/or Plaintiff have not by final judgment been adjudged to pay.

Selman Breitman LLP
ATTORNEYS AT LAW

21

ANSWER OF ARCH SPECIALTY INSURANCE COMPANY
Case No. 1:13-CV-00576

566154.1  1180.34842

Selman Breitman LLP
ATTORNEYS AT LAW

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Fines / Punitives)

The complaint is barred to the extent it seeks recovery of costs associated with statutory violations, criminal fines or sanctions, civil fines or sanctions or other penalties, including punitive and/or exemplary damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Unreasonable Costs)

The complaint is barred to the extent that it seeks recovery of costs to defend or settle the Underlying Action that are unreasonable, unnecessary, duplicative or inappropriate.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Limitations of Additional Insured Endorsement – Casualty Policies)

The complaint is barred by the terms and limitations of the Additional Insured Endorsements contained in the policies Arch issued to B.F. Glass, Inc. dba Fresno Shower Door & Mirror, Beutler Corporation and/or Pavletich Electric, Inc., or any of them (collectively, the "Arch Casualty Policies").

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Exclusive Defense Provision)

The complaint is barred to the extent it seeks recovery of costs to defend Beazer Homes under the policies issued to General Construction Works, Inc. and/or Metropolitan Interior Designs, Inc. (collectively the "Arch Trinity Policies") since the insuring agreements state, in pertinent part, "We have the right and duty to defend you, the Named Insured, against any suit seeking tort damages provided that no other insurance affording a defense against such a suit is available to you. Except as otherwise provided in this policy, we have no duty to defend any other insured."

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Limitations of Additional Insured Endorsement – Trinity Policies)

The complaint is barred by the terms and limitations of the "Blanket Additional Insured" contained in the Arch Trinity Policies, which states:

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

It is agreed coverage is provided to the Additional Insured(s) named in this endorsement as follows:

1.  As respects liability covered under COVERAGE A only, Section II of the policy (who is an insured) is amended to include any person or organization that the Named Insured has agreed in any insured contract to name as an additional insured provided the bodily injury or property damage first takes place after the execution of the insured contract and the bodily injury or property damage arises from your work performed during the policy period.

2.  The applicable limits of our liability shall not be increased by the inclusion of any number of Additional Insureds.

3.  Other than as expressly modified herein, coverage for the additional insured is governed by the terms and conditions of this policy, including the insuring agreements.

4.  The coverage provided for additional insured(s) is only to the extent of and in proportion the Additional Insured is held liable for the negligence of strict liability/conducts/acts of the Named Insured. No coverage is provided for liability based upon the acts, errors, or omissions of the Additional Insured.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Occurrence During Policy Period Limitation)

The complaint is barred by the terms of the insuring agreement of the Arch Trinity Policies that require the occurrence take place during the policy period, as follows:

b.  This insurance applies to bodily injury and property damage only if:

    (2)  The bodily injury or property damage is caused by an occurrence which takes place during the policy period whether or not such occurrence is known to any insured.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Timing Of Damage Limitation)

The complaint is barred by the terms of the insuring agreement of the Arch Trinity Policies that require the bodily injury or property damage to first take place during the policy period, as follows:

b.  This insurance applies to bodily injury and property damage only if:

    (3)  The bodily injury or property damage resulting from such occurrence first takes place during the policy period.

c.  All bodily injury or property damage arising from an occurrence shall be deemed to first take place at the time of the first such bodily injury or property damage, regardless of the date of manifestation of such bodily

23

Selman Breitman LLP
ATTORNEYS AT LAW

**Selman Breitman** LLP
ATTORNEYS AT LAW

injury or property damage, even though the occurrence giving rise to such damage may be continuous or repeated exposure to the same generally harmful conditions, and even though the nature, type or extent of such bodily injury or property damage may be continuous, progressive, cumulative, changing or evolving. If the date of the first bodily injury or property damage cannot be determined, then the date of first damage or injury shall be deemed to be the earliest date on which the process which led to the injury or damage began.

d.    For purposes of c., above, all bodily injury or property damage included within the products-completed operations hazard arising from your work on or your product supplied to or incorporated into a construction project or development shall be deemed to take place at the time of the first bodily injury or property damage arising from your work or your products supplied to or incorporated in such project, unless such later occurring bodily injury or property damage solely and exclusively arises from an occurrence which is abrupt and of limited duration, the bodily injury and property damage is accidental, unintended and unforeseen from the standpoint of the insured at the time of such bodily injury or property damage, and does not result, in whole or in part, from a continuous or repeated exposure to conditions beginning before the policy's term nor from a condition which caused bodily injury and property damage before the policy's term.

## <u>FORTIETH AFFIRMATIVE DEFENSE</u>

(Conditional Continuous and Progressive Loss Limitation)

The complaint is barred by the terms of the conditional continuous and progressive loss limitation in the insuring agreement of the Arch Trinity Policies, which states:

e.    Our duty to defend you is further limited as follows:

(1)    We shall have no duty to defend any suit in which it is alleged or claimed, in whole or in part, that any bodily injury or property damage is continuous or progressive in nature or results from continuous or repeated exposure to a condition, unless the suit specifically alleges that all of the bodily injury and property damage for which damages are sought first occurred during the policy periods or during a period during which we provide continuous coverage under this or any other policy issued by us.

## <u>FORTY-FIRST AFFIRMATIVE DEFENSE</u>

(Suit Filed Prior to Policy Period Limitation)

The complaint is barred by the terms of the insuring agreement of the Arch Trinity Policies that exclude coverage for suits filed prior to the policy period, as follows:

e.    Our duty to defend you is further limited as follows:

(2)    We shall have no duty to defend any suit filed before the policy period begins, even though you were not a party to such suit at the

24

566154.1  1180.34842

time it was filed.

## FORTY-SECOND AFFIRMATIVE DEFENSE

(Owned Property)

The complaint is barred under the Arch Policies to the extent it seeks recovery of sums associated with claims based upon or arising out of: (j) property damage to: (1) property owned, rented or occupied by Beazer Homes and/or the Arch named insureds, or any of them, during the period of the Arch Policies, or any of them.

## FORTY-THIRD AFFIRMATIVE DEFENSE

(Ongoing Operations – J(5))

The complaint is barred under the Arch Trinity Policies to the extent it seeks recovery of sums associated with claims based upon or arising out of: (j) property damage to:

    (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;

             For purposes of this Exclusion, if you are a general contractor, construction supervisor or developer, the entire construction project shall be considered "that particular part" of real or other property.

             For purposes of paragraph (5), you or any contractors or subcontractors working directly or indirectly on your behalf shall be deemed to be "performing operations" from the time when you or the contractors or subcontractors begin work until such operations are complete as set forth in paragraph 17.b. of SECTION V – DEFINITIONS – (Products-Completed Operations Hazard).

## FORTY-FOURTH AFFIRMATIVE DEFENSE

(Ongoing Operations – J(6))

The complaint is barred under the Arch Trinity Policies to the extent it seeks recovery of sums associated with claims based upon or arising out of: (j) property damage to:

    (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

             Paragraph (6) of this exclusion does not apply to property damage included in the products-completed operations hazard.

             For purposes of this Exclusion, if you are a general contractor, construction supervisor or developer, the entire construction project shall be considered "that particular part" of real or other property.

Selman Breitman LLP
ATTORNEYS AT LAW

1

## FORTY-FIFTH AFFIRMATIVE DEFENSE

2

(Your Product)

3       The complaint is barred under the Arch Trinity Policies to the extent it seeks recovery of

4   sums associated with claims for  property damage to the products of Arch's named insureds,

5   including warranties or representations made at any time with respect to the fitness, quality,

6   durability, performance or use of "your product" and the providing of or failure to provide

7   warnings or instructions.

8

## FORTY-SIXTH AFFIRMATIVE DEFENSE

9

(Your Work)

10      The complaint is barred under the Arch Policies to the extent it seeks recovery of sums

11  associated with claims for property damage to "your work" arising out of it or any part of it and

12  included in the "products-completed operations hazard" as that term is defined in the Arch

13  Policies; including warranties or representations made at any time with respect to the fitness,

14  quality, durability, performance or use of "your work" and the providing of or failure to provide

15  warnings or instructions.

16

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

17

(Impaired Property - Defect)

18      The complaint is barred under the Arch Policies to the extent it seeks recovery of sums

19  associated with claims based upon loss of use of tangible property which has not been physically

20  injured or arising out of a defect, deficiency, inadequacy or dangerous condition in "your product"

21  or "your work" as those terms are defined in the Arch Policies.

22

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

23

(Impaired Property - Delay)

24      The complaint is barred under the Arch Policies to the extent it seeks recovery of sums

25  associated with claims based upon loss of use of tangible property which has not been physically

26  injured or arising out of a delay or failure by you or anyone acting on your behalf to perform a

27  contract or agreement in accordance with its terms.

28  ///

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

**Selman Breitman** LLP
ATTORNEYS AT LAW

### FORTY-NINTH AFFIRMATIVE DEFENSE

(Earth Movement Exclusion)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the Earth Movement Exclusion (S) in the Arch Trinity Policies.

### FIFTIETH AFFIRMATIVE DEFENSE

(Mold, Fungi or Bacteria Exclusion)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the Mold, Bacteria And Other Organically-Caused Bodily Injury, Property Damage Or Personal Injury Exclusion (Y) in the Arch Trinity Policies.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

(Certain Projects Exclusion)

The complaint is barred by the terms of the "Certain Projects" Exclusion in the Arch Trinity Policies, which states, "this insurance does not apply to":

Z.    CERTAIN PROJECTS NOT COVERED EXCLUSION

Bodily injury or property damage arising from your work or your product which is incorporated in a project of construction, including multiple units of a construction of developments, where a claim of defective construction resulting in bodily injury or property damage at the project was made before the policy period regardless of whether more or different allegations of defective construction and/or resulting damage are made during or after the policy period.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

(Past Projects Exclusion)

The complaint is barred by the terms of the "Past Projects" Exclusion in the Arch Trinity Policies, which states, "this insurance does not apply to":

AA.    PAST PROJECTS EXCLUSION

Any claim based in whole or in part upon property damage arising from your work or your product included within the products-completed operations hazard, which is incorporated in a project of construction before the policy period, unless the project is specifically endorsed on this Policy and a premium is charged therefor.

///

///

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

**Selman Breitman** LLP
ATTORNEYS AT LAW

## FIFTY-THIRD AFFIRMATIVE DEFENSE

(Contractors Special Conditions)

The complaint is barred by the terms of the Contractors Special Conditions endorsement of the Arch Trinity Policies, which states that coverage afforded under the policy shall apply to occurrences arising out of operations performed by independent contractors unless:

1.  The insured will receive a written agreement prior to the commencement of work from each and every independent contractor holding the insured harmless for all liabilities incurred by the independent contractor.

2.  The insured will obtain certificates of insurance prior to the commencement of work if the work begins during the policy terms from each and every independent contractor indicating that the insured is named as an Additional Insured and that coverage is maintained equal to or greater than provided by this policy.

3.  The coverage provided by this policy shall apply excess over and above any other valid and collectible insurance available to the Insured.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

(Insuring Agreement Limitation)

The complaint is barred in whole or in part to the extent the claims alleged in the Underlying Action do not fall within the provisions of the insuring agreement contained in one or more of the Arch Casualty Policies, which requires that the bodily injury or property damage to commence after the effective date of said policy.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

(That Particular Part)

The complaint is barred under the Arch Casualty Policies to the extent it seeks recovery of sums associated with claims based upon or arising out of "'property damage' to: that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations."

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

(Incorrect Performance)

The complaint is barred Arch Casualty Policies to the extent it seeks recovery of sums associated with claims based upon or arising out of property damage to that particular part of any

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

566154.1  1180.34842

property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (Your Product)

The complaint is barred under the Arch Casualty Policies to the extent it seeks recovery of sums associated with claims for property damage to the products of Arch's named insureds, arising out of it or any part of it, including warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product" and the providing of or failure to provide warnings or instructions.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Prior Loss Exclusion)

The complaint is barred under The Arch Casualty Policies to the extent it seeks recovery of sums precluded from coverage by the "prior loss" exclusion, which states that the insurance does not apply to: "any "bodily injury" or "property damage", if such injury or damage is a continuation of, or arises out of injury or damage that commenced prior to the inception date of the policy."

## FIFTY-NINTH AFFIRMATIVE DEFENSE

### (Fungi, Mold and Mildew Exclusion)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the "Fungi, Mold and Mildew Exclusion" contained in one or more of the Arch Casualty Policies and/or the "Fungi or Bacteria Exclusion" contained in one or more of the Arch Casualty Policies.

## SIXTIETH AFFIRMATIVE DEFENSE

### (Multi-Unit Dwelling Exclusion)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the "Multi-Unit Dwellings Exclusion" in the Arch Casualty Policies.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### (Earth Movement or Subsidence Exclusion)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the "Earth Movement or Subsidence Exclusion" in the Arch Casualty Policies.

566154.1  1180.34842

## SIXTY-SECOND AFFIRMATIVE DEFENSE

(Cross-Suits Exclusion)

The complaint is barred to the extent that the Underlying Action involves a suit for damages by one insured against another insured pursuant to the "Cross Suits Exclusions" contained in one or more of the Arch Casualty Policies and/or "Cross Liability Exclusion For the Products Completed Operations Hazard" contained in one or more of the Arch Casualty Policies.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

(Construction Management Exclusion)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the "Construction Management Errors or Omissions Exclusion" in the Arch Casualty Policies.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

(Prior Completed Work / PCOH Exclusion)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the "Prior Completed Work – Products / Completed Operations Hazard Exclusion" in the Arch Casualty Policies.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

(Prior Work Exclusion for Residential Construction)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the "Prior Work Exclusion Endorsement for Residential Construction" in the Arch Casualty Policies.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

(Subcontractor Endorsement)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the "Subcontractor Endorsement" in the Arch Casualty Policies.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

(E.I.F.S. Exclusion)

The complaint is barred to the extent it seeks recovery of sums precluded from coverage by the "Exterior Insulation and Finish System Exclusion" in the Arch Casualty Policies.

Selman Breitman LLP
ATTORNEYS AT LAW

1

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

2

(Designated Work Exclusion)

3     The complaint is barred to the extent it seeks recovery of sums precluded from coverage by

4     the "Designated Work Exclusion" contained in one or more of the Arch Casualty Policies and/or

5     the "Designated Operations or Entities Exclusion" contained in one or more of the Arch Casualty

6     Policies.

7

## SIXTY-NINTH AFFIRMATIVE DEFENSE

8

(Self Insured Retention Provisions)

9     The complaint is barred by the self-insured retention provisions of certain Arch Casualty

10    Policies to the extent the complaint seeks recovery thereunder before the self-insured retention(s)

11    of the Arch Casualty Policies, or any of them, was / were satisfied, which could only be satisfied

12    by the respective named insured(s) thereunder.

13

## SEVENTIETH AFFIRMATIVE DEFENSE

14

(Wrap-Up Exclusion)

15    The complaint is barred under the Arch Policies to the extent it seeks recovery for a project

16    where a consolidated (wrap-up) insurance program has been provided.

17

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

18

(Professional Liability Exclusion)

19    The complaint is barred under the Arch Policies to the extent it seeks recovery of sums

20    associated with claims based upon the rendering of or failure to render any professional services.

21

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

22

(Non-Stacking Provision)

23    In the event that Arch is found to have an indemnity obligation to Beazer Homes under one

24    or more Arch Casualty Policies issued to any one named insured, which is not admitted, then the

25    total amount that Arch could be obligated to pay under said policies is limited to the single highest

26    available applicable limit under any single policy that Arch issued to that particular named insured

27    due to the application of the "non-stacking" provisions contained in said policies.

28    ///

**ANSWER OF ARCH SPECIALTY INSURANCE COMPANY**
**Case No. 1:13-CV-00576**

Selman Breitman LLP
ATTORNEYS AT LAW

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

### (Loss Subsequent to Policy Period)

The complaint is barred to the extent it seeks sums associated with defending and/or indemnifying occurrences which took place after the expiration of the Arch Policies, or any of them.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

### (Limitation on Defense Obligation, If Any)

In the event Arch is found to have a defense obligation to Beazer Homes under the Arch Policies, or any of them, which is not admitted, then Arch asserts that there was no intent by any party to place Arch in the position of general liability carrier for Beazer Homes, such that Arch's obligation to share in the defense of Beazer Homes, if any, is limited to the defense of the Underlying Action involving covered damages arising only from operation of Arch's named insureds.

## SEVENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset of Defense Obligation, If Any)

In the event Arch is found to have a defense obligation to Beazer Homes under the Arch Policies, or any of them, which is not admitted, then Arch is entitled to an offset / contribution / equitable apportionment from other parties affording coverage to Beazer Homes under their respective policies of insurance.

## SEVENTY-SIXTH AFFIRMATIVE DEFENSE

### (Limitation on Indemnity Obligation, If Any)

In the event Arch is found to have an indemnity obligation to Beazer Homes under the Arch Policies, or any of them, which is not admitted, then Arch asserts that there was no intent by any party to place Arch in the position of general liability carrier for Beazer Homes, such that Arch's obligation to share in the indemnity of Beazer Homes, if any, is limited to the covered damages arising only from the operations of Arch's named insureds.

//

//

## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Offset of Indemnity Obligation, If Any)

In the event Arch is found to have an indemnity obligation to Beazer Homes under the Arch Policies, which is not admitted, then Arch is entitled to an offset / contribution / equitable apportionment from other parties affording coverage to Beazer Homes under their respective policies of insurance.

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times material herein, Arch acted reasonably and in good faith toward Plaintiff and/or Beazer Homes based upon all relevant facts and circumstances known to it at the time, and fully performed all terms, conditions, covenants and promises to be performed pursuant to the Arch Policies referred to in the complaint, or in any count or cause of action asserted therein, except where such performance was excused, discharged or prevented.

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Arch reserves the right to amend this pleading at the conclusion of discovery to reflect additional affirmative defenses available to it as revealed through discovery.

## PRAYER FOR RELIEF

Wherefore, Arch prays that:

1. Plaintiff take nothing by way of the complaint on file herein as against Arch;

2. Arch be dismissed with an award of its costs of suit incurred herein;

3. Plaintiff's recovery as against Arch, if any, be diminished by an amount equal to the degree of liability attributable to Plaintiffs and/or other persons; and

///

///

///

///

///

566154.1  1180.34842

Selman Breitman LLP
ATTORNEYS AT LAW

4.   The Court grant such other relief as it deems just and proper.

DATED: June 24, 2013                    SELMAN BREITMAN LLP


                                        By: _____
                                            GREGORY J. NEWMAN
                                            HEE SUNG YOON
                                        Attorneys for Defendant
                                        ARCH SPECIALTY INSURANCE COMPANY

566154.1  1180.34842