1  RAMIRO MORALES [Bar No.: 167947]
   E-mail: rmorales@mfrlegal.com
2  PATRICK M. QUIGLEY [Bar No.: 148448]
   E-mail: pquigley@mfrlegal.com
3  MORALES, FIERRO & REEVES
   2300 Contra Costa Boulevard, Suite 310
4  Pleasant Hill, California 94523
   Telephone:    (925) 288-1776
5  Facsimile:    (925) 288-1856

6  Attorneys for Defendants,
   ACE AMERICAN INSURANCE COMPANY and
7  ILLINOIS UNION INSURANCE COMPANY

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST 1NDEMNITY INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; FINANCIAL PACIFIC INSURANCE COMPANY, a California corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UN1ON FIREINSRUANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation; F1RST SPECIALTY INSURANCE CORPORATION, a Missouri corporation; 1RONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation; AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation; LEXINGTON INSURANCE COMPANY, a Delaware corporation; | CASE NO.:   1:13-cv-00576-LJO-BAM<br><br>DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT<br><br>JURY DEMAND |

1

**ILLINOIS UNION'S ANSWER TO COMPLAINT**
**CASE NO.: 1:13-CV-00576-LJO-BAM**

MORALES, FIERRO & REEVES
2300 CONTRA COSTA BOULEVARD
Suite 310
PLEASANT HILL, CALIFORNIA 94523

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a Washington, D.C. corporation; SECURITY AMERICA RISK RETENTION GROUP, a Vermont corporation; ILLINOIS UNION INSURANCE COMPANY, an lllinois corporation; ZURICH NORTH AMERICAN INSURANCE COMPANY, a New York corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; NORTHERN INSURANCE COMPANY OF NEW YORK, a New York corporation; CHARTIS SPECIALTY INSURANCE COMPANY fka AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY, an Illinois corporation; NAVIGATORS INSURANCE COMPANY, a New York corporation; TRUCK INSURANCE EXCHANGE, a California corporation; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a Kentucky corporation; PRAETORIAN INSURANCE COMPANY, a Pennsylvania; and DOES 1 through 10 inclusive,<br><br>                Defendants. |

Defendant, Illinois Union Insurance Company ("IUIC"), for itself alone and for no other defendant, hereby responds to the Complaint of Travelers Property Casualty Company of America ("Travelers") as follows:

1. Paragraph 1 of the Complaint contains no allegations requiring either an admission or denial.

**JURISDICTION**

2. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies those allegations.

3. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies those allegations.

4. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies those allegations.

5. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies those allegations.

6. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies those allegations.

7. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies those allegations.

8. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies those allegations.

9. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies those allegations.

10. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies those allegations.

11. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies those allegations.

12. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies those allegations.

13. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies those allegations.

14. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies those allegations.

15. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies those allegations.

16. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies those allegations.

17. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies those allegations.

18. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies those allegations.

MORALES, FIERRO & REEVES
2300 CONTRA COSTA BOULEVARD
Suite 310
PLEASANT HILL, CALIFORNIA 94523

19. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies those allegations.

20. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies those allegations.

21. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies those allegations.

22. In response to paragraph 22 of the Complaint: IUIC admits that it is an Illinois corporation; IUIC denies that its principal place of business is in Illinois; and IUIC admits that it is an Approved Surplus Lines Insurer in California.

23. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies those allegations.

24. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies those allegations.

25. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies those allegations.

26. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies those allegations.

27. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies those allegations.

28. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies those allegations.

29. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies those allegations.

30. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies those allegations.

31. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies those allegations.

32. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies those allegations.

## VENUE

33. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies those allegations.

## GENERAL ALLEGATIONS

**A.     The Insurance Policies**

34. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies those allegations.

35. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies those allegations.

36. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies those allegations.

37. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies those allegations.

38. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies those allegations.

39. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies those allegations.

40. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies those allegations.

41. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies those allegations.

42. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore denies those allegations.

43. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies those allegations.

44. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore denies those allegations.

45. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies those allegations.

46. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies those allegations.

47. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies those allegations.

48. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies those allegations.

49. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies those allegations.

50. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies those allegations.

51. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies those allegations.

52. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore denies those allegations.

53. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and therefore denies those allegations.

54. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore denies those allegations.

55. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and therefore denies those allegations.

56. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and therefore denies those allegations.

57. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies those allegations.

58. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and therefore denies those allegations.

59. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies those allegations.

60. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and therefore denies those allegations.

61. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and therefore denies those allegations.

62. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore denies those allegations.

63. In response to paragraph 63 of the Complaint IUIC admits that it issued a commercial general liability insurance policy number PMD G2385675A, that Halabi, Inc. dba Duracite, et al. was a named insured on commercial general liability insurance policy number PMD G2385675A, and that the policy period for commercial general liability insurance policy number PMD G2385675A was April 7, 2007 to April 7, 2008. IUIC denies that Beazer Homes qualified for coverage under commercial general liability insurance policy number PMD G2385675A as an additional insured.

64. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore denies those allegations.

65. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and therefore denies those allegations.

66. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and therefore denies those allegations.

67. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and therefore denies those allegations.

MORALES, FIERRO & REEVES
2300 CONTRA COSTA BOULEVARD
Suite 310
PLEASANT HILL, CALIFORNIA 94523

68. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies those allegations.

69. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore denies those allegations.

70. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore denies those allegations.

71. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore denies those allegations.

72. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and therefore denies those allegations.

73. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and therefore denies those allegations.

74. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and therefore denies those allegations.

75. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and therefore denies those allegations.

76. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and therefore denies those allegations.

77. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and therefore denies those allegations.

78. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint and therefore denies those allegations.

79. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and therefore denies those allegations.

80. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore denies those allegations.

81. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and therefore denies those allegations.

82. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and therefore denies those allegations.

83. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and therefore denies those allegations.

84. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and therefore denies those allegations.

85. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and therefore denies those allegations.

86. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and therefore denies those allegations.

87. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and therefore denies those allegations.

88. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint and therefore denies those allegations.

89. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint and therefore denies those allegations.

90. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint and therefore denies those allegations.

91. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and therefore denies those allegations.

92. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint and therefore denies those allegations.

93. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint and therefore denies those allegations.

94. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint and therefore denies those allegations.

95. In response to paragraph 95 of the Complaint IUIC admits that it possesses copies of commercial general liability insurance policy number PMD G2385675A referenced in

Paragraph 63, above; IUIC refers to the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations in that insurance policy, which speak for themselves. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

96. In response to paragraph 96 of the Complaint IUIC denies that Beazer Homes qualified for coverage under commercial general liability insurance policy number PMD G2385675A as an additional insured. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

### B. The Underlying Action

97. In response to paragraph 97 of the Complaint IUIC denies that a First Amended Complaint was filed in Madera County Superior Court Case Number MCV057176 on November 11, 2011. IUIC is informed and believes that a First Amended Complaint was filed in Madera County Superior Court Case Number MCV057176 on November 8, 2011. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations. IUIC further responds to this paragraph of the Complaint that the Madera County Superior Court Case Number MCV057176 lawsuit speaks for itself.

98. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint and therefore denies those allegations. IUIC further responds to this paragraph of the Complaint that the Madera County Superior Court Case Number MCV057176 lawsuit speaks for itself.

99. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint and therefore denies those allegations.

100. In response to paragraph 100 of the Complaint IUIC admits that Beazer Homes Holding Corp. tendered its defense to IUIC under commercial general liability insurance policy number PMD G2385675A referenced in Paragraph 63, above, and that IUIC denied that tender.

IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

101. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint and therefore denies those allegations.

102. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint and therefore denies those allegations.

103. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint and therefore denies those allegations.

104. In response to paragraph 104 of the Complaint IUIC denies that it breached any obligation to Beazer Homes under commercial general liability insurance policy number PMD G2385675A in connection with the Underlying Action. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

105. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint and therefore denies those allegations.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (By Plaintiff against All Defendants and Does 1 through 10)

106. Paragraph 106 of the Complaint contains no allegations requiring either an admission or denial. IUIC incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

107. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint and therefore denies those allegations.

108. In response to paragraph 108 of the Complaint IUIC denies the allegations against it. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

109. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint and therefore denies those allegations.

## SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION
(By Plaintiff against All Defendants and Does 1 through 10)

110. Paragraph 110 of the Complaint contains no allegations requiring either an admission or denial. IUIC incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

111. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint and therefore denies those allegations. IUIC further responds to this paragraph of the Complaint that the Madera County Superior Court Case Number MCV057176 lawsuit speaks for itself.

112. IUIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint and therefore denies those allegations.

113. In response to paragraph 113 of the Complaint IUIC denies that Beazer Homes qualified for coverage under commercial general liability insurance policy number PMD G2385675A as an additional insured; and IUIC denies that it is obligated to participate in Beazer Homes' defense in the Underlying Action under commercial general liability insurance policy number PMD G2385675A. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

114. In response to paragraph 114 of the Complaint IUIC denies the allegations against it. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

115. In response to paragraph 115 of the Complaint IUIC denies the allegations against it. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

116. In response to paragraph 116 of the Complaint IUIC denies the allegations against it. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

MORALES, FIERRO & REEVES
2300 CONTRA COSTA BOULEVARD
Suite 310
PLEASANT HILL, CALIFORNIA 94523

117. In response to paragraph 117 of the Complaint IUIC denies the allegations against it. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

118. In response to paragraph 118 of the Complaint IUIC denies the allegations against it. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

119. In response to paragraph 119 of the Complaint IUIC denies the allegations against it. IUIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

120. As a first affirmative defense to each cause of action in the Complaint, IUIC asserts that the Complaint fails to state facts sufficient to constitute any cause of action against any Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

121. As a second affirmative defense to each cause of action in the Complaint, IUIC asserts that the Complaint is barred to the extent any applicable statute of limitations applies, including, but not limited to, the sections commencing with Code of Civil Procedure § 335 and continuing through and including Code of Civil Procedure § 349.4; and more particularly Code of Civil Procedure §§ 337, 337 ¶ 1., 337 ¶ 3., 337.1, 337.15, 338, 338(a), 338(b), 338(d), 339, 339 ¶ 1., 339 ¶ 3., 340, 340(c) and 343.

### THIRD AFFIRMATIVE DEFENSE
### (Plaintiff a Volunteer)

122. As a third affirmative defense to each cause of action in the Complaint, IUIC asserts that to the extent Travelers had no legally cognizable obligation to make payments or provide a defense in the alleged underlying action, Travelers was a volunteer and does not have standing to make any claim against IUIC.

**FOURTH AFFIRMATIVE DEFENSE**
**(Not Party to Insurance Contract)**

123. As a fourth affirmative defense to each cause of action in the Complaint, IUIC asserts that to the extent Travelers and/or the alleged insured are not parties to the alleged insurance contract, if any, they are not entitled to any benefits from IUIC.

**FIFTH AFFIRMATIVE DEFENSE**
**(Policy Terms)**

124. As a fifth affirmative defense to each cause of action in the Complaint, IUIC asserts that the there is no potential coverage for the matters alleged in the Complaint by virtue of the policy terms, conditions, coverage grants and exclusions.

**SIXTH AFFIRMATIVE DEFENSE**
**(Insuring Agreement)**

125. As a sixth affirmative defense to each cause of action in the Complaint, IUIC asserts that there was no potential for coverage for the claims and damages at issue in the alleged underlying actions because said claims and damages did not fall within the scope of the insuring agreement in the alleged insurance contract.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Occurrence)**

126. As a seventh affirmative defense to each cause of action in the Complaint, IUIC asserts that there was no potential for coverage for the claims and damages at issue in the alleged underlying actions because said claims and damages did not arise from an "occurrence" during the policy period as required by the alleged insurance contract.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Damage Took Place Outside Policy Period)**

127. As a eighth affirmative defense to each cause of action in the Complaint, IUIC asserts that there was no potential for coverage for the claims and damages at issue in the alleged underlying actions because the alleged damage giving rise to the claims in the alleged underlying actions did not take place during the policy period.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to Perform Obligations and/or Conditions)**

128. As a ninth affirmative defense to each cause of action in the Complaint, IUIC asserts that Travelers' claims are barred, in whole or in part, because the alleged insured failed to perform all of the conditions and/or obligations required under the terms of the alleged insurance contract.

**TENTH AFFIRMATIVE DEFENSE**
**(Excluded Claim)**

129. As a tenth affirmative defense to each cause of action in the Complaint, IUIC asserts that there was no potential for coverage for the claims and damages at issue in the alleged underlying actions because said claims and damages fall within the purview of one or more exclusions in the alleged insurance contract.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Policy Limits)**

130. As a eleventh affirmative defense to each cause of action in the Complaint, IUIC asserts that any loss, damage, and/or injury, if any, of Travelers, is wholly precluded or limited in part by the provisions pertaining to the limits of liability in the alleged insurance contract.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Self-Insured Retention)**

131. As a twelfth affirmative defense to each cause of action in the Complaint, IUIC asserts that any potential coverage for the matters alleged in the Complaint is limited or prohibited to the extent the alleged insured never satisfied the terms of any required Self-Insured Retention in the alleged insurance contract.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Per Claim/Per Occurrence Deductible)**

132. As a thirteenth affirmative defense to each cause of action in the Complaint, IUIC asserts that in the event IUIC is found to owe any obligation to contribute to, or to reimburse Travelers for the defense of any insured in regards to the underlying action, which obligation is denied by IUIC, such obligation would be limited by the alleged insurance contract's deductible provision.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Excess Insurance)

133. As a fourteenth affirmative defense to each cause of action in the Complaint, IUIC asserts that there was no potential for coverage for the claims and damages at issue in the alleged underlying actions to the extent the alleged insurance contract was excess over other valid and collectible insurance and none of the alleged underlying claims exceeded the limits of primary insurance coverage.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Pre-Tender Expenses)

134. As an fifteenth affirmative defense to each cause of action in the Complaint, IUIC asserts that Travelers is not entitled to recover any claim arising from obligations, expenses, attorney fees or costs incurred prior to the date the alleged underlying action was tendered to IUIC.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reasonable and Necessary Costs)

135. As a sixteenth affirmative defense to each cause of action in the Complaint, IUIC asserts that it is not liable for any contribution or reimbursement claim alleged by Travelers that arises from any fees or costs that were not reasonably and necessarily incurred in the defense of any mutual insured in the alleged underlying actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Equitable Apportionment)

136. As a seventeenth affirmative defense to each cause of action in the Complaint, IUIC asserts that any contribution or reimbursement claim alleged by Travelers is wholly precluded or limited in part by the equitable apportionment of the fees and/or costs incurred in the defense of any mutual insured with all other insurers who were obligated to defend said insured in the alleged underlying action.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Coverage for Non-Insured)

137. As a eighteenth affirmative defense to each cause of action in the Complaint, IUIC asserts that Travelers' claims are barred, in whole or in part, to the extent they arise out of claims against any person or entity not an insured under any alleged insurance contract issued by IUIC.

### NINETEENTH AFFIRMATIVE DEFENSE
### (No Damage)

138. As a nineteenth affirmative defense to each cause of action in the Complaint, IUIC asserts that Travelers has suffered no damages as a result of any of the conduct alleged in their Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Comparative/Contributory Liability)

139. As a twentieth affirmative defense to each cause of action in the Complaint, IUIC asserts that any loss, damage, and/or injury, if any, of Travelers, was proximately caused and/or contributed to by acts or omissions of Travelers and its agents or representatives, which must be compared to that of IUIC, if any, and/or others.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Third-Party Liability)

140. As a twenty-first affirmative defense to each cause of action in the Complaint, IUIC asserts that any loss, damage, and/or injury, if any, of Travelers was proximately caused and/or contributed to by acts and/or omissions of individuals over whom IUIC has no authority and/or control, and they should be held comparatively responsible for such portion of Travelers' damages, if any, attributable to such conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Mitigation)

141. As a twenty-second affirmative defense to each cause of action in the Complaint, IUIC asserts that Travelers has failed to mitigate its damages, if any.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Waiver and/or Estoppel)

142. As a twenty-third affirmative defense to each cause of action in the Complaint, IUIC asserts that the Complaint is barred by the doctrines of waiver and/or estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Laches)

143. As a twenty-fourth affirmative defense to each cause of action in the Complaint, IUIC asserts that the Complaint is barred by the doctrine of laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

144. As a twenty-fifth affirmative defense to each cause of action in the Complaint IUIC asserts that the Complaint is barred by the doctrine of unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

145. As a twenty-sixth affirmative defense to each cause of action in the Complaint IUIC asserts that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. IUIC therefore reserves the right to assert additional defenses if discovery indicates that it would be appropriate.

WHEREFORE, Illinois Union Insurance Company prays for judgment as follows:

1. That Travelers take nothing by reason of the Complaint on file herein and that all claims against IUIC be dismissed with prejudice;

2. For reasonable attorney fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

IUIC hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b)

DATED: June 27, 2013                    MORALES, FIERRO & REEVES

By:_____
RAMIRO MORALES
PATRICK M. QUIGLEY
Attorneys for Defendants, ACE AMERICAN
INSURANCE COMPANY AND ILLINOIS
UNION INSURANCE COMPANY