LINDA WENDELL HSU, ESQ. (SBN 162971)
lhsu@selmanbreitman.com
T.J. KITCHEN, ESQ. (SBN 160853)
tkitchen@selmanbreitman.com
SELMAN BREITMAN LLP
33 New Montgomery St. Sixth Floor
San Francisco, CA 94105-4506
Telephone:    (415) 979-0400
Facsimile:     (415) 979-2099

Attorneys for Defendant
EVEREST INDEMNITY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation;<br><br>        Plaintiff,<br><br>    v.<br><br>OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; FINANCIAL PACIFIC INSURANCE COMPANY, a California Corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY fka ALLIED INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; ASPEN SPECIALTY INSURANCE COMPANY, a North Dakota corporation; FIRST SPECIALTY INSURANCE CORPORATION, a Missouri | CASE NO.    1:13-CV-00576-LJO-BAM<br><br>**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: April 19, 2013 |

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

1  corporation; IRONSHORE SPECIALTY
INSURANCE COMPANY, an Arizona
2  corporation; AMERICAN SAFETY
INDEMNITY COMPANY, an Oklahoma
3  corporation; LEXINGTON INSURANCE
COMPANY, a Delaware corporation;
4  PROBUILDERS SPECIALTY INSURANCE
COMPANY, RRG, a Washington D.C.
5  corporation; SECURITY AMERICA RISK
RETENTION GROUP, a Vermont corporation;
6  ILLINOIS UNION INSURANCE COMPANY,
a Illinois corporation; ZURICH NORTH
7  AMERICAN INSURANCE COMPANY, a
New York corporation; LIBERTY MUTUAL
8  INSURANCE COMPANY, a Massachusetts
corporation; NORTHERN INSURANCE
9  COMPANY OF NEW YORK, a New York
corporation; CHARTIS SPECIALTY
10  INSURANCE COMPANY fka AMERICAN
INTERNATIONAL SPECIALTY LINES
11  INSURANCE COMPANY, an Illinois
corporation; NAVIGATORS INSURANCE
12  COMPANY, a New York corporation; TRUCK
INSURANCE EXCHANGE, a California
13  corporation; CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, a Kentucky corporation;
14  PRAETORIAN INSURANCE COMPANY, a
Pennsylvania; and DOES 1 through 10
15  inclusive.

16          Defendants.

18          Defendant Everest Indemnity Insurance Company ("Everest Indemnity") hereby answers

19  the Complaint of Plaintiff Travelers Property Casualty Company of America ("Plaintiff") as

20  follows:

21          1.      Defendant admits that Plaintiff is seeking equitable contribution and a judicial

22  declaration with regard to the action *Ray, et al. v. Beazer Homes, et al.*, Case No. MCV057176

23  (the "Underlying Action").

24                              **JURISDICTION**

25          2.      Defendant lacks sufficient personal knowledge and information to form a belief

26  as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies the

27  allegations.

28

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 1:13-CV-00576-LJO-BAM**

276839.1  1062.34731

Selman Breitman LLP
ATTORNEYS AT LAW

1        3.     Defendant admits the allegations in Paragraph 3 of the Complaint.

2        4.     Defendant lacks sufficient personal knowledge and information to form a belief

3    as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies the

4    allegations.

5        5.     Defendant lacks sufficient personal knowledge and information to form a belief

6    as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the

7    allegations.

8        6.     Defendant lacks sufficient personal knowledge and information to form a belief

9    as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the

10   allegations.

11       7.     Defendant lacks sufficient personal knowledge and information to form a belief

12   as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies the

13   allegations.

14       8.     Defendant lacks sufficient personal knowledge and information to form a belief

15   as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies the

16   allegations.

17       9.     Defendant lacks sufficient personal knowledge and information to form a belief

18   as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies the

19   allegations.

20       10.    Defendant lacks sufficient personal knowledge and information to form a belief

21   as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies the

22   allegations.

23       11.    Defendant lacks sufficient personal knowledge and information to form a belief

24   as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the

25   allegations.

26       12.    Defendant lacks sufficient personal knowledge and information to form a belief

27   as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the

28

3

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 1:13-CV-00576-LJO-BAM**

1   allegations.

2       13.     Defendant lacks sufficient personal knowledge and information to form a belief

3   as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the

4   allegations.

5       14.     Defendant lacks sufficient personal knowledge and information to form a belief

6   as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the

7   allegations.

8       15.     Defendant lacks sufficient personal knowledge and information to form a belief

9   as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the

10  allegations.

11      16.     Defendant lacks sufficient personal knowledge and information to form a belief

12  as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies the

13  allegations.

14      17.     Defendant lacks sufficient personal knowledge and information to form a belief

15  as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the

16  allegations.

17      18.     Defendant lacks sufficient personal knowledge and information to form a belief

18  as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies the

19  allegations.

20      19.     Defendant lacks sufficient personal knowledge and information to form a belief

21  as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies the

22  allegations.

23      20.     Defendant lacks sufficient personal knowledge and information to form a belief

24  as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies the

25  allegations.

26      21.     Defendant lacks sufficient personal knowledge and information to form a belief

27  as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies the

28

4

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 1:13-CV-00576-LJO-BAM**

Selman Breitman LLP
ATTORNEYS AT LAW

1 allegations.

2        22.     Defendant lacks sufficient personal knowledge and information to form a belief

3 as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies the

4 allegations.

5        23.     Defendant lacks sufficient personal knowledge and information to form a belief

6 as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies the

7 allegations.

8        24.     Defendant lacks sufficient personal knowledge and information to form a belief

9 as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies the

10 allegations.

11        25.     Defendant lacks sufficient personal knowledge and information to form a belief

12 as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies the

13 allegations.

14        26.     Defendant lacks sufficient personal knowledge and information to form a belief

15 as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies the

16 allegations.

17        27.     Defendant lacks sufficient personal knowledge and information to form a belief

18 as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the

19 allegations.

20        28.     Defendant lacks sufficient personal knowledge and information to form a belief

21 as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the

22 allegations.

23        29.     Defendant lacks sufficient personal knowledge and information to form a belief

24 as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the

25 allegations.

26        30.     Defendant lacks sufficient personal knowledge and information to form a belief

27 as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the

28

5

276839.1  1062.34731

allegations.

31.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies the allegations.

32.     Defendant admits there is a diversity of citizenship between Plaintiff and this answering Defendant as alleged in Paragraph 32 of the Complaint.  Defendant lacks sufficient personal knowledge and information to form a belief as to whether there is a diversity of citizenship between Plaintiff and any other defendant.

**VENUE**

33.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies the allegations

**GENERAL ALLEGATIONS**

A.     **The Insurance Policies**

34.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies the allegations.

35.     Defendant Everest Indemnity admits that it issued the following policies to Advanced Insulation, Inc.:

5800000205-051 (April 15, 2005 –April 15, 2006)

5800000205-071 (April 15, 2007 –April 15, 2008)

Everest Indemnity denies that Beazer Homes Holding Corp. ("Beazer Homes") is named as an additional insured under any of these policies.

36.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 36 of the Complaint, and therefore denies the allegations.

37.     Defendant lacks sufficient personal knowledge and information to form a belief

Selman Breitman LLP
ATTORNEYS AT LAW

as to the truth to the allegations in Paragraph 37 of the Complaint, and therefore denies the allegations.

38.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 38 of the Complaint, and therefore denies the allegations.

39.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 39 of the Complaint, and therefore denies the allegations.

40.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 40 of the Complaint, and therefore denies the allegations.

41.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 41 of the Complaint, and therefore denies the allegations.

42.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 42 of the Complaint, and therefore denies the allegations.

43.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 43 of the Complaint, and therefore denies the allegations.

44.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 44 of the Complaint, and therefore denies the allegations.

45.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth to the allegations in Paragraph 45 of the Complaint, and therefore denies the allegations.

46.     Defendant lacks sufficient personal knowledge and information to form a belief

Selman Breitman LLP
ATTORNEYS AT LAW

276839.1  1062.34731

as to the truth to the allegations in Paragraph 46 of the Complaint, and therefore denies the allegations.

47.     Defendant Everest Indemnity admits that it issued the following policies to California Mantel, Inc.:

        5800000195-051 (April 1, 2005 – April 1, 2006)

        5800000195-061 (April 1, 2006 – April 1, 2007)

Everest Indemnity denies that Beazer Homes is named as an additional insured under any of these policies.

48.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and therefore denies the allegations.

49.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies the allegations.

50.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies the allegations.

51.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies the allegations.

52.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and therefore denies the allegations.

53.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies the allegations.

54.     Defendant lacks sufficient personal knowledge and information to form a belief

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

as to the truth of the allegations in Paragraph 54 of the Complaint, and therefore denies the allegations.

55.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and therefore denies the allegations.

56.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore denies the allegations.

57.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and therefore denies the allegations.

58.     Defendant Everest Indemnity admits that it issued the following policy to Friant Masonry, Inc.:

5800000390-061 (May 27, 2006 – May 27, 2007)

Everest Indemnity denies that Beazer Homes is named as an additional insured under this policy.

59.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore denies the allegations.

60.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and therefore denies the allegations.

61.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and therefore denies the allegations.

62.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies the

9

Selman Breitman LLP
ATTORNEYS AT LAW

1    allegations.

2        63.    Defendant lacks sufficient personal knowledge and information to form a belief

3    as to the truth of the allegations in Paragraph 63 of the Complaint, and therefore denies the

4    allegations.

5        64.    Defendant lacks sufficient personal knowledge and information to form a belief

6    as to the truth of the allegations in Paragraph 64 of the Complaint, and therefore denies the

7    allegations.

8        65.    Defendant lacks sufficient personal knowledge and information to form a belief

9    as to the truth of the allegations in Paragraph 65 of the Complaint, and therefore denies the

10   allegations.

11       66.    Defendant lacks sufficient personal knowledge and information to form a belief

12   as to the truth of the allegations in Paragraph 66 of the Complaint, and therefore denies the

13   allegations.

14       67.    Defendant lacks sufficient personal knowledge and information to form a belief

15   as to the truth of the allegations in Paragraph 67 of the Complaint, and therefore denies the

16   allegations.

17       68.    Defendant lacks sufficient personal knowledge and information to form a belief

18   as to the truth of the allegations in Paragraph 68 of the Complaint, and therefore denies the

19   allegations.

20       69.    Defendant lacks sufficient personal knowledge and information to form a belief

21   as to the truth of the allegations in Paragraph 69 of the Complaint, and therefore denies the

22   allegations.

23       70.    Defendant lacks sufficient personal knowledge and information to form a belief

24   as to the truth of the allegations in Paragraph 70 of the Complaint, and therefore denies the

25   allegations.

26       71.    Defendant lacks sufficient personal knowledge and information to form a belief

27   as to the truth of the allegations in Paragraph 71 of the Complaint, and therefore denies the

28

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 1:13-CV-00576-LJO-BAM**

276839.1  1062.34731

allegations.

72.     Defendant Everest Indemnity admits that it issued the following policies to MCML Enterprises dba D&W Installation:

5800000337-061  (January 9, 2006 to January 9, 2007)

5800000337-071  ( January 9, 2007 to January 9, 2008)

5800000337-081  (January 9, 2008 to January 9, 2009)

Everest Indemnity denies that Beazer Homes is named as an additional insured under any of these policies.

73.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and therefore denies the allegations.

74.     Defendant Everest Indemnity admits that it issued the following policy to Metropolitan Interior Designs:

5800000434-061  (November 18, 2006 to November 18, 2007)

Everest Indemnity denies that Beazer Homes is named as an additional insured under this policy.

75.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and therefore denies the allegations.

76.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and therefore denies the allegations.

77.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and therefore denies the allegations.

78.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and therefore denies the

Selman Breitman LLP
ATTORNEYS AT LAW

276839.1  1062.34731

allegations.

79.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and therefore denies the allegations.

80.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and therefore denies the allegations.

81.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and therefore denies the allegations.

82.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and therefore denies the allegations.

83.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and therefore denies the allegations.

84.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and therefore denies the allegations.

85.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and therefore denies the allegations.

86.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and therefore denies the allegations.

87.      Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and therefore denies the

12

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 1:13-CV-00576-LJO-BAM**

allegations.

88.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and therefore denies the allegations.

89.     Everest Indemnity Insurance Company denies that it issued any policies to Talons Landscape Development, Inc.

90.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and therefore denies the allegations.

91.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, and therefore denies the allegations.

92.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, and therefore denies the allegations.

93.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint, and therefore denies the allegations.

94.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint, and therefore denies the allegations.

95.     Defendant admits it has possession of the Policies it issued and knows the terms and contents of those Policies. Defendant denies that the Policies are written on standard forms. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 95 of the Complaint, and therefore denies those allegations.

96.     Defendant denies the allegations of this Paragraph as they pertain to Everest

13

Selman Breitman LLP
ATTORNEYS AT LAW

276839.1  1062.34731

Selman Breitman LLP
ATTORNEYS AT LAW

Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 96 of the Complaint, and therefore denies those allegations.

### B. The Underlying Action

97.     Defendant admits that on or about November 11, 2011, a first amended complaint was filed against Beazer Homes and Beazer Homes Holding Corp. entitled Ray, et al. v. Beazer Homes, et al., Madera County Superior Court case number MCV057176 (the "Underlying Action"). Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and therefore denies those allegations.

98.     Defendant admits that the plaintiff homeowners are alleging various construction defects related to their homes. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and therefore denies those allegations.

99.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint, and therefore denies those allegations.

100.     Defendant admits that Beazer Homes tendered its defense and indemnity with regard to the Underlying Action to Everest Indemnity as an alleged additional insured under the policies specified in paragraphs 35, 47, 58, 72 and 74, and Defendant further admits that it denied Beazer's tenders. Defendant denies that it refused to respond to Beazer's tenders. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint, relating to any other defendant, and therefore denies those allegations.

101.     Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and therefore denies those allegations.

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**
**CASE NO. 1:13-CV-00576-LJO-BAM**

Selman Breitman LLP
ATTORNEYS AT LAW

102. Defendant denies the allegations of this Paragraph as they pertain to Everest Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint, and therefore denies those allegations.

103. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and therefore denies those allegations.

104. Defendant denies the allegations of this Paragraph as they pertain to Everest Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, relating to any other defendant, and therefore denies those allegations.

105. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint, and therefore denies those allegations.

## ANSWER TO FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

(By Plaintiff Against All Defendants and Does 1 through 10)

106. Defendant incorporates by reference each response to the allegations in all preceding Paragraphs of the Complaint as though fully set forth herein.

107. Defendant admits the allegations in Paragraph 107 as they relate to Defendant. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations relating to any other defendant, and therefore denies those allegations.

108. Defendant admits that Plaintiff contends, and Everest Indemnity denies, the allegations contained in this paragraph as those allegations pertain to Everest Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations relating to any other defendant, and therefore denies those allegations.

109. Defendant admits that Plaintiffs desire a judicial declaration of their rights. Defendant denies the remainder of the allegations in Paragraph 109 of the Complaint.

DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 1:13-CV-00576-LJO-BAM

276839.1 1062.34731

Selman Breitman LLP
ATTORNEYS AT LAW

**ANSWER TO SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION**

(By Plaintiff Against All Defendants and Does 1 through 10)

110. Defendant incorporates by reference each response to the allegations in all preceding Paragraphs of the Complaint as though fully set forth herein.

111. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, and therefore denies the allegations.

112. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint, and therefore denies the allegations.

113. Defendant admits that the policies issued by Defendant provide liability insurance to Beazer homes (in general) and designate Beazer Homes as an additional insured. Defendant denies that the allegations made, pleaded or otherwise asserted against Beazer Homes in the Underlying Action, if true, set forth claims for damages potentially covered under the various policies issued by Everest Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 113 relating to any other defendant, and therefore denies those allegations.

114. Defendant denies the allegations in Paragraph 114 as they relate to Defendant. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 114 relating to any other defendant, and therefore denies those allegations.

115. Defendant denies the allegations in Paragraph 115 as they relate to Defendant. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations in Paragraph 115 relating to any other defendant, and therefore denies those allegations.

116. Defendants admits that it has to date not participated in the defense of Beazer Homes, and that it has not contributed toward the costs of defending Beazer Homes. Defendant

16

276839.1 1062.34731

lacks sufficient personal knowledge and information to form a belief as to the truth of the

allegations in Paragraph 116 relating to any other defendant, and therefore denies those

allegations.

    117.    Defendant denies the allegations in Paragraph 117 as they relate to Defendant.

Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of

the allegations in Paragraph 117 relating to any other defendant, and therefore denies those

allegations.

    118.    Defendant denies the allegations in Paragraph 118 as they relate to Defendant.

Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of

the allegations in Paragraph 118 relating to any other defendant, and therefore denies those

allegations.

    119.    Defendant denies the allegations in Paragraph 119 as they relate to Defendant.

Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of

the allegations in Paragraph 119 relating to any other defendant, and therefore denies those

allegations.

## **PRAYER FOR RELIEF**

    1.    Under the First Cause of Action, Defendant responds:

    a.    Defendant denies that it had any duty to defend Beazer Homes against the

claims, demands, actions and causes of action asserted against Beazer Homes in the Underlying

Action.

    b.    Defendant denies that it has an equitable duty or responsibility to pay a

share of the costs of defense incurred on behalf of Beazer Homes.

    c.    Defendant lacks sufficient personal knowledge and information to form a

belief as to whether the costs of defending Beazer Homes have been or are being borne

disproportionately by Plaintiff and therefore denies those allegations.

    d.    Defendant denies that the costs associated with the defense of Beazer

Homes should be equitably apportioned between and among Plaintiff and Everest Indemnity under

17

applicable law and equitable principles. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations relating to any other defendant, and therefore denies those allegations.

2. Defendant denies under the Second Cause of Action that Plaintiff is entitled to an award of monetary damages from Everest Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations relating to any other defendant, and therefore denies those allegations.

3. Defendant denies that Plaintiff is entitled to prejudgment interest from Everest Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations relating to any other defendant, and therefore denies those allegations.

4. Defendant denies that Plaintiff is entitled to costs of suit from Everest Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations relating to any other defendant, and therefore denies those allegations.

5. Defendant denies that Plaintiff is entitled to any other form of relief from Everest Indemnity. Defendant lacks sufficient personal knowledge and information to form a belief as to the truth of the allegations relating to any other defendant, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

In addition to the foregoing, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief many be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint is barred, in whole or in part, by the statute of limitations set forth in California Code of Civil Procedure sections 337, 338, 339, and/or 340.

### THIRD AFFIRMATIVE DEFENSE

(Mitigation)

18

The Complaint is barred to the extent that the Plaintiffs, Beazer Homes and/or Defendant's named insureds failed to act reasonably to minimize, avoid or otherwise mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

The Complaint is barred because the Plaintiffs, Beazer Homes and/or Defendant's named insureds failed to perform their obligations under the terms of Defendant's policies under which Plaintiffs seek contribution/reimbursement, thereby excusing Defendant's performance.

## FIFTH AFFIRMATIVE DEFENSE

### (Disclosure)

The Complaint is barred to the extent that Beazer Homes and/or Defendant's named insureds misrepresented, concealed or failed to disclose facts or other information relevant to the issuance or renewal of each of the Everest Indemnity Policies, or any of them.

## SIXTH AFFIRMATIVE DEFENSE

### (Contingent Claim)

The Complaint is barred to the extent it seeks recovery of sums incurred for liability arising from an event, act, occurrence, loss or claim that was not fortuitous, was in progress, or was not contingent at or before the time Defendant's policies incepted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

The Complaint is barred by the doctrine of estoppel, waiver and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint is barred by the unclean hands of the Plaintiffs, Beazer Homes and/or Defendant's named insureds under Defendant's policies.

## NINTH AFFIRMATIVE DEFENSE

### (Policy Provisions)

The Complaint is barred in whole or in part by the terms, conditions, exclusions and/or

19

endorsements contained in Defendant's policies.

## TENTH AFFIRMATIVE DEFENSE

### (Insuring Clause)

The Complaint is barred to the extent there was no "occurrence" and/or "property damage" during Defendant's policy period(s).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Workmanship Exclusions)

The Complaint is barred to the extent to the "workmanship" exclusions (Section A.2.) apply to preclude coverage.

## TWELFTH AFFIRMATIVE DEFENSE

### (Designated Work/Designated Product/Designated Operations Exclusions)

The Complaint is barred to the extent the claims alleged are barred by the Designated Work, Designated Products and/or Designated Operations Exclusions contained in each of Defendant's policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Self Insured Retention)

The Complaint is barred to the extent that Defendant's named insureds did not pay the self-insured retention(s) found in each of Everest Indemnity's Policies, such that Defendant's defense and/or indemnity obligations to Beazer Homes and/or Defendant's named insureds never arose.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Insurance – Conditions Section)

The Complaint is barred in whole or in part by reason of other insurance pursuant to the "other insurance" provisions of Defendant's policies.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Cooperation Clause)

The Complaint is barred to the extent that the Plaintiffs, Beazer Homes and/or Defendant's named insureds failed to comply with the assistance and cooperation clause in Defendant's

Selman Breitman LLP
ATTORNEYS AT LAW

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT CASE NO. 1:13-CV-00576-LJO-BAM**

276839.1  1062.34731

policies.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Insured Endorsement)

The Complaint is barred by the terms and limitations of the additional insured endorsement(s) in Defendant's policies, including but not limited to the limitation to coverage for "ongoing operations."

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Late Notice)

The Complaint is barred to the extent that the Plaintiffs, Beazer Homes and/or Defendant's named insureds failed to provide proper and timely notice as required under Defendant's policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Pre-Tender Costs)

The Complaint is barred to the extent that it seeks recovery of costs incurred prior to the tender to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonable Fees/Costs)

The Complaint is barred to the extent that it seeks recovery of costs to defend or settle the Underlying Action that are unreasonable, unnecessary, duplicative or inappropriate.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Limitation on Defense Obligation, If Any)

In the event Defendant is found to have a defense obligation to Beazer Homes under Defendant's policies – which is expressly denied – Defendant's obligation to share in the defense of Beazer Homes is limited to damages arising only from operation of Everest Indemnity's named insureds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Offset of Defense Obligation, If Any)

In the event Defendant is found to have a defense obligation to Beazer Homes under

DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 1:13-CV-00576-LJO-BAM

Selman Breitman LLP
ATTORNEYS AT LAW

276839.1  1062.34731

Selman Breitman LLP
ATTORNEYS AT LAW

Defendant's policies – which is expressly denied – Defendant is entitled to an offset / contribution / equitable apportionment from other parties affording coverage to Beazer Homes under their respective policies of insurance.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Limitation on Indemnity Obligation, If Any)

In the event Defendant is found to have an indemnity obligation to Beazer Homes under Defendant's policies – which is expressly denied – Defendant's obligation to share in the indemnification of Beazer Homes is limited to damages arising only from operation of Defendant's named insureds.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset of Indemnity Obligation, If Any)

In the event Defendant is found to have an indemnity obligation to Beazer Homes under Defendant's policies – which is expressly denied – Defendant is entitled to an offset / contribution / equitable apportionment from other parties affording coverage to Beazer Homes under their respective policies of insurance.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times material herein, Defendants acted reasonably and in good faith toward Beazer Homes and Defendant's named insureds, based upon all relevant facts and circumstances known to it at the time, and fully performed all terms, conditions, covenants and promises to be performed pursuant to Defendant's policies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant reserves the right to amend this pleading to reflect additional affirmative defenses available to it as revealed through discovery.

## PRAYER FOR RELIEF

Wherefore, Defendant prays that:

22

276839.1  1062.34731

1.     Plaintiff take nothing by way of the Complaint against Defendant;

2.     Defendant be dismissed with an award of its costs of suit incurred herein;

3.     Plaintiff's recovery as against Defendant, if any, be diminished by an amount equal to the degree of liability attributable to Plaintiff and/or other persons; and

4.     The Court grant such other relief as it deems just and proper.

DATED: July 2, 2013                    SELMAN BREITMAN LLP


                                       By:    _____
                                              LINDA WENDELL HSU
                                              T.J. KITCHEN
                                          Attorneys for Defendant
                                          EVEREST INDEMNITY INSURANCE COMPANY

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**
**CASE NO. 1:13-CV-00576-LJO-BAM**

276839.1  1062.34731