**THE AGUILERA LAW GROUP**
A. Eric Aguilera (SBN 192390)
Kari M. Myron (SBN 158592)
Angela N. Martin (SBN 238426)
650 Town Center Drive
Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
kmyron@aguileragroup.com
amartin@aguileragroup.com

Attorneys for Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; <br><br> Plaintiff, <br><br> v. <br><br> OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; FINANCIAL PACIFIC INSURANCE COMPANY, a California corporation; ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation; ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation; NATIONAL UNION FIRE INSRUANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation; FIRST SPECIALTY INSURANCE CORPORATION, a Missouri corporation; AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation; LEXINGTON INSURANCE | Case No. 1:13-CV-00576-LJO-BAM <br><br> **FIRST AMENDED COMPLAINT OF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA FOR:** <br><br> **(1)  DECLARATORY RELIEF (All Defendants);** <br><br> **(2)  EQUITABLE CONTRIBUTION (Insurer Defendants);** <br><br> **(3)  EQUITABLE REIMBURSEMENT (Beazer Defendants); AND** <br><br> **(4)  EQUITABLE REIMBURSEMENT (Beazer Defendants)** <br><br> **JURY DEMAND** |

COMPANY, a Delaware corporation; SECURITY AMERICA RISK RETENTION GROUP, a Vermont corporation; ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation; ZURICH AMERICAN INSURANCE COMPANY, erroneously named as ZURICH NORTH AMERICAN INSURANCE COMPANY, a New York corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; NORTHERN INSURANCE COMPANY OF NEW YORK, a New York corporation; CHARTIS SPECIALTY INSURANCE COMPANY fka AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY, an Illinois corporation; NAVIGATORS INSURANCE COMPANY, a New York corporation;; PRAETORIAN INSURANCE COMPANY, a Pennsylvania; EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation; BEAZER HOMES HOLDINGS CORP., a Delaware corporation; BEAZER HOMES CALIFORNIA, INC, a Delaware corporation; CATLIN SPECIALTY INSURANCE COMPANY, a Delaware corporation; AMCO INSURANCE COMPANY, an Iowa corporation; and DOES 1 through 10 inclusive.

Defendants.

Comes now Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Plaintiff" or "Travelers") and pleads the following allegations on information and belief in support of its Complaint herein:

1. The present action seeks a judicial declaration and equitable contribution concerning the rights and obligations as amongst insurance carriers and their insureds with regard to defense fees and costs incurred and being incurred in the action currently pending in the Superior Court of the State of California in and for the County of Madera entitled *Ray, et al. v. Beazer Homes, et al.,* case number MCV057176 (the "Underlying Action").

## **JURISDICTION**

2. Travelers is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers

1  is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State

2  of California.

3       3.     Travelers is informed and believes and thereon alleges that Defendant EVEREST

4  INDEMNITY INSURANCE COMPANY ("Everest") is a corporation organized and existing under

5  the laws of the State of Delaware with its principal place of business in New Jersey.  Travelers is

6  further informed and believes and thereon alleges that Everest is, and at all times relevant was, an

7  insurance carrier eligible to do business as an insurer in the State of California.

8       4.     Travelers is informed and believes and thereon alleges that Defendant SECURITY

9  AMERICA RISK RETENTION GROUP ("Security America") is a corporation organized and

10  existing under the laws of the State of Vermont with its principal place of business in Vermont.

11  Travelers is further informed and believes and thereon alleges that Security America is, and at all

12  times relevant was, an insurance carrier eligible to do business as an insurer in the State of

13  California.

14       5.     Travelers is informed and believes and thereon alleges that Defendant AMERICAN

15  SAFETY INDEMNITY COMPANY ("American Safety") is a corporation organized and existing

16  under the laws of the State of Oklahoma with its principal place of business in Georgia.  Travelers is

17  further informed and believes and thereon alleges that American Safety is, and at all times relevant

18  was, an insurance carrier eligible to do business as an insurer in the State of California.

19       6.     Travelers is informed and believes and thereon alleges that Defendant CHARTIS

20  SPECIALTY INSURANCE COMPANY fka AMERICAN INTERNATIONAL SPECIALTY

21  LINES INSURANCE COMPANY ("AISLIC") is a corporation organized and existing under the

22  laws of the State of Illinois with its principal place of business in New York.  Travelers is further

23  informed and believes and thereon alleges that AISLIC is, and at all times relevant was, an

24  insurance carrier eligible to do business as an insurer in the State of California.

25       7.     Travelers is informed and believes and thereon alleges that Defendant OLD

26  REPUBLIC INSURANCE COMPANY ("Old Republic") is a corporation organized and existing

27  under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

28  Travelers is further informed and believes and thereon alleges that Old Republic is, and at all times

1  relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

2          8.      Travelers is informed and believes and thereon alleges that Defendant INTERSTATE

3  FIRE & CASUALTY COMPANY ("Interstate") is a corporation organized and existing under the

4  laws of the State of Illinois with its principal place of business in Illinois. Travelers is further

5  informed and believes and thereon alleges that Interstate is, and at all times relevant was, an

6  insurance carrier eligible to do business as an insurer in the State of California.

7          9.      Travelers is informed and believes and thereon alleges that Defendant FINANCIAL

8  PACIFIC INSURANCE COMPANY ("Financial Pacific") is a corporation organized and existing

9  under the laws of the State of California with its principal place of business in California. Travelers

10 is further informed and believes and thereon alleges that Financial Pacific is, and at all times

11 relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

12       10.     Travelers is informed and believes and thereon alleges that Defendant ARCH

13 SPECIALTY INSURANCE COMPANY ("Arch") is a corporation organized and existing under the

14 laws of the State of Nebraska with its principal place of business in New York. Travelers is further

15 informed and believes and thereon alleges that Arch is, and at all times relevant was, an insurance

16 carrier eligible to do business as an insurer in the State of California.

17       11.     Travelers is informed and believes and thereon alleges that Defendant

18 NAVIGATORS SPECIALITY INSURANCE COMPANY ("Navigators") is a corporation

19 organized and existing under the laws of the State of New York with its principal place of business

20 in New York. Travelers is further informed and believes and thereon alleges that Navigators is, and

21 at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of

22 California.

23       12.     Travelers is informed and believes and thereon alleges that Defendant

24 CLARENDON NATIONAL INSURANCE COMPANY ("Clarendon") is a corporation organized

25 and existing under the laws of the State of New Jersey with its principal place of business in New

26 York. Travelers is further informed and believes and thereon alleges that Clarendon is, and at all

27 times relevant was, an insurance carrier eligible to do business as an insurer in the State of

28 California.

1          13.     Travelers is informed and believes and thereon alleges that Defendant ACE

2     AMERICAN INSURANCE COMPANY ("Ace American") is a corporation organized and existing

3     under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

4     Travelers is further informed and believes and thereon alleges that Ace American is, and at all times

5     relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

6          14.     Travelers is informed and believes and thereon alleges that Defendant AMCO

7     INSURANCE COMPANY ("Amco") was a corporation organized and existing under the laws of

8     the State of Iowa with its principal place of business in Iowa.  Travelers is further informed and

9     believes and thereon alleges that Amco was, and at all relevant times was, an insurance carrier

10    eligible to do business as an insurer to do business as an insurer in the State of California.

11         15.     Travelers is informed and believes and thereon alleges that Defendant NATIONAL

12    UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") is a

13    corporation organized and existing under the laws of the State of Pennsylvania with its principal

14    place of business in New York.  Travelers is further informed and believes and thereon alleges that

15    National Union is, and at all times relevant was, an insurance carrier eligible to do business as an

16    insurer in the State of California.

17         16.     Travelers is informed and believes and thereon alleges that Defendant FIRST

18    SPECIALTY INSURANCE COMPANY ("First Specialty") is a corporation organized and existing

19    under the laws of the State of Missouri with its principal place of business in Kansas.  Travelers is

20    further informed and believes and thereon alleges that First Specialty is, and at all times relevant

21    was, an insurance carrier eligible to do business as an insurer in the State of California.

22         17.     Travelers is informed and believes and thereon alleges that Defendant LEXINGTON

23    INSURANCE COMPANY ("Lexington") is a corporation organized and existing under the laws of

24    the State of Delaware with its principal place of business in Massachusetts.  Travelers is further

25    informed and believes and thereon alleges that Lexington is, and at all times relevant was, an

26    insurance carrier eligible to do business as an insurer in the State of California.

27         18.     Travelers is informed and believes and thereon alleges that Defendant SPECIALTY

28    AMERICA RISK RETENTION GROUP ("Specialty America") is a corporation organized and

existing under the laws of the State of Vermont with its principal place of business in Vermont. Travelers is further informed and believes and thereon alleges that Specialty America is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

19.    Travelers is informed and believes and thereon alleges that Defendant ILLINOIS UNION INSURANCE COMPANY ("Illinois Union") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. Travelers is further informed and believes and thereon alleges that Illinois Union is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

20.    Travelers is informed and believes and thereon alleges that Defendant ZURICH AMERICAN INSURNACE COMPANY (erroneously named as ZURICH NORTH AMERICAN INSURANCE COMPANY ("Zurich") is a corporation organized and existing under the laws of the State of New York with its principal place of business in Illinois. Travelers is further informed and believes and thereon alleges that Zurich is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

21.    Travelers is informed and believes and thereon alleges that Defendant LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business in Massachusetts. Travelers is further informed and believes and thereon alleges that Liberty Mutual is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

22.    Travelers is informed and believes and thereon alleges that Defendant NORTHERN INSURANCE COMPANY OF NEW YORK ("Northern Insurance") is a corporation organized and existing under the laws of the State of New York with its principal place of business in Illinois. Travelers is further informed and believes and thereon alleges that Northern Insurance is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

23.    Travelers is informed and believes and thereon alleges that Defendant

NAVIGATORS INSURANCE COMPANY ("NIC") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.  Travelers is further informed and believes and thereon alleges that NIC is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

24.     Travelers is informed and believes and thereon alleges that Defendant PRAETORIAN SPECIALTY INSURANCE COMPANY ("Praetorian") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in New York.  Travelers is further informed and believes and thereon alleges that Praetorian is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

25.     Travelers is informed and believes and thereon alleges that Defendant EVEREST NATIONAL INSURANCE COMPANY ("Everest National") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey.  Travelers is further informed and believes and thereon alleges that Everest National is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

26.     Travelers is informed and believes and thereon alleges that Defendant CATLIN SPECIALTY INSURANCE COMPANY ("Catlin") is  corporation organized and existing under the laws of the State of Delaware with its principal place of business in Delaware.  Travelers is further informed and believes and thereon alleges that Catlin is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

27.     Travelers shall refer to the insurance carrier defendants collectively herein as "Insurer Defendants" where appropriate.

28.     Travelers is informed and believes and thereon alleges that Defendant BEAZER HOMES HOLDINGS CORP.  is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Georgia.  Travelers is further informed and believes and thereon alleges that BEAZER HOMES HOLDINGS CORP. is a home builder/developer authorized to do business in the State of California.

29.     Travelers is informed and believes and thereon alleges that Defendant BEAZER HOMES CALIFORNIA, INC. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Georgia.  Travelers is further informed and believes and thereon alleges that BEAZER HOMES CALIFORNIA, INC. is a home builder/developer authorized to do business in the State of California.  Travelers shall refer to Defendants BEAZER HOMES CALIFORNIA, INC. and BEAZER HOMES HOLDINGS CORP. collectively herein as "Beazer".

30.     Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Travelers is unaware of the true names and capacities of said DOE defendants.  Travelers will amend this Complaint to reflect the true names when the same are ascertained.  Travelers is informed and believes and thereon alleges that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

31.     The amount in controversy exceeds $75,000, and represents fees and costs sought in connection with the defense and indemnification of the parties' mutual insured with regard to the Underlying Action.

32.     This Court has diversity jurisdiction as Travelers is domiciled in Connecticut and the Defendants are domiciled in Delaware, New Jersey, Pennsylvania, Illinois, California, Nebraska, New York, North Dakota, Oklahoma, Missouri, Kansas, Arizona, Massachusetts, Georgia, Washington, D.C., Vermont and Kentucky.

**VENUE**

33.     Travelers is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California.  The Underlying Action is pending in this judicial district.  Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

**GENERAL ALLEGATIONS**

**A.      The Insurance Policies**

34.     Travelers issued commercial general liability insurance policies numbered I-680-2136C886-TIL (effective 11/20/06 to 11/20/07, 11/20/07 to 11/20/08, 11/20/08 to 11/20/09 and 11/20/09 to 11/20/10) (the "Travelers Policies") under which Marble Palace, Inc. ("Marble Palace") was the named insured.

35.     Travelers is informed and believes and thereon alleges that Everest issued the following commercial general liability insurance policies under which Advanced Insulation, Inc. was a named insured:  policy number 5800000205-051, effective 4/15/05 to 4/15/06; and, policy number 5800000205-071, effective 4/15/07 to 4/15/08 (collectively referred to as the "Everest Advanced Insulation Policies").  Travelers is informed and believes that Beazer is named as an additional insured on the Everest Advanced Insulation Policies.

36.     Travelers is informed and believes and thereon alleges that Old Republic issued commercial general liability insurance policy number MWZY55525, effective 6/30/06 to 6/30/07, under which Advanced Insulation, Inc. was a named insured (referred to as the "Old Republic Advanced Insulation Policy").  Travelers is informed and believes that Beazer is named as an additional insured on the Old Republic Advanced Insulation Policy.

37.     Travelers is informed and believes and thereon alleges that Interstate issued commercial general liability insurance policy number CLP6266935, effective 3/21/05 to 3/21/06, under which Baku Corporation dba Alder Creek Millwork was a named insured (referred to as the "Interstate Baku Policy").  Travelers is informed and believes that Beazer is named as an additional insured on the Interstate Baku Policy.

38.     Travelers is informed and believes and thereon alleges that Financial Pacific issued the following commercial general liability insurance policies under which All Metal Fence was a named insured:  policy number 165996C, effective 7/21/04 to 7/21/05; policy number 165996D, effective 7/21/05 to 7/21/06; and, policy number 165996E, effective 7/21/06 to 7/21/07 (collectively referred to as the "Financial Pacific All Metal Fence Policies").  Travelers is informed and believes that Beazer is named as an additional insured on the Financial Pacific All Metal Fence Policies.

39.     Travelers is informed and believes and thereon alleges that Arch issued the following commercial general liability insurance policies under which B.F. Glass, Inc. dba Fresno Shower

Door & Mirror was a named insured: policy number GAP0002431-00, effective 10/22/03 to 10/22/04; policy number GAP0002431-01, effective 10/22/04 to 10/22/05; and, policy number 72DPC1441200, effective 10/22/05 to 10/22/06 (collectively referred to as the "Arch B.F. Glass Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Arch Fresno B.F. Glass Policies.

40. Travelers is informed and believes and thereon alleges that Financial Pacific issued commercial general liability insurance policy number 178312A-D, effective 10/22/08 to 10/22/12, under which B.F. Glass, Inc. dba Fresno Shower Door & Mirror was a named insured (referred to as the "Financial Pacific B.F. Glass Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Financial Pacific B.F. Glass Policy.

41. Travelers is informed and believes and thereon alleges that Navigators issued the following commercial general liability insurance policies under which B.F. Glass, Inc. dba Fresno Shower Door & Mirror was a named insured: policy number SF06CGL0054700, effective 10/22/06 to 10/22/07; and, SF06CGL0054700-01, effective 10/22/07 to 10/22/08 (collectively referred to as the "Navigators B.F. Glass Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Navigators B.F. Glass Policies.

42. Travelers is informed and believes and thereon alleges that Arch issued the following commercial general liability insurance policies under which Beutler Corporation was a named insured: policy number RGP000542500, effective 4/01/05 to 4/01/06; policy number RGP000542501, effective 4/01/06 to 4/01/07; and, policy number RGP000542502, effective 4/01/07 to 4/01/08 (collectively referred to as the "Arch Beutler Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Arch Beutler Policies.

43. Travelers is informed and believes and thereon alleges that Clarendon issued commercial general liability insurance policy number CA A00100538, effective 5/17/06 to 5/17/07, under which Beutler Corporation was a named insured (referred to as the "Clarendon Beutler Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Clarendon Beutler Policy.

44.     Travelers is informed and believes and thereon alleges that ACE American issued the following commercial general liability insurance policies under which Building Materials Holding Corporation was a named insured: policy number HDOG18072889, 11/11/05 to 11/11/06; policy number XSL621702250A, effective 11/11/06 to 11/11/07; and, policy number XSL62373560A, effective 11/11/07 to 11/11/08 (collectively referred to as the "ACE American Building Materials Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the ACE American Building Materials Policies.

45.     Travelers is informed and believes and thereon alleges that Amco issued commercial general liability insurance policy number ACP7812500173, effective 1/09/08 to 1/09/09, under which MCML Enterprises, Inc. dba D&W Installations, CFL Enterprises and The Door & Window Company was a named insured (referred to as the "Amco MCML Enterprises Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Amco MCML Enterprises Policy.

46.     Travelers is informed and believes and thereon alleges that National Union issued commercial general liability insurance policy number GL5548769, effective 11/11/04 to 11/11/05, under which Building Materials Holding Corporation was a named insured (referred to as the "National Union Building Materials Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the National Union Building Materials Policy.

47.     Travelers is informed and believes and thereon alleges that Everest issued the following commercial general liability insurance policies under which California Mantel, Inc. was a named insured: policy number 5800000195-051, effective 4/01/05 to 4/01/06; and, policy number 5800000195-061, effective 4/01/06 to 4/01/07 (collectively referred to as the "Everest California Mantel Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Everest California Mantel Policies.

48.     Travelers is informed and believes and thereon alleges that Financial Pacific issued the following commercial general liability insurance policies under which Capital City Drywall, Inc. was a named insured: policy number IRG53205, effective 3/07/05 to 03/07/06; policy number FGL400006334700, effective 3/07/06 to 03/07/07; policy number IRG53205-02, effective 3/07/07

to 03/07/08; and, policy number IRG53205-03, effective 3/07/08 to 03/07/09 (collectively referred to as the "Financial Pacific Capital City Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Financial Pacific Capital City Policies.

49. Travelers is informed and believes and thereon alleges that American Safety issued the following commercial general liability insurance policies under which Cedar Valley Concrete was a named insured: policy number ESL0012600504, effective 5/06/05 to 7/31/06; policy number ESL0012600605, effective 7/31/06 to 7/31/07; and, policy number ESL0012600706, effective 5/06/07 to 7/31/08 (collectively referred to as the "American Safety Cedar Valley Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the American Safety Cedar Valley Policies.

50. Travelers is informed and believes and thereon alleges that Interstate issued commercial general liability insurance policy number CLP6266944, effective 2/24/05 to 2/01/06, under which Ed's Fence, Inc. was a named insured (referred to as the "Interstate Ed's Fence Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Interstate Ed's Fence Policy.

51. Travelers is informed and believes and thereon alleges that Clarendon issued commercial general liability insurance policy number A001000753, effective 2/01/06 to 2/01/07, under which Ed's Fence, Inc. was a named insured (referred to as the "Clarendon Ed's Fence Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Clarendon Ed's Fence Policy.

52. Travelers is informed and believes and thereon alleges that Lexington issued commercial general liability insurance policy number 7352863, effective 2/01/07 to 2/01/08, under which Ed's Fence, Inc. was a named insured (referred to as the "Lexington Ed's Fence Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Lexington Ed's Fence Policy.

53. Travelers is informed and believes and thereon alleges that Security America issued commercial general liability insurance policy number 003430506, effective 8/13/05 to 8/13/06, under which Fresno Alarm was a named insured (referred to as the "Security America Fresno Alarm

Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Security American Fresno Alarm Policy.

54.     Travelers is informed and believes and thereon alleges that Lexington issued commercial general liability insurance policy number 1144537, effective 5/27/05 to 5/27/06, under which Friant Masonry was a named insured (referred to as the "Lexington Friant Masonry Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Lexington Friant Masonry Policy.

55.     Travelers is informed and believes and thereon alleges that Everest issued commercial general liability insurance policy number 5800000390-61, effective 5/27/06 to 5/27/07, under which Friant Masonry was a named insured (referred to as the "Everest Friant Masonry Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Everest Friant Masonry Policy.

56.     Travelers is informed and believes and thereon alleges that Financial Pacific issued the following commercial general liability insurance policies under which Friant Masonry was a named insured: policy number 158360A, B, C and D, effective 5/27/99 to 5/27/04; and policy number 175405A, B, C, D and E, effective 5/27/07 to the present (collectively referred to as the "Financial Pacific Friant Masonry Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Financial Pacific Friant Masonry Policies.

57.     Travelers is informed and believes and thereon alleges that Arch issued commercial general liability insurance policy number 39CGL02562-00, effective 11/09/05 to 11/09/06, under which General Construction Works, Inc. was a named insured (referred to as the "Arch General Construction Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Arch General Construction Policy.

58.     Travelers is informed and believes and thereon alleges that National Union issued the following commercial general liability insurance policies under which Giacalone Electrical Services, Inc. was a named insured: policy number 1140017, effective 11/21/00 to 3/16/01; policy number 7065847, effective 5/01/05 to 5/01/06; and, policy number 1778921, effective 5/01/06 to

1  5/01/07 (collectively referred to as the "National Union Giacalone Policies"). Travelers is informed
2  and believes that Beazer is named as an additional insured on the National Union Policies.

3  59.     Travelers is informed and believes and thereon alleges that First Specialty issued
4  commercial general liability insurance policy number IRG620491, effective 4/07/05 to 4/07/06,
5  under which Halabi, Inc. dba Duracite et al. was a named insured (referred to as the "First Specialty
6  Duracite Policy"). Travelers is informed and believes that Beazer is named as an additional insured
7  on the First Specialty Duracite Policy.

8  60.     Travelers is informed and believes and thereon alleges that Illinois Union issued
9  commercial general liability insurance policy number PMDG2385675A, effective 4/07/07 to
10  4/07/08, under which Halabi, Inc. dba Duracite et al. was a named insured (referred to as the
11  "Illinois Union Duracite Policy"). Travelers is informed and believes that Beazer is named as an
12  additional insured on the Illinois Union Duracite Policy.

13  61.     Travelers is informed and believes and thereon alleges that Lexington issued the
14  following commercial general liability insurance policies under which J.R. Pierce Plumbing Co.,
15  Inc. of Sacramento was a named insured: policy number 0453367, effective 6/25/04 to 6/25/05;
16  policy number 1417760, effective 6/24/05 to 6/24/06; policy number 1069226, effective 6/24/06 to
17  6/24/07; and, policy number 7354302, effective 6/24/07 to 6/25/08 (collectively referred to as the
18  "Lexington J.R. Pierce Policies"). Travelers is informed and believes that Beazer is named as an
19  additional insured on the Lexington J.R. Pierce Policies.

20  62.     Travelers is informed and believes and thereon alleges that Lexington issued
21  commercial general liability insurance policy number 3628015, effective 5/14/09 to 5/14/10, under
22  which Carriveau-Spencer Family Trust dba James & Company Lighting was a named insured
23  (referred to as the "Lexington Carriveau-Spencer Policy"). Travelers is informed and believes that
24  Beazer is named as an additional insured on the Lexington Carriveau-Spencer Policy.

25  63.     Travelers is informed and believes and thereon alleges that Catlin issued commercial
26  general liability insurance policy number WUG005952, effective 4/26/04 to 10/14/05, under which
27  Lone Star Painting dba Jose Figueroa was a named insured (referred to as the "Catlin Lone Star

28

Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Catlin Lone Star Policy.

64.     Travelers is informed and believes and thereon alleges that Lexington issued the following commercial general liability insurance policies under which Madera Custom Tile & Granite, Inc. was a named insured: policy number 1144041, effective 12/18/04 to 12/18/05; policy number 8761600, effective 12/18/05 to 12/18/06; and, policy number 7507396, effective 12/18/07 to 12/18/08 (collectively referred to as the "Lexington Madera Custom Tile Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Lexington Madera Custom Tile Policies.

65.     Travelers is informed and believes and thereon alleges that Lexington issued commercial general liability insurance policy number 4142745, effective 12/21/05 to 12/21/06, under which Madera Roofing, Inc. was a named insured (referred to as the "Lexington Madera Roofing Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Lexington Madera Roofing Policy.

66.     Travelers is informed and believes and thereon alleges that Everest issued the following commercial general liability insurance policies under which MCML Enterprises, Inc. dba D&W Installations was a named insured: policy number 5800000337061, effective 1/09/06 to 1/09/07; policy number 5800000337071, effective 1/09/07 to 1/09/08; and, policy number 5800000337081, effective 1/09/08 to 1/09/09 (collectively referred to as the "Everest MCML Enterprises Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the MCML Enterprises Policies.

67.     Travelers is informed and believes and thereon alleges that Arch issued commercial general liability insurance policy number 39CGL02571-00, effective 11/18/05 to 11/18/06, under which Metropolitan Interior Designs, Inc. was a named insured (referred to as the "Arch Metropolitan Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Arch Metropolitan Policy.

68.     Travelers is informed and believes and thereon alleges that Everest issued commercial general liability insurance policy number 500000434-061, effective 11/18/06 to

11/18/07, under which Metropolitan Interior Designs, Inc. was a named insured (referred to as the "Everest Metropolitan Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Everest Metropolitan Policy.

69.     Travelers is informed and believes and thereon alleges that Lexington issued the following commercial general liability insurance policies under which McClure Door, Inc. dba Central Valley Overhead Door was a named insured: policy number 114447, effective 5/01/05 to 5/01/06; policy number 876202, effective 5/01/06 to 5/01/07; and, policy number 4967446, effective 5/01/06 to 5/01/07 (collectively referred to as the "Lexington McClure Door Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Lexington McClure Door Policies.

70.     Travelers is informed and believes and thereon alleges that Liberty Mutual issued the following commercial general liability insurance policies under which Pacific Coast Supply, LLC dba Anderson Truss was a named insured: policy number EB1661064561044, effective 9/29/04 to 9/29/05; policy number EB1661064561045, effective 9/29/05 to 9/29/06; and, policy number EB1661064561046, effective 9/29/06 to 9/29/07 (collectively referred to as the "Liberty Mutual Pacific Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Liberty Mutual Pacific Policies.

71.     Travelers is informed and believes and thereon alleges that Northern Insurance issued commercial general liability insurance policy number SCP000534794, effective 2/01/05 to 2/01/06, under which Pavletich Electric, Inc. (referred to as the "Northern Insurance Pavletich Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Northern Insurance Pavletich Policy.

72.     Travelers is informed and believes and thereon alleges that Arch issued the following commercial general liability insurance policies under which Pavletich Electric, Inc. was a named insured: policy number GAP001296300, effective 2/01/06 to 2/01/07; policy number GAP001296301, effective 2/01/07 to 2/01/08 (collectively referred to as the "Arch Pavletich Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Arch Pavletich Policies.

73.     Travelers is informed and believes and thereon alleges that AISLIC issued commercial general liability insurance policy number 1558156, effective 10/01/05 to 10/01/06 under which Peninsula Floors, Inc. dba JPS Surface Solutions, Inc. (referred to as the "AISLIC Peninsula Floors Policy").  Travelers is informed and believes that Beazer is named as an additional insured on the AISLIC Peninsula Floor Policy.

74.     Travelers is informed and believes and thereon alleges that National Union issued the following commercial general liability insurance policies under which Peninsula Floors, Inc. dba JPS Surface Solutions, Inc. was a named insured: policy numbers GL161-71-76, GL161-71-77, GL179-15-68 and GL179-15-68, effective 10/01/06 to 10/01/07 and 10/01/07 to 10/01/08 (collectively referred to as the "National Union Peninsula Floors Policies").  Travelers is informed and believes that Beazer is named as an additional insured on the National Union Peninsula Floor Policies.

75.     Travelers is informed and believes and thereon alleges that Zurich issued the following commercial general liability insurance policies under which Petersen-Dean, Inc. was a named insured: policy numbers GLO925954300, GLO399213702, GLO399213703 and GLO399213704, effective 5/01/05 to 5/01/06, 5/01/06 to 5/01/07 and 5/01/07 to 5/01/08 (collectively referred to as the "Zurich Petersen-Dean Policies").  Travelers is informed and believes that Beazer is named as an additional insured on the Zurich Petersen-Dean Policies.

76.     Travelers is informed and believes and thereon alleges that Old Republic issued the following commercial general liability insurance policies under which Sacramento Building Projects was a named insured: policy number MWZY55525; and, policy number MWZY5552507, effective 6/30/07 to 6/3/08 (collectively referred to as the "Old Republic Sacramento Policies").  Travelers is informed and believes that Beazer is named as an additional insured on the Old Republic Sacramento Policies.

77.     Travelers is informed and believes and thereon alleges that Lexington issued commercial general liability insurance policy number 8761515, effective 11/21/05 to 11/21/06, under which San Joaquin Stairs, Inc. is a named insured (referred to as the "Lexington San Joaquin

Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Lexington San Joaquin Policy.

78.     Travelers is informed and believes and thereon alleges that NIC Insurance issued the following commercial general liability insurance policies under which San Joaquin Stairs, Inc. was a named insured: policy number OC06CGL00599700, effective 11/21/06 to 11/21/07; policy number OC06CGL00599701, effective 11/21/07 to 11/21/08; policy number OC06CGL00599702, effective 11/21/08 to 11/21/09; and, policy number OC06CGL00599703, effective 11/21/09 to 11/21/10 (collectively referred to as the "NIC Insurance San Joaquin Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the NIC Insurance San Joaquin Policies.

79.     Travelers is informed and believes and thereon alleges that ACE American issued the following commercial general liability insurance policies under which SelectBuild Construction, Inc. dba SelectBuild was a named insured: policy number HDOG18072889, effective 11/11/05 to 11/11/06; policy number XSLG2170250A, effective 11/11/06 to 11/11/07; and, policy number XSLG2373560A, effective 11/11/07 to 11/11/08 (collectively referred to as the "ACE American SelectBuild Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the SelectBuild Policies.

80.     Travelers is informed and believes and thereon alleges that Everest National issued the following commercial general liability insurance policies under which Talons Landscape Development, Inc. was a named insured: policy numbers 1700004004-031, 1700004004-041, 1700004004-051, 1700004004-061 and 1700004004-071, effective 6/12/03 to 6/12/04, 6/12/04 to 6/12/05 and 6/12/05 to 6/12/06 (collectively referred to as the "Everest National Talons Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Everest Talon Policies.

81.     Travelers is informed and believes and thereon alleges that Northern Insurance issued the following commercial general liability insurance policies under which Teeters Electric, Inc. was a named insured: policy number CFP88271664, effective 5/17/96 to 5/17/05; and, policy number SCP000534794, effective 2/01/05 to 2/01/05 (collectively referred to as the "Northern

Insurance Teeters Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the Northern Insurance Teeters Policies.

82.     Travelers is informed and believes and thereon alleges that Clarendon issued commercial general liability insurance policy number CA A00100538, effective 5/17/05 to 5/17/06 and 5/17/06 to 5/17/07 under which Teeters Electric, Inc. is a named insured (referred to as the "Clarendon Teeters Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Clarendon Teeters Policy.

83.     Travelers is informed and believes and thereon alleges that Praetorian issued commercial general liability insurance policy number S200000050, effective 5/17/07 to 5/17/08, under which Teeters Electric, Inc. is a named insured (referred to as the "Praetorian Teeters Policy"). Travelers is informed and believes that Beazer is named as an additional insured on the Praetorian Teeters Policy.

84.     Travelers is informed and believes and thereon alleges that AISLIC issued the following commercial general liability insurance policies under which Western Shower Door, Inc. dba Peninsula Shower Door was a named insured: policy numbers EG7567775, 9332869, 9333457, 1558157, 1791568, 1791569 and 2013991, effective 10/01/03 to 10/01/04, 10/01/04 to 10/01/05, 10/01/05 to 10/01/06, 10/01/06 to 10/01/07, 10/01/05 to 6/30/07 and 6/30/07 to 6/30/09 (collectively referred to as the "AISLIC Western Shower Policies"). Travelers is informed and believes that Beazer is named as an additional insured on the AISLIC Western Shower Policies.

85.     Travelers is informed and believes and thereon alleges that each of the policies issued by the Defendants identified herein fictitiously as DOES 1 to 10 names or designates Beazer as an insured thereon, whether as a named insured or an additional insured.

86.     Defendants are each in possession of their respective policies of insurance and know the terms and contents thereof, to an equal or greater extent than Travelers. However, on information and belief, Travelers alleges that each of the Defendants' policies provide an insuring agreement and that each of the Defendants' policies are written on standard forms which provide, in part, an agreement to defend any insured from and against suits seeking damages covered under the insurance policy.

Case No.: 1:13-CV-00576-LJO-BAM
FIRST AMENDED COMPLAINT

87.     Travelers is informed and believes that by reason of the Defendants' declarations and/or additional insured endorsements, Beazer is an insured on Defendants' policies for purposes of the insuring agreement(s) therein.

**B.     The Underlying Action**

88.     On or about November 11, 2011, 65 homeowners residing in the Montevino and Mirabella communities located in Madera, California filed a first amended complaint against Beazer entitled Ray, et al. v. Beazer Homes, et al., Madera County Superior Court case number MCV057176 (the "Underlying Action").  Beazer was the developer of the Montevino and Mirabella projects.

89.     The 65 Travelers homeowners are alleging various construction defects related to their homes, including the work performed by Travelers' named insured, Marble Palace.  Marble Palace supplied and installed marble and Corian® countertops.  Marble Palace, Inc. only worked, however, on the Montevino project and not on the Mirabella Project.  Of the 65 homes, 35 are in the Montevino project.

90.     On January 3, 2012, Beazer tendered its defense of the Underlying Action to Travelers as an additional insured under the Travelers Policies.  On May 15, 2012, Travelers accepted Beazer's tender for a defense of the Underlying Action under a reservation of rights under the Travelers Policies in effect from 11/20/05 to 11/20/06 and 11/20/07 to 11/20/08 only.

91.     Travelers specifically reserved its rights to seek equitable contribution and reallocation among the carriers and parties to the Underlying Action.  Further, Travelers also expressly reserved its right to seek reimbursement of defense fees and expenses from Beazer that were unrelated to the work performed by Marble Palace.

92.     Travelers is informed and believes and thereon alleges that Beazer also tendered its defense and indemnity with regard to the Underlying Action to the Insurer Defendants and Does 1 through 10 as additional insureds under their respective policies of insurance.  Travelers is informed and believes and thereon alleges that the Insurer Defendants and Does 1 through 10 have either denied or refused to respond to Beazer's tenders.

93.     Travelers is informed and believes that Beazer has tendered its defense and indemnity to a number of other insurance carriers, including Does 1 through 10, either as a named insured or an additional insured.  Travelers is informed and believes and thereon alleges that none of these other insurance carriers have agreed to defend or indemnity Beazer, however, Travelers contends that these other carriers are under an obligation to do so.

94.     Travelers is informed and believes and thereon alleges that Beazer's insurers are under an obligation to defend and/or indemnify Beazer with regard to the Underlying Action and have failed to pay their equitable share towards the defense fees and costs incurred by Beazer in defense of the Underlying Action.

95.     Travelers has paid its equitable share of Beazer's defense fees and costs in the Underlying Action and has incurred substantial costs in connection with Beazer's defense.

96.     Because the Insurer Defendants have failed and refused to participate in the defense of Beazer, in breach of their obligations under their respective policies of insurance, Travelers has paid more costs than it would have paid if Insurer Defendants participated in Beazer' defense of the Underlying Action.  Travelers is therefore paying an excessive and inequitable share of the costs of defending Beazer in the Underlying Action.

97.     Further, Travelers has also paid fees and costs for the defense of claims against Beazer in the Underlying Action that were not related to the work performed by Marble Palace.  Therefore, Travelers has paid an excessive and unjust share of the costs of defending Beazer in the Underlying Action.

98.     To date, Travelers has paid a total of $245,585.67 for Beazer's defense of the Underlying Action.  Travelers anticipates based on the number of parties and complexity of the issues involved in the Underlying Action that by the conclusion of the Underlying Action over $750,000.00 will have been incurred in Beazer's defense.

## **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

### **Count One (By Travelers Against Insurer Defendants and Does 1 through 5):**

99.     Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this First Amended Complaint as though fully set forth herein.

100.    An actual, present and justiciable controversy has arisen and now exists between Travelers on the one hand and Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty,  American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5, on the other, concerning their respective rights, duties and obligations under the insurance policies issued by each of them.

101.    In particular, Travelers contends, and Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 deny the following:

> a.  Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 had and have a duty to defend Beazer against the claims, demands, actions and causes of action asserted against Beazer in the Underlying Action;

> b.  Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 had and have an equitable duty and responsibility to pay a fair and proportionate share of the costs of defense incurred on behalf of Beazer;

> c.  The costs of defending Beazer have been and are being borne disproportionately by Travelers; and

d.   The costs associated with the defense of Beazer should be equitably apportioned between and among Travelers and Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 under applicable law and equitable principles.

102.   Travelers asserts and contends that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of the parties regarding their obligations to pay for Beazer' defense of the allegations being made against them in the Underlying Action.

**Count Two (By Travelers Against Defendants Beazer and Does 6 through 10):**

103.   Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this First Amended Complaint as though fully set forth herein.

104.   An actual, present, and justiciable controversy has arisen and now exists between Travelers, on the one hand, and Defendants Beazer and Does 6 through 10 on the other, concerning Travelers' rights, duties, and obligations under the Travelers Policies.

105.   Specifically, Travelers contends and is informed and believes that Beazer and Does 6 though 10 disputes the following:

a.   Travelers contends that Travelers has no duty to defend Defendant Beazer against claims made in the Underlying Action that are unrelated to property damage arising out of the work performed by Marble Palace.

b.   Travelers further contends that Travelers has the right to seek reimbursement of any defense related payments it has issued on behalf of Beazer in connection with the referenced matters with respect to claims not potentially covered by the Travelers Policies.

c. In addition, Travelers contends that it is entitled to reimbursement of any defense related payments it has made on behalf of Beazer in connections with the Underlying Action with respect to claims not potentially covered by the Travelers Policies.

106. Travelers has no complete and adequate remedy at law to resolve these disputes. Travelers seeks a judicial resolution of the controversy and a declaration of the following: (1) that Travelers has no duty to defend Defendant Beazer in the Underlying Action against claims unrelated to the work performed by Marble Palace; (2) that Travelers has the right to seek reimbursement of any defense related payments it has issued on behalf of Beazer in connection with the referenced matters with respect to claims not potentially covered by the Travelers Policies; and (3) that Travelers is entitled to reimbursement of any defense related payments it has made on behalf of Beazer in connections with the Underlying Action with respect to claims not potentially covered by the Travelers Policies.

107. By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between Travelers and Defendant Beazer and Does 6 though 10 may be determined under the provisions of the applicable policies of insurance.

## SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

### (By Travelers Against Insurer Defendants and Does 1 through 5)

108. Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

109. In the Underlying Action, the homeowner plaintiffs seek monetary damages from Beazer for, among other things, defective construction for which Beazer is or was allegedly responsible.

110. Travelers is defending Beazer against claims asserted against Beazer in the Underlying Action, pursuant to the terms and conditions of its liability insurance policies, and subject to a full reservation of its rights.

111. Travelers is informed and believes and thereon alleges that policies issued by Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois

Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 to provide liability insurance to Beazer, designating Beazer as a named insured or additional insured thereon. Travelers is further informed and believes and thereon alleges that the allegations made, pleaded or otherwise asserted against Beazer in the Underlying Action, if true, set forth claims for damages potentially covered under the various policies issued by Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 policies.

112.    As such, Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5, and each of them, are obligated to participate in the defense of Beazer of the Underlying Action by reason of their respectively underwritten policies of insurance, which provide an agreement to undertake the duty to defend suits seeking damages for bodily injury or property damage potentially covered under their respective policies.

113.    All conditions precedent to Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's, Arch's, Navigators', Clarendon's, ACE American's, National Union's, First Specialty's, American Safety's, Lexington's, Security America's, Illinois Union's, Zurich's, Amco's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Praetorian's, Everest National's, Catlin's and DOES 1 through 5's obligations under their respective policies of insurance have been satisfied, waived, and/or excused.  Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's, Arch's, Navigators', Clarendon's, ACE American's, National Union's, First Specialty's, American Safety's, Lexington's, Security America's, Illinois Union's, Zurich's, Amco's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Praetorian's, Everest National's, Catlin's, and DOES 1 through 5's obligations to defend Beazer are currently due and owing.

114. Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 10 have to date failed to participate in the defense of Beazer, and failed to contribute a full and equitable share toward Travelers' costs of defending Beazer which have been incurred and which are being incurred in connection with the Underlying Action.

115. By reason of Everest's, Old Republic's, Interstate's, Financial Pacific's, Arch's, Navigators', Clarendon's, ACE American's, National Union's, First Specialty's, American Safety's, Lexington's, Security America's, Illinois Union's, Zurich's, Amco's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Praetorian's, Everest National's, Catlin's, and DOES 1 through 5's failure to discharge their obligations and participate in the defense of Beazer, Travelers has incurred and/or paid, and will incur and/or pay, more costs than it would have, had Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 agreed to defend Beazer in performance of their due and owing obligations under their respective insurance policies.

116. Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's, Arch's, Navigators', Clarendon's, ACE American's, National Union's, First Specialty's, American Safety's, Lexington's, Security America's, Illinois Union's, Zurich's, Amco's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Praetorian's, Everest National's, Catlin's, and DOES 1 through 5's failure to discharge their obligations under their respective policies of insurance is wrongful and thus causing an inequitable result, in that Travelers is paying and has paid more than its equitable share of the costs of defending Beazer in the Underlying Action without the participation of Defendants in paying for such costs.

117. Because of Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's, Arch's, Navigators', Clarendon's, ACE American's, National Union's, First Specialty's, American

Safety's, Lexington's, Security America's, Illinois Union's, Zurich's, Amco's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, , Praetorian's, Everest National's, Catlin's, and DOES 1 through 10's wrongful failure to discharge their obligations under their respective policies of insurance, Travelers is entitled to an award of equitable contribution, to reimburse it for costs equivalent to each Defendants Everest's, Old Republic's, Interstate's, Financial Pacific's, Arch's, Navigators', Clarendon's, ACE American's, National Union's, First Specialty's, American Safety's, Lexington's, Security America's, Illinois Union's, Zurich's, Amco's, Liberty Mutual's, Northern Insurance's, AISLIC's, NIC Insurance's, Praetorian's, Everest National's, Catlin's, and DOES 1 through 10's fair and equitable proportionate share of the total costs of defense incurred in connection with the claim against Beazer, with interest thereon at the prescribed legal rate.

## THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT

### (By Travelers Against Defendants Beazer and Does 6 through 10)

118.     Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this First Amended Complaint as though fully set forth herein.

119.     This claim for unjust enrichment is pled in the alternative to the cause of action for equitable reimbursement.

120.     Travelers agreed to defend Beazer as an additional insured in the Underlying Action pursuant to a reservation of rights to recover the amounts it paid defending and indemnifying Beazer in the Underlying Action against uncovered claims.

121.     Travelers has paid $275,425.62 defending Beazer in the Underlying Action.

122.     Travelers contends that it was and is under no obligation to defend or indemnify Beazer in the Underlying Action against claims unrelated to work performed by Marble Palace.  In equity, Beazer is required to reimburse Travelers for amounts it paid in the defense of Beazer in the Underlying Action in connection to claims made against it that were unrelated to the work performed by Marble Palace.

## FOURTH CAUSE OF ACTION FOR EQUITABLE REIMBURSEMENT

### (By Travelers Against Defendants Beazer and Does 6 through 10)

123.     Travelers hereby re-alleges and incorporates by reference each allegation contained

in all preceding paragraphs of this First Amended Complaint as though fully set forth herein.

124.    This claim for equitable reimbursement is pled in the alternative to the cause of action for unjust enrichment.

125.    Travelers retained counsel to defend Beazer as an additional insured in the Underlying Action pursuant to a reservation of rights to recover the amounts it paid defending and indemnifying Beazer in the Underlying Action against uncovered claims.

126.    Travelers has paid $275,425.62 defending Beazer in the Underlying Action.

127.    Travelers contends that it was and is under no obligation to defend or indemnify Beazer in the Underlying Action against claims unrelated to work performed by Marble Palace. In equity, Beazer is required to reimburse Travelers for amounts it paid in the defense of Beazer in the Underlying Action in connection to claims made against it that were unrelated to the work performed by Marble Palace.

## **PRAYER FOR RELIEF**

WHEREFORE Travelers prays for judgment, as follows:

1.    Under the First Cause of Action, a judicial declaration that:

Count One:

a.    Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 had and have a duty to defend Beazer against the claims, demands, actions and causes of action asserted against Beazer in the Underlying Action;

b.    Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 had and have an

equitable duty and responsibility to pay a fair and proportionate share of the costs of defense incurred on behalf of Beazer;

c. The costs of defending Beazer have been and are being borne disproportionately by Travelers; and

d. The costs associated with the defense of Beazer should be equitably apportioned between and among Travelers and Defendants Everest, Old Republic, Interstate, Financial Pacific, Arch, Navigators, Clarendon, ACE American, National Union, First Specialty, American Safety, Lexington, Security America, Illinois Union, Zurich, Amco, Liberty Mutual, Northern Insurance, AISLIC, NIC Insurance, Praetorian, Everest National, Catlin, and DOES 1 through 5 under applicable law and equitable principles.

Count Two:

a. Travelers has no duty to defend Defendant Beazer in the Underlying Action against claims unrelated to the work performed by Marble Palace;

b. Travelers has the right to seek reimbursement of any defense related payments it has issued on behalf of Beazer in connection with the referenced matters with respect to claims not potentially covered by the Travelers Policies; and

c. Travelers is entitled to reimbursement of any defense related payments it has made on behalf of Beazer in connections with the Underlying Action with respect to claims not potentially covered by the Travelers Policies.

2. Under the Second Cause of Action, an award of monetary damages to Travelers from Insurer Defendants, and each of them, to reimburse Travelers for some or all of the defense costs that Travelers has incurred, as well as those defense costs that Travelers anticipates will be incurred up to the time of the conclusion of the Underlying Action, in an amount that is determined to be fair and equitable, but in no event less than $750,000, with interest thereon at the proscribed legal rate;

3. Under the Third and Fourth Causes of Action, an award of monetary damages to Travelers from Defendants Beazer, and each of them, to reimburse Travelers for some or all of the

defense costs that Travelers has paid in an amount that is determined to be fair and equitable, with interest thereon at the proscribed legal rate;

4.  For prejudgment interest;

5.  For costs of suit herein; and

6.  For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Travelers hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated:  August 21, 2013                    **THE AGUILERA LAW GROUP, APLC**


                                                    */s/:  Angela N. Martin*
                                           A. Eric Aguilera
                                           Kari M. Myron
                                           Angela N. Martin
                                           Attorneys for Plaintiff TRAVELERS
                                           PROPERTY CASUALTY COMPANY OF
                                           AMERICA